IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (JLP) |
| | : | |
| Reorganized Debtor. | : | |
| | : | |
| NORTHWESTERN CORPORATION, | : | Adv. No. 04-55051(JLP) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAGTEN ASSET MANAGEMENT CORPORATION AND TALTON R. EMBRY, | : | |
| | : | |
| Defendants. | : | |

**NORTHWESTERN CORPORATION'S DESIGNATION OF ADDITIONAL DOCUMENTS FOR THE RECORD AND OBJECTION TO STATEMENT OF ISSUES ON APPEAL**

NorthWestern Corporation ("NorthWestern"), by its undersigned counsel and pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby files this Designation of Additional Documents for the Record and Objection to Statement of Issues on Appeal in response to the Designation of Items to be Included in the Record on Appeal and Statement of the Issue to be Presented on Appeal of Magten Asset Management Corporation ("Magten") and Talton R. Embry ("Embry") in connection with Magten and Embry's appeal of the Court's Order with Respect to Motion of Magten Asset Management Corporation and Talton R. Embry Pursuant to Rule 7041(a) of the Federal Rules of Bankruptcy Procedure for the Payment of Fees and Expenses Incurred entered on June 6, 2005 (Adv. Proc. Docket No. 126) (the "Order").

ATL/1118374.1

**Designation of Additional Documents for the Record**

|   | **Docket No.** | **Description** |
|---|---|---|
| 1 | Adv. Proc. No. 04-55051, Dkt. No. 24 | Notice of Service of Discovery Filed by NorthWestern Corporation *[Docket No. 24, Dated November 23, 2004]* |
| 2 | Adv. Proc. No. 04-55051, Dkt. No. 36 | Notice of Service of Subpoena Filed by NorthWestern Corporation *[Docket No. 36, Dated December 8, 2004]* |
| 3 | Case No. 03-12872, Dkt. No. 449 | Third Amended Notice of Appointment of Official Committee of Unsecured Creditors *[Docket No. 449, Dated November 25, 2003]* |
| 4 | Case No. 03-12872, Dkt. No. 1223 | Fifth Amended Notice of Appointment of Official Committee of Unsecured Creditors *[Docket No. 1223, Dated May 6, 2004]* |

**Objection to Statement of Issues to be Presented**

1. Magten and Embry's first statement of issues to be presented is as follows:

    Whether the Bankruptcy Court erred in determining, contrary to overwhelming authority, that the Appellants were not the prevailing parties, when the Appellee voluntarily dismissed the complaint with prejudice.

    **NorthWestern's Objection**: NorthWestern hereby objects to the statement of issues on the ground that it incorrectly characterizes the Bankruptcy Court's decision, specifically its findings of fact and conclusions of law, made in connection with its denial of the Motion of Magten Asset Management Corporation and Talton R. Embry Pursuant to Rule 7041(a) of the Federal Rules of Bankruptcy Procedure for Payment of Fees and Expenses Incurred [Docket No. 97] (the "Motion"). The Bankruptcy Court in its Memorandum Opinion with Respect to Motion of Magten Asset Management Corporation and Talton R. Embry Pursuant to Rule 7041(a) of the Federal Rules of Bankruptcy Procedure for the Payment of Fees and Expenses Incurred [Docket No. 1250] (the "Memorandum Opinion"), specifically found:

    > I conclude the case authorities support the proposition that where a lawsuit is voluntarily dismissed with prejudice an award of

>attorney's fees is appropriate only where there is independent statutory authority for such award because "We would not want to discourage such a salutary disposition of litigation by threatening to award attorney's fees if a plaintiff did not complete a trial . . . [W]e decline to adopt [the exceptional circumstances test] as the standard for a fee award under Rule 41(a)(2)."

Memorandum Opinion, p. 7 (quoting *Colombrito v. Kelly*, 764 F.2d 122 (2d Cir. 1985)).

    2.    Magten and Embry's second statement of issues to be presented is as follows:

>Whether the Bankruptcy Court erred in determining that the Order Permitting Securities Trading Upon the Establishment of an Ethical Wall prohibited trading in the Debtor's securities despite the fact that by its own terms, the order provided a safe harbor and despite the fact that the Creditors' Committee's bylaws and the confidentiality agreement executed by the members of the committee affirmatively stated that trading in the Debtor's securities was permitted in accordance with securities laws.

**NorthWestern's Objection**: NorthWestern hereby objects to the statement of issues on the ground that it incorrectly characterizes the Bankruptcy Court's decision, specifically its findings of fact and conclusions of law, made in connection with the denial of the Motion. The Bankruptcy Court specifically held:

>In sum, the complaint, a notice pleading, alleged the Securities Trading Order prohibited each Committee member from trading debtor's securities unless and until each member established an ethical wall. The order provided, as alleged in the complaint, that each member, including Defendants, became subject to the ethical wall order unless such party filed an "Unbound – by Order Notice."

Memorandum Opinion, p. 10.

    3.    Magten and Embry's third statement of issues to be presented is as follows:

>Whether the Bankruptcy Court erred in refusing to award Appellants' fees and costs in defending against the complaint where (i) the Appellee voluntarily dismissed the complaint with prejudice on the eve of trial, (ii) the undisputed documentary evidence establishes that the Appellee knew that the allegations underlying the complaint were meritless at the time the complaint was filed, (iii) the Appellee undertook no investigation prior to the

filing the complaint and no discovery after the filing of the complaint to attempt to prove the allegations asserted therein, and (iv) the complaint was filed solely to harass the Appellants.

**NorthWestern's Objection**: NorthWestern hereby objects to the statement of issues on the ground that it incorrectly characterizes the Bankruptcy Court's decision, specifically its findings of fact and conclusions of law, made in connection with the denial of the Motion. The Bankruptcy Court specifically held:

> The Plaintiff had colorable right to infer that Magten's QUIPS trades were based on non-public, confidential information supplied to the Committee advisors by the Plaintiff, and which it could rightly assume was passed on to the Defendants. Magten cuts the pie thin when it argues that the trades after appointment were made before "it attended its first committee meeting."

Memorandum Opinion, p. 9.

The Bankruptcy Court goes on to state:

> The Plaintiff was sued by Magten for fraud on May 14, 2004, before the Plaintiff filed this action against Magten. Under such circumstance, Plaintiff, its counsel or any employee, was prohibited from interviewing or contacting Embry as to why he made the purchases and sales, whether it was or was not based upon non-public information supplied to the Committee advisors by the Plaintiff.

Memorandum Opinion, p. 9.

Moreover, the Bankruptcy Court held:

> Plaintiff's desire to keep the reorganization process clean by filing the lawsuit against Magten was done under a very strong colorable right, which is completely divorced from fraud, vexatious, wanton or oppressive conduct.

Memorandum Opinion, p. 10.

4. Magten and Embry's fourth statement of issues to be presented is as follows:

> Whether the Bankruptcy Court erred in determining the Appellants' legal fees for defending against claim of breach of fiduciary duty and insider trading were unreasonable where the Appellants' counsel was required to undertake significant

discovery, draft multiple dispositive motions, and prepare for trial on an expedited basis and where opposing counsel did not object to the reasonableness of the fees, where no requests for follow up information regarding Appellants' legal fees were made by the Bankruptcy Court or any party and where Appellants' counsel was available at the hearing on Appellant's motion for its legal fees to testify and be cross-examined regarding such fees.

**NorthWestern's Objection**: NorthWestern hereby objects to the statement of issues on the ground that it incorrectly characterizes the Bankruptcy Court's decision, specifically its findings of fact and conclusions of law, made in connection with the denial of the Motion. The Bankruptcy Court specifically held:

> Although I have concluded the award of fees and costs are not warranted from the reasons set forth above, I deem it necessary to comment on the applications. . . . The Fried Frank Application consists of thirty-two pages requesting an award of fees of $698,602.00, while Blank Rome's application seeks additional fees of $11,922.00, for a grand and exorbitant amount of $710,524.00. In addition, Fried Frank seeks costs of $73,596.30.

Memorandum Opinion, p. 11.

The Bankruptcy Court goes on to state:

> The Fried Frank billing statements show extensive duplication of legal work on the same subject matter, predominant lumping and vague activity descriptions to the point of being meaningless. Fried Frank worked on the legal matters for a total of eighty-one days from August 20, 2004 through January 27, 2005. For those eighty-one days, the daily rate computes at $8,624.71.

Memorandum Opinion, pp. 11-12.

5. NorthWestern refers to, and incorporates, the description of those issues in the Memorandum Opinion and the Order.

[signature on next page]

Dated: Wilmington, Delaware
       July 5, 2005

    Respectfully submitted,

    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    600 Peachtree Street
    Suite 2400
    Atlanta, GA 30308
    Jesse H. Austin, III
    Karol K. Denniston
    Telephone: (404) 815-2400

    and

    GREENBERG TRAURIG, LLP

    /s/ William E. Chipman, Jr.
    Scott D. Cousins (No. 3079)
    Victoria Watson Counihan (No. 3488)
    William E. Chipman, Jr. (No. 3818)
    The Brandywine Building
    1000 West Street, Suite 1540
    Wilmington, DE 19801
    Telephone: (302) 661-7000

    *Co-Counsel for NorthWestern Corporation*

ATL/1118374.1