# EXHIBIT 2

Case 1:05-cv-00548-JJF    Document 25-3    Filed 02/16/2007    Page 1 of 8

ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| NORTHWESTERN CORPORATION, : | Case No. Case No. 03-12872 (CGC) |
| : | |
| Debtor. : | |
| : | |

## ORDER PERMITTING SECURITIES TRADING UPON ESTABLISHMENT OF ETHICAL WALL [Re: Docket No. 257]

Upon the motion (the "Motion"), dated October 17, 2003, of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of the above-captioned debtor and debtor in possession (the "Debtor") for an order permitting Members[1] (present and future, if any) to trade in the NOR Group's Securities upon the establishment and implementation of Ethical Walls and in accordance with the terms and conditions of this Order; and due and proper notice of the motion having been given, and after due deliberation, and sufficient cause appearing therefore, it is hereby

ORDERED, that a Member acting in any capacity will not violate its duties and, accordingly, will not subject its claims to possible disallowance, subordination or other adverse treatment, if a Member or any of its Affiliates (collectively, an "Ethical Wall Entity") participates in a Transaction in the Securities; and it is further

ORDERED, that any Ethical Wall Entity choosing to participate in a Transaction must effectively implement and strictly adhere to policies and procedures to erect and maintain an Ethical Wall to prevent:

---

[1] All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion or Exhibit A hereto.

(i) the Ethical Wall Entity's trading personnel from misusing any material non-public information obtained by such Ethical Wall Entity's designated representative(s) involved in Committee-related or reorganization-related activities ("C/R Personnel"); and

(ii) C/R Personnel from receiving material non-public information regarding such Ethical Wall Entity's trading in the Securities in advance of such trades. This Order does not preclude this Court from taking any action it deems appropriate in the event that an actual breach of fiduciary duty has occurred; and it is further

ORDERED, that Members and their Affiliates may participate in any Transactions in the Securities pursuant to the conditions of this Order, and be subject to the protections and authorizations herein, without the necessity of filing a Bound-by-Order Notice; and it is further

ORDERED, that each Member electing to avail itself, or its Affiliates, of the protections of this Order shall remain bound by the terms and conditions herein until such party files an Unbound-by-Order Notice.[2] An Unbound-by-Order Notice filed by any Member of an Affiliated group shall be effective as to all members of such group. No Unbound-by-Order Notice shall permit any entity to make any unlawful use of any material non-public information; and it is further

ORDERED, that the provisions of this Order shall apply and inure to the benefit of all present Members and their Affiliates as well as any entities that become members of the Committee, including their successors and assigns, after the date hereof; and it is further

---

[2] A form of Unbound-by-Order Notice is attached to this Order as Exhibit B.

2

ORDERED, that this Court shall retain jurisdiction to (i) enforce and interpret the terms and conditions of this Order, and (ii) preside over any conflict arising from the terms and conditions hereof.

Dated: Wilmington, Delaware
November 6, 2003

_____
Honorable Charles G. Case
United States Bankruptcy Judge

# EXHIBIT A

## DEFINITIONS

"**Affiliate**" means with respect to any entity, any other entity directly or indirectly controlling, controlled by, or under common control with such other entity. For the purpose of this definition, the term "control" (including, with correlative meanings, the terms "controlling", "controlled by" and "under common control with"), as used with respect to any entity, shall mean the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such entity, whether through the ownership of voting securities, by contract or otherwise.

"**Ethical Wall**" means procedures established by an organization to isolate its trading activities from its activities as a member of an official creditors' committee or in monitoring and collecting a claim against the Debtor. These procedures will consist of whatever procedures the organization has or puts in place which are responsibly designed to be effective to prevent any material nonpublic information from going from Committee/Reorganization Personnel to trading personnel. The precise structure of Ethical Walls inside different organizations will necessarily differ from those in place at other organizations, due to the unique history, structure and other attributes of each different organization. Often, Ethical Walls include procedures inside the organization which (i) comply with the requirements for insulating certain people from certain material nonpublic information but (ii) function without unnecessary disruption to the management and operation of the organization. Such Ethical Wall arrangements can consist of the following, to the extent necessary to achieve compliance: staffing arrangements whereby the institution's personnel responsible for performing committee functions are different than the personnel responsible for performing trading functions; physical separation of the office and file spaces used by those personnel; establishment of procedures for securing committee-related files; establishment of separate telephone and facsimile lines for trading activities and Committee/Reorganization activities; and special procedures for the delivery and posting of telephone messages.

"**Members**" means OCM Opportunities Fund IV, L.P. c/o Oaktree Capital Management, LLC, Franklin Templeton Mutual Series Fund c/o Franklin Mutual Advisers, LLC, The Bank of New York as Trustee, Wilmington Trust Company as Trustee, HSBC Bank USA, Avenue Capital Management, AG Capital Recovery Partners III, L.P. c/o Angelo Gordon & Co., Comanche Park, LLC, and each future member of the Committee, if any.

"**Securities**" means the stock, notes, bonds or debentures of any one or more members of the NOR Group or participation in any of such debt obligations or any other claims against or interests in any one or more members of the NOR Group (whether or not covered by Bankruptcy Rule 3001(e)) which constitute "securities" within the meaning of applicable state or federal securities laws or both.

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. Case No. 03-12872 (CGC) |
| | : | |
| Debtor. | : | |

**UNBOUND-BY-ORDER NOTICE REGARDING
ORDER PERMITTING SECURITIES TRADING
UPON ESTABLISHMENT OF ETHICAL WALL**

PLEASE TAKE NOTICE that the undersigned, on behalf of itself and its Affiliates, hereby elects to cease being bound by the ORDER PERMITTING SECURITIES TRADING UPON ESTABLISHMENT OF ETHICAL WALL (the "Order") issued in the above-captioned action on October _____, 2003.

Dated: Wilmington, Delaware
_____, 2003

[Entity Name]

By: _____
[Name]
[Address]