# EXHIBIT 6

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

**NORTHWESTERN CORPORATION,**

Debtor.

Case No. 03-12872-11 (CGC)

**NORTHWESTERN CORPORATION,**

Plaintiff,

-vs-

Adv. No. **04-55051**

**MAGTEN ASSET MANAGEMENT CORPORATION and TALTON R. EMBRY,**

Defendants.

## *ORDER*

Pending in this Adversary Proceeding is the Defendant's Motion to Dismiss the Complaint pursuant to F.R.B.P. 7012(b)(6), which is identical to F.R.Civ.P. Rule 12(b)(6). Briefs have been filed by the parties and reviewed by the Court.

The action arises out of Magten Asset Management Corporation's ("Magten") membership on the Official Committee of Unsecured Creditors appointed by the Office of the U.S. Trustee in Debtor's Chapter 11 bankruptcy case. The Complaint alleges that Defendants breached their fiduciary and common law duties precluding trading in Debtor's securities for inequitable purposes. All Memorandum cite numerous factual contentions, which are clearly in dispute between the

1

parties. Under Rule 12, the Court is not concerned with whether the Plaintiff will ultimately prevail in a trial on the merits, "but whether plaintiff should be afforded an opportunity to offer evidence in support of its claims". *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374, n.7 (3rd Cir. 2002). Pleadings may be based upon information and belief. F.R.Civ.P. 11(b)(3). Equitable subordination may provide a basis for relief where the defendants engaged in some type of inequitable conduct resulting in injury to creditors or conferring an unfair advantage on the claimant. *In re Papercraft Corp.*, 160 F.3d 982, 986-87 (3rd Cir. 1998). I note that *Papercraft* was not decided on the appellate level based on a Rule 12(b)(6) motion, but was decided only after trial on the merits.

Defendants raise the issue that Plaintiff does not have standing to bring this action. Defendants rely on *Viking Associates, LLC v. Drewes (In re Olson)*, 120 F.3d 98 (8th Cir. 1997). That case is factually different as it arose under F.R.B.P. 3001(e)(2) regarding claim acquisitions and transfers. The standing issue is not appropriately settled on a 12(b)(6) motion where the plaintiff seeks equitable remedies to preserve estate assets.

All matters considered, the Plaintiff should be allowed the opportunity to pursue its remedies. Accordingly,

IT IS ORDERED that the Defendants' Motion to Dismiss is denied; and the Defendants are granted until November 29, 2004, to file an Answer to the Complaint.

DATED This _____ day of November, 2004.

BY THE COURT

*/s/ John L. Peterson*

HON. JOHN L. PETERSON
United States Bankruptcy Judge
400 North Main Street, #215
Butte, Montana 59701

2