**<u>EXHIBIT F</u>**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

**NORTHWESTERN CORPORATION,**

Debtor.

Case No. **03-12872-11 (CGC)**

**NORTHWESTERN CORPORATION,**

Plaintiff,

-vs-

Adv. No. **04-55051**

**MAGTEN ASSET MANAGEMENT CORPORATION and TALTON R. EMBRY,**

Defendants.

## *O R D E R*

Pending in this Adversary Proceeding is the Defendant's Motion to Dismiss the Complaint pursuant to F.R.B.P. 7012(b)(6), which is identical to F.R.Civ.P. Rule 12(b)(6). Briefs have been filed by the parties and reviewed by the Court.

The action arises out of Magten Asset Management Corporation's ("Magten") membership on the Official Committee of Unsecured Creditors appointed by the Office of the U.S. Trustee in Debtor's Chapter 11 bankruptcy case. The Complaint alleges that Defendants breached their fiduciary and common law duties precluding trading in Debtor's securities for inequitable purposes. All Memorandum cite numerous factual contentions, which are clearly in dispute between the

1

parties. Under Rule 12, the Court is not concerned with whether the Plaintiff will ultimately prevail in a trial on the merits, "but whether plaintiff should be afforded an opportunity to offer evidence in support of its claims". *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374, n.7 (3rd Cir. 2002). Pleadings may be based upon information and belief. F.R.Civ.P. 11(b)(3). Equitable subordination may provide a basis for relief where the defendants engaged in some type of inequitable conduct resulting in injury to creditors or conferring an unfair advantage on the claimant. *In re Papercraft Corp.*, 160 F.3d 982, 986-87 (3rd Cir. 1998). I note that *Papercraft* was not decided on the appellate level based on a Rule 12(b)(6) motion, but was decided only after trial on the merits.

Defendants raise the issue that Plaintiff does not have standing to bring this action. Defendants rely on *Viking Associates, LLC v. Drewes (In re Olson)*, 120 F.3d 98 (8th Cir. 1997). That case is factually different as it arose under F.R.B.P. 3001(e)(2) regarding claim acquisitions and transfers. The standing issue is not appropriately settled on a 12(b)(6) motion where the plaintiff seeks equitable remedies to preserve estate assets.

All matters considered, the Plaintiff should be allowed the opportunity to pursue its remedies. Accordingly,

IT IS ORDERED that the Defendants' Motion to Dismiss is denied; and the Defendants are granted until November 29, 2004, to file an Answer to the Complaint.

DATED This _____ day of November, 2004.

BY THE COURT

*[signature: John L. Peterson]*

HON. JOHN L. PETERSON
United States Bankruptcy Judge
400 North Main Street, #215
Butte, Montana 59701

2

**<u>EXHIBIT G</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : | Case No. 03-12872 (JLP) |
| NORTHWESTERN CORPORATION, | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| NORTHWESTERN CORPORATION, | : |  |
|  | : |  |
| Plaintiff, | : |  |
| v. | : | Adv. No. 04-55051 (JLP) |
|  | : |  |
| MAGTEN ASSET MANAGEMENT | : |  |
| CORPORATION, and TALTON R. EMBRY | : |  |
|  | : |  |
| Defendants. | : |  |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MAGTEN ASSET
MANAGEMENT CORPORATION AND TALTON EMBRY TO COMPLAINT OF
NORTHWESTERN CORPORATION TO SUBORDINATE MAGTEN'S CLAIMS**

Magten Asset Management Corporation ("Magten"), and Talton R. Embry ("Embry",

together with Magten, the "Defendants"), by and through their undersigned counsel, for their

answer and affirmative defenses to the Complaint (the "Complaint") of NorthWestern

Corporation (the "Plaintiff"), answer as follows:

        1.      Paragraph 1 sets forth legal conclusions to which a response is neither

necessary nor appropriate.  To the extent that Paragraph 1 contains factual allegations,

Defendants deny each of the allegations set forth in Paragraph 1 of the Complaint.

1

2.      Paragraph 2 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 2 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 2 of the Complaint.

3.      Admit the allegations set forth in Paragraph 3 of the Complaint.

4.      Admit the allegations set forth in Paragraph 4 of the Complaint.

5.      Admit the allegations set forth in Paragraph 5 of the Complaint.

6.      Admit the allegations set forth in Paragraph 6 of the Complaint.

7.      Paragraph 7 sets forth legal conclusions to which a response is neither necessary nor appropriate, except Defendants admit that this action is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

8.      Admit the allegations set forth in Paragraph 8 of the Complaint, except Plaintiff has emerged from bankruptcy and is no longer a debtor in possession.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents.

11.     Deny the allegations set forth in Paragraph 11 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents, except admit that Magten filed a proof of claim in the Plaintiff's Chapter 11 case.

12.     Deny the allegations set forth in Paragraph 12 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents.

2

13.    Deny the allegations set forth in Paragraph 13 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents.

14.    Deny the allegations set forth in Paragraph 14 of the Complaint, except admit that Magten was appointed to the Committee[1] on or about November 25, 2003.

15.    Deny the allegations set forth in Paragraph 15 of the Complaint.

16.    Paragraph 16 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 16 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 16 of the Complaint.

17.    Paragraph 17 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 17 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 17 of the Complaint.

18.    Deny the allegations set forth in Paragraph 18 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents, except admit that in or about January 2004, Embry, on behalf of Magten, executed the Confidentiality Agreement.

19.    Paragraph 19 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 19 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 19 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents.

20.    Deny the allegations set forth in Paragraph 20 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents.

---

[1]    All capitalized terms not defined herein shall have the meaning ascribed to them in the Complaint.

3

21.     Deny the allegations set forth in Paragraph 21 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents.

22.     Admit the allegations set forth in Paragraph 22 of the Complaint.

23.     Deny the allegations set forth in Paragraph 23 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents, except admit that Magten was removed from the Committee by letter dated May 6, 2004.

24.     Paragraph 24 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 24 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 24 of the Complaint.

25.     Paragraph 25 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 25 contains factual allegations, Defendants deny each of the allegation set forth in Paragraph 25 of the Complaint.

26.     Deny the allegations set forth in Paragraph 26 of the Complaint.

27.     Deny the allegations set forth in Paragraph 27 of the Complaint.

28.     Deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Paragraph 30 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 30 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 30 of the Complaint.

31.     Repeat and reallege the answers to the allegations set forth in Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

4

32.    Paragraph 32 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 32 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 32 of the Complaint.

33.    Paragraph 33 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 33 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 33 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents.

34.    Paragraph 34 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 34 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 34 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents

35.    Deny each of the allegations set forth in Paragraph 35 of the Complaint.

36.    Paragraph 36 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 36 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 36 of the Complaint.

37.    Paragraph 37 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 37 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 37 of the Complaint.

38.    Repeat and reallege the answers to the allegations set forth in Paragraphs 1 through 37 of the Complaint as though fully set forth herein.

39.    Paragraph 39 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 39 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 39 of the Complaint.

120087.01600/40147736v1

40.     Paragraph 40 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 40 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 40 of the Complaint.

41.     Paragraph 41 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 41 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 41 of the Complaint.

42.     Repeat and reallege the answers to the allegations set forth in Paragraphs 1 through 41 of the Complaint as though fully set forth herein.

43.     Deny each of the allegations set forth in Paragraph 43 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents.

44.     Paragraph 44 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 44 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 44 of the Complaint.

45.     Paragraph 45 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 45 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 45 of the Complaint.

46.     Paragraph 46 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 46 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 46 of the Complaint.

47.     Repeat and reallege the answers to the allegations set forth in Paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48.     Deny each of the allegations set forth in Paragraph 48 of the Complaint and refer the Court to the referenced document for a full and complete statement of its contents.

120087.01600/40147736v1

49.     Deny each of the allegations set forth in Paragraph 49 of the Complaint.

50.     Deny each of the allegations set forth in Paragraph 50 of the Complaint.

51.     Deny each of the allegations set forth in Paragraph 51 of the Complaint.

52.     Deny each of the allegations set forth in Paragraph 52 of the Complaint.

53.     Paragraph 53 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 53 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 53 of the Complaint.

54.     Paragraph 54 sets forth legal conclusions to which a response is neither necessary nor appropriate.  To the extent that Paragraph 54 contains factual allegations, Defendants deny each of the allegations set forth in Paragraph 54 of the Complaint.

55.     Paragraph 55 sets forth legal conclusions to which a response is neither necessary nor appropriate.

56.     Paragraph 56 sets forth legal conclusions to which a response is neither necessary nor appropriate.

## AFFIRMATIVE DEFENSES

Defendants, for its affirmative defenses, allege as follows:

## AS AND FOR A FIRST DEFENSE

57.     The Plaintiff's cause of action fails to allege facts sufficient to support any claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

58.     The allegations set forth in the Complaint are barred because the Plaintiff lacks standing to bring the Complaint.

7

### AS AND FOR A THIRD DEFENSE

59.     The allegations set forth in the Complaint are barred under the doctrines of waiver, estoppel and laches.

### AS AND FOR A FOURTH DEFENSE

60.     The allegations set forth in the Complaint are barred because the allegations set forth in the Complaint are moot.

### AS AND FOR A FIFTH DEFENSE

61.     The allegations set forth in the Complaint are barred because the Plaintiff cannot properly assert a claim based on a breach of fiduciary duty against the Defendants.

### AS AND FOR A SIXTH DEFENSE

62.     The allegations set forth in the Complaint are barred because Defendants did not owe a fiduciary duty to the Debtor.

### AS AND FOR A SEVENTH DEFENSE

63.     The allegations set forth in the Complaint are barred because the Complaint does not contain any allegations against Embry in his individual capacity.

### AS AND FOR AN EIGTH DEFENSE

64.     The allegations set forth in the Complaint are barred because the Plaintiff has not been harmed by the transactions in question, and does not allege such harm in the Complaint.

### AS AND FOR A NINTH DEFENSE

65.     The remedy of equitable subordination is not an available remedy to the Debtor because the Debtor has suffered no harm.

8

### AS AND FOR A TENTH DEFENSE

66.    The allegations set forth in the Complaint are barred because Defendants were not in possession of any material, non-public information at the time the transactions in question were executed.

### AS AND FOR AN ELEVENTH DEFENSE

67.    The allegations set forth in the Complaint are barred because the Defendants did not violate the Confidentiality Agreement when they executed the transactions in question.

### AS AND FOR A TWELFTH DEFENSE

68.    The allegations set forth in the Complaint are barred because the Securities Trading Order does not in any way restrict trading in the Plaintiff's securities, but rather offers a "safe harbor" to those members of the Committee that wish to trade.

### AS AND FOR A THIRTEENTH DEFENSE

69.    The allegations set forth in the Complaint are barred because the Defendants did not violate the Securities Trading Order.

### AS AND FOR A FOURTEENTH DEFENSE

70.    The allegations set forth in the Complaint are barred because there is no *per se* prohibition on trading in the securities of a Debtor while serving on a creditors' committee.

### AS AND FOR A FIFTEENTH DEFENSE

71.    The allegations set forth in the Complaint are barred because Plaintiff had knowledge that Defendants did not have any material, non-public information at the time the

9

transactions in question were executed and, therefore, Plaintiff is acting with unclean hands in pursuing this action.

## AS AND FOR A SIXTEENTH DEFENSE

72.    Defendants reserve the right to plead or withdraw such further affirmative defenses which are found to be applicable or inapplicable to this action.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint in its entirety with prejudice, with costs and fees awarded to the Defendants, and grant such other and further relief as the Court deems just and proper.

Dated:  Wilmington, Delaware
        November 29, 2004

BLANK ROME LLP

Mark J. Packel (DE No. 4048)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6400
Facsimile:  (302) 425-6464

-and –

FRIED, FRANK, HARRIS, SHRIVER &
    JACOBSON LLP
Bonnie Steingart, Esq.
Gary L. Kaplan, Esq.
One New York Plaza
New York, NY 10004
Telephone:  (212) 859-8000
Facsimile:  (212) 859-4000

Counsel for Magten Asset Management
Corporation

120087.01600/40147736v1

**<u>EXHIBIT H</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No.  03-12872 (JLP) |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| NORTHWESTERN CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MAGTEN ASSET MANAGEMENT | : | Adv. No.  04-55051 (JLP) |
| CORPORATION, and TALTON R. EMBRY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

a

## NOTICE OF SERVICE OF DISCOVERY

    I, William E. Chipman, Jr., being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP,  which is counsel for the Debtor, and that on November 23, 2004, I caused to be served copies of the *Northwestern Corporation's First Set Of Interrogatories To Magten Asset Management Corporation*  and *Northwestern Corporation's First Set Of Requests For Production To Magten Asset Management Corporation* to be served upon the following in the manner indicated:

    VIA HAND DELIVERY
William Burnett, Esq.
Elio Battista, Jr., Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington DE 19801

    VIA FIRST CLASS MAIL
Bonnie Steingart, Esq.
Gary Kaplan, Esq.
Fried Frank Harris Shriver & Jacobson LLP
One New York Plaza
New York NY 10004

VIA HAND DELIVERY
Kathleen M. Miller, Esq.
Smith, Katzenstein & Furlow, LLP
800 Delaware Avenue, 7th Floor
Wilmington, DE 198014

VIA FIRST CLASS MAIL
John V. Snellings, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110

Date: November 23, 2004                 GREENBERG TRAURIG, LLP

William E. Chipman, Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000

Counsel for Debtor and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NORTHWESTERN CORPORATION, | : Case No. 03-12872 (JLP) |
| | : |
| Reorganized Debtor. | : |
| | : |
| | : |
| NORTHWESTERN CORPORATION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MAGTEN ASSET MANAGEMENT | : Adv. No. 04-55051 (JLP) |
| CORPORATION, and TALTON R. EMBRY, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

## NOTICE OF DEPOSITION OF
## TALTON R. EMBRY

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Bankruptcy Procedure 7030, incorporating FED. R. CIV. PRO. 30, NorthWestern Corporation (**"NorthWestern"**) will take the deposition upon oral examination of Talton R. Embry, on January 17, 2005 at 1:00 p.m. EST, at the offices of Greenberg Traurig, LLP, 885 Third Avenue, New York, NY 10022, before a notary public or before some other officer authorized by law to administer oaths. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue from day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such

other purposes as may be permitted by law.  You are invited to attend and cross-examine.

Dated: Wilmington, Delaware
December 6, 2004

                        GREENBERG TRAURIG, LLP


                        Scott D. Cousins (No. 3079)
                        William E. Chipman, Jr. (No. 3818)
                        The Brandywine Building
                        1000 West Street, Suite 1540
                        Wilmington, DE 19801
                        Telephone: (302) 661-7000

                           -and-

                        Adam D. Cole
                        GREENBERG TRAURIG, LLP
                        885 Third Avenue
                        New York, NY 10022
                        Telephone: (212) 801-2100

                        *Counsel for Northwestern Corporation*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NORTHWESTERN CORPORATION, | : Case No.  03-12872 (JLP) |
| | : |
| Debtor. | : |
| | : |
| | : |
| | : |
| NORTHWESTERN CORPORATION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MAGTEN ASSET MANAGEMENT | : Adv. No.  04-55051 (JLP) |
| CORPORATION, and TALTON R. EMBRY, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

**NOTICE OF DEPOSITION OF**
**MAGTEN ASSET MANAGEMENT CORPORATION**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Bankruptcy Procedure 7030, incorporating FED. R. CIV. PRO. 30(b)(6), NorthWestern Corporation (**"NorthWestern"**) will take the deposition upon oral examination of the Designee or Designees of Magten Asset Management Corporation (**"Magten"**), on January 17, 2005 at 9:00 a.m. EST, at the offices of Greenberg Traurig, LLP, 885 Third Avenue, New York, NY 10022, before a notary public or before some other officer authorized by law to administer oaths.  The deposition shall be recorded by stenographic means and/or by videotape.  The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FED. R. CIV. PRO. 30(b)(6), NorthWestern hereby requests that Magten produce for deposition a designated representative or representatives with authority to testify on behalf of Magten with full and complete knowledge of: (i) any and all facts relating to the allegations set forth in the complaint filed in this case or Magten's answer thereto; and (ii) the matters concerning and referenced in Northwestern Corporation's First Set of Interrogatories and Requests for Production of Documents served upon Magten Asset Management Corporation on or about November 23, 2004.

PLEASE TAKE FURTHER NOTICE THAT the representative or representatives with authority to testify on behalf of Magten must be prepared for the deposition, so that the representative or representatives can testify with full and complete knowledge of the above subject matters. Failure on the part of Magten to comply with this requirement of FED. R. CIV. PRO. 30(b)(6) will subject Magten to sanctions, including without limitation, a monetary award of costs of the deposition, including NorthWestern's reasonable attorneys fees.

Dated: Wilmington, Delaware
December 6, 2004

GREENBERG TRAURIG, LLP

Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000

-and-

Adam D. Cole
GREENBERG TRAURIG, LLP
885 Third Avenue
New York, NY 10022
Telephone: (212) 801-2100

*Counsel for Northwestern Corporation*

DEL-SRV01\128543v01IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Bankruptcy Case No. 03-12872 (JLP) |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 04-55051 (JLP) |
| v. | ) | |
| | ) | |
| MAGTEN ASSET MANAGEMENT CORPORATION | ) | |
| and TALTON R. EMBRY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE OF SUBPOENA

**TO:    List on attached Certificate of Service**

**PLEASE TAKE NOTICE** that a true and correct copy of the attached subpoena directed

to Capital Institutional Service was served in accordance with Federal Rule of Civil Procedure

45, as made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9016.

Dated: December 8, 2004

GREENBERG TRAURIG, LLP

Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
Paul D. Brown (No. 3903)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
(302) 661-7000

*Counsel For Debtor and
Debtor In Possession*

## CERTIFICATE OF SERVICE

I hereby certify that copies of **Notice of Service of Subpoena** were caused to be served

on the ___8___ day of December, 2004 on the following counsel in the manner indicated:

**VIA HAND DELIVERY**
Elio Batista, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801
*Local Counsel for Magten Asset Management Corporation*

-and-

**VIA U.S. MAIL**
Gary Kaplan, Esq.
Fried, Frank, Harris, Shriver & Jacobsen LLP
One New York Plaza
New York, New York 10004
*Counsel for Magten Asset Management Corporation*

- and –

**VIA HAND DELIVERY**
Eric M. Sutty, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
*Official Committee of Unsecured Creditors*

- and –

**VIA U.S. MAIL**
Alan W. Kornberg, Esq.
Marc D. Skapof, Esq.
Ephraim I. Diamond, Esq.
Tailia Gil, Esq.
Paul Weiss Rifking Wharton & Garrison LLP
1285 Avenue of the Americas
New York , NY 10019
*Official Committee of Unsecured Creditors*

This ___8___ day of December, 2004.

William E. Chipman, Jr. (No. 3818)

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORTHWESTERN CORPORATION, | ) Bankruptcy Case No. 03-12872 (JLP) |
| | ) |
| Reorganized Debtor. | ) |
| | ) |
| NORTHWESTERN CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. No. 04-55051 (JLP) |
| v. | ) |
| | ) |
| MAGTEN ASSET MANAGEMENT CORPORATION | ) |
| and TALTON R. EMBRY, | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF SERVICE OF SUBPOENA

**TO:    List on attached Certificate of Service**

**PLEASE TAKE NOTICE** that a true and correct copy of the attached subpoena directed to Tradition Asiel Securities, Inc. was served in accordance with Federal Rule of Civil Procedure 45, as made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9016.

Dated:  December 13, 2004

GREENBERG TRAURIG, LLP

Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
Paul D. Brown (No. 3903)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
(302) 661-7000

*Counsel For Debtor and
Debtor In Possession*

## CERTIFICATE OF SERVICE

I hereby certify that copies of **Notice of Service of Subpoena** were caused to be served

on the _13th_ day of December, 2004 on the following counsel in the manner indicated:

**VIA HAND DELIVERY**
Elio Batista, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, Delaware  19801
*Local Counsel for Magten Asset Management Corporation*

-and-

**VIA U.S. MAIL**
Gary Kaplan, Esq.
Fried, Frank, Harris, Shriver & Jacobsen LLP
One New York Plaza
New York, New York  10004
*Counsel for Magten Asset Management Corporation*

- and –

**VIA HAND DELIVERY**
Eric M. Sutty, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
*Official Committee of Unsecured Creditors*

- and –

**VIA U.S. MAIL**
Alan W. Kornberg, Esq.
Marc D. Skapof, Esq.
Ephraim I. Diamond, Esq.
Tailia Gil, Esq.
Paul Weiss Rifking Wharton & Garrison LLP
1285 Avenue of the Americas
New York , NY  10019
*Official Committee of Unsecured Creditors*

This _13th_ day of December, 2004.

William E. Chipman, Jr. (No. 3818)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| NORTHWESTERN CORPORATION, | ) Bankruptcy Case No. 03-12872 (JLP) |
| Reorganized Debtor. | ) |
| | ) |
| NORTHWESTERN CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) Adv. No. 04-55051 (JLP) |
| MAGTEN ASSET MANAGEMENT CORPORATION and TALTON R. EMBRY, | ) |
| Defendants. | ) |

## NOTICE OF SERVICE OF SUBPOENA

**TO:    List on attached Certificate of Service**

**PLEASE TAKE NOTICE** that a true and correct copy of the attached subpoena directed to Merrill Lynch & Co., Inc. was served in accordance with Federal Rule of Civil Procedure 45, as made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9016.

Dated:  December 13, 2004

GREENBERG TRAURIG, LLP

Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
Paul D. Brown (No. 3903)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
(302) 661-7000

*Counsel For Debtor and
Debtor In Possession*

DEL-SRV01\128543v03

## CERTIFICATE OF SERVICE

I hereby certify that copies of **Notice of Service of Subpoena** were caused to be served

on the _13th_ day of December, 2004 on the following counsel in the manner indicated:

**VIA HAND DELIVERY**
Elio Batista, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, Delaware  19801
*Local Counsel for Magten Asset Management Corporation*

-and-

**VIA U.S. MAIL**
Gary Kaplan, Esq.
Fried, Frank, Harris, Shriver & Jacobsen LLP
One New York Plaza
New York, New York  10004
*Counsel for Magten Asset Management Corporation*

- and –

**VIA HAND DELIVERY**
Eric M. Sutty, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
*Official Committee of Unsecured Creditors*

- and –

**VIA U.S. MAIL**
Alan W. Kornberg, Esq.
Marc D. Skapof, Esq.
Ephraim I. Diamond, Esq.
Tailia Gil, Esq.
Paul Weiss Rifking Wharton & Garrison LLP
1285 Avenue of the Americas
New York , NY  10019
*Official Committee of Unsecured Creditors*

This _13th_ day of December, 2004.

William E. Chipman, Jr. (No. 3818)

DEL-SRV01\128543v03

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Bankruptcy Case No. 03-12872 (JLP) |
| Reorganized Debtor. | ) | |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 04-55051 (JLP) |
| | ) | |
| MAGTEN ASSET MANAGEMENT CORPORATION and TALTON R. EMBRY, | ) | |
| Defendants. | ) | |

### NOTICE OF SERVICE OF SUBPOENA

**TO:    List on attached Certificate of Service**

**PLEASE TAKE NOTICE** that a true and correct copy of the attached subpoena directed

to The Bear Sterns Companies, Inc. was served in accordance with Federal Rule of Civil

Procedure 45, as made applicable to these proceedings by Federal Rule of Bankruptcy Procedure

9016.

Dated: December 13, 2004                    GREENBERG TRAURIG, LLP

                                            _____
                                            Scott D. Cousins (No. 3079)
                                            William E. Chipman, Jr. (No. 3818)
                                            Paul D. Brown (No. 3903)
                                            The Brandywine Building
                                            1000 West Street, Suite 1540
                                            Wilmington, DE 19801
                                            (302) 661-7000

                                            *Counsel For Debtor and*
                                            *Debtor In Possession*

DEL-SRV01\128543v04

## CERTIFICATE OF SERVICE

I hereby certify that copies of **Notice of Service of Subpoena** were caused to be served on the _13th_ day of December, 2004 on the following counsel in the manner indicated:

**VIA HAND DELIVERY**
Elio Batista, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, Delaware  19801
*Local Counsel for Magten Asset Management Corporation*

-and-

**VIA U.S. MAIL**
Gary Kaplan, Esq.
Fried, Frank, Harris, Shriver & Jacobsen LLP
One New York Plaza
New York, New York  10004
*Counsel for Magten Asset Management Corporation*

- and –

**VIA HAND DELIVERY**
Eric M. Sutty, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
*Official Committee of Unsecured Creditors*

- and –

**VIA U.S. MAIL**
Alan W. Kornberg, Esq.
Marc D. Skapof, Esq.
Ephraim I. Diamond, Esq.
Tailia Gil, Esq.
Paul Weiss Rifking Wharton & Garrison LLP
1285 Avenue of the Americas
New York , NY  10019
*Official Committee of Unsecured Creditors*

This _13th_ day of December, 2004.

William E. Chipman, Jr. (No. 3818)

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Bankruptcy Case No. 03-12872 (JLP) |
| Reorganized Debtor. | ) | |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 04-55051 (JLP) |
| v. | ) | |
| MAGTEN ASSET MANAGEMENT CORPORATION and TALTON R. EMBRY, | ) | |
| Defendants. | ) | |

### NOTICE OF SERVICE OF SUBPOENA

**TO:    List on attached Certificate of Service**

**PLEASE TAKE NOTICE** that a true and correct copy of the attached subpoena directed to Oscar Gruss & Son Incorporated was served in accordance with Federal Rule of Civil Procedure 45, as made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9016.

Dated: December 13, 2004

GREENBERG TRAURIG, LLP

Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
Paul D. Brown (No. 3903)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
(302) 661-7000

*Counsel For Debtor and
Debtor In Possession*

DEL-SRV01\128543v05

## CERTIFICATE OF SERVICE

I hereby certify that copies of **Notice of Service of Subpoena** were caused to be served

on the _13th_ day of December, 2004 on the following counsel in the manner indicated:

**VIA HAND DELIVERY**
Elio Batista, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, Delaware  19801
*Local Counsel for Magten Asset Management Corporation*

-and-

**VIA U.S. MAIL**
Gary Kaplan, Esq.
Fried, Frank, Harris, Shriver & Jacobsen LLP
One New York Plaza
New York, New York  10004
*Counsel for Magten Asset Management Corporation*

- and –

**VIA HAND DELIVERY**
Eric M. Sutty, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
*Official Committee of Unsecured Creditors*

- and –

**VIA U.S. MAIL**
Alan W. Kornberg, Esq.
Marc D. Skapof, Esq.
Ephraim I. Diamond, Esq.
Tailia Gil, Esq.
Paul Weiss Rifking Wharton & Garrison LLP
1285 Avenue of the Americas
New York , NY  10019
*Official Committee of Unsecured Creditors*

This _3th_ day of December, 2004.

William E. Chipman, Jr. (No. 3818)

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

In re:

**Northwestern Corporation**

Debtor.

**SUBPOENA IN A CASE UNDER THE
BANKRUPTCY CODE**
Chapter 11
Case No. 03-12872 (JLP)
Adv. Pro. No. 04-55051 (JLP)
Pending in the U.S. Bankruptcy Court for the District of
Delaware

TO:
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case (see Schedule A hereto).

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| GREENBERG TRAURIG, LLP<br>885 Third Avenue<br>New York, NY 10022 | January 20, 2005 at<br>10:00 a.m. EST |

☑    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (see Schedule B hereto).

| PLACE | DATE AND TIME |
| --- | --- |
| GREENBERG TRAURIG, LLP<br>885 Third Avenue<br>New York, NY 10022<br>Attn: Adam D. Cole<br>(212) 801-2100 | January 14, 2005<br>at 9:00 a.m. EST |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Attorney for Northwestern Corporation* | DATE<br><br>January 7, 2005 |
| --- | --- |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Simon J. Miller, Esq. (SM-6728)<br>GREENBERG TRAURIG, LLP<br>885 Third Avenue, New York, NY 10022<br>Telephone: (212) 801-2100 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

**EXHIBIT I**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (JLP) |
| Debtors. | : | |
| NORTHWESTERN CORPORATION, | : | |
| Plaintiff, | : | Adv. No. 04-55051 (JLP) |
| v. | : | |
| MAGTEN ASSET MANAGEMENT CORPORATION and TALTON R. EMBRY, | : | |
| Defendants. | : | |

## NOTICE OF SERVICE

*PLEASE TAKE NOTICE* that the undersigned hereby certifies that on December 10, 2004, a copy of *Defendants First Request for Production of Documents to Northwestern Corporation*, were served upon the following in the manner indicated:

**BY HAND DELIVERY**

Adam Cole, Esquire
*Greenberg Traurig, LLP*
885 Third Avenue
New York, NY 10022

**BY HAND DELIVERY**

Scott D. Cousins, Esquire
William E. Chipman, Jr., Esquire
*Greenberg Traurig, LLP*
1000 West Street, Suite 1540
Wilmington, DE 19801

Dated:  December 13, 2004

**BLANK ROME LLP**

Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE  19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464

120087.01600/40148207v1

- and -

**FRIED, FRANK, HARRIS, SHRIVER &
        JACOBSON LLP**
Bonnie Steingart
Gary Kaplan
One New York Plaza
New York, NY 10004
Telephone:      (212) 859-8000
Facsimile:      (212) 859-4000

Counsel for Magten Asset Management
        Corporation and Talton R. Embry

- 2 -

120087.01600/40148207v1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (JLP) |
| Debtors. | : | |
| NORTHWESTERN CORPORATION, | : | |
| Plaintiff, | : | Adv. No. 04-55051 (JLP) |
| v. | : | |
| MAGTEN ASSET MANAGEMENT CORPORATION and TALTON R. EMBRY, | : | |
| Defendants. | : | |

## NOTICE OF SERVICE

*PLEASE TAKE NOTICE* that the undersigned hereby certifies that on December 13, 2004, a copy of the following documents:

(1)  *Notice of Deposition Pursuant to Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 30(b)(6) of the Federal Rules of Civil Procedure*; and

(2)  *Magten Asset Management Corporation and Talton Embry's First Set of Interrogatories to Northwestern Corporation*

were served on the following in the manner indicated:

| **BY FACSIMILE & FEDEX** | **BY HAND DELIVERY** |
|---|---|
| Adam Cole, Esquire | Scott D. Cousins, Esquire |
| *Greenberg Traurig, LLP* | William E. Chipman, Jr., Esquire |
| 885 Third Avenue | *Greenberg Traurig, LLP* |
| New York, NY 10022 | 1000 West Street, Suite 1540 |
| | Wilmington, DE 19801 |

120087.01600/40148270v1

Dated:  December 14, 2004

BLANK ROME LLP

_____

Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE  19801
Telephone:     (302) 425-6400
Facsimile:     (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
Bonnie Steingart
Gary Kaplan
One New York Plaza
New York, NY 10004
Telephone:     (212) 859-8000
Facsimile:     (212) 859-4000

Counsel for Magten Asset Management
          Corporation and Talton R. Embry

- 2 -

120087.01600/40148270v1

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
In re
      NORTHWESTERN CORPORATION,

                  Reorganized Debtor,

Index No. 03-12872
Chapter 11
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

--------------------------------------------------------------X
NORTHWESTERN CORPORATION,

                Plaintiff(s),

      -against-

Adv. Proc. No. 55051/2004
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

MAGTEN ASSET MANAGEMENT CORPORATION
AND TALTON R. EMBRY,

<u>AFFIDAVIT OF SERVICE</u>

              Defendant (s).

--------------------------------------------------------------X
STATE OF NEW JERSEY  )
                    :s:
COUNTY OF QUEENS     )

      WILSON AMAYA, being duly sworn deposes and says:

      I am not a party to this action, am over the age of eighteen years of age,
and reside in the State of New York.

      On the 14ᵗʰ day of December, 2004, at approximately 1:35 p.m. at 75 East 55ᵗʰ
Street, New York, New York, I served a true copy of the SUBPOENA IN AN
ADVERSARY PROCEEDING, in the above entitled-action, upon PAUL HASTINGS
JANOFSKY & WALKER by personally delivering to and leaving thereat a true copy of
the above mentioned document with Frank Dagostino.  At time of service, Mr. Dagostino
identified himself as the Assistant Managing Clerk for Paul Hastings Janofsky & Walker
and as a person authorized to accept service of process for Paul Hastings Janofsky &

Walker. Also at time of service, I tendered Mr. Dagostino the $40.00 witness fee and traveling expenses for Paul Hastings Janofsky & Walker.

Mr. Dagostino is a Caucasian male, approximately 34-39 years of age, 5'11" tall, 200 lbs, with dark hair and dark eyes.

Sworn to before me this,
14th day of December, 2004

_____
NOTARY PUBLIC

EDWIN PATRICK SANTAMARIA
Notary Public, State of New York
No. 01SA6062013
Qualified in New York County
Commission Expires July 30, 20 05

WILSON AMAYA
License No. 1161499

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re

    NORTHWESTERN CORPORATION,

                Reorganized Debtor,

------------------------------------------------------------------X

NORTHWESTERN CORPORATION,

                Plaintiff(s)

    -against-

MAGTEN ASSET MANAGEMENT CORPORATION
AND TALTON R. EMBRY,

                Defendant (s).

------------------------------------------------------------------X

Index No. 03-12872
Chapter 11
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

Adv. Proc. No. 55051/2004
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

AFFIDAVIT OF SERVICE

STATE OF NEW JERSEY  )
                    :s:
COUNTY OF QUEENS    )

      EDDIE SANTAMARIA, being duly sworn deposes and says:

      I am not a party to this action, am over the age of eighteen years of age,
and reside in the State of New York.

      On the 14ᵗʰ day of December, 2004, at approximately 9:45 a.m. at 30 Rockefeller
Plaza, 60ᵗʰ Floor, New York, New York, I served a true copy of the SUBPOENA IN AN
ADVERSARY PROCEEDING, in the above entitled-action, upon LAZARD FRERES &
CO., LLC by personally delivering to and leaving thereat a true copy of the above
mentioned document with Donald E. Klein. At time of service, Mr. Klein identified
himself as the Senior Vice President and Compliance Director for Lazard Freres & Co.,
LLC and as a person authorized to accept service of process for Lazard Freres & Co.,

LLC. Also at time of service, I tendered Mr. Klein the $40.00 witness fee and traveling expenses for Lazard Freres & Co., LLC.

Mr. Klein is a Caucasian male, approximately 49-56 years of age, 5'6" tall, 200 lbs, with light hair and light eyes.

Sworn to before me this,
14th day of December, 2004

NOTARY PUBLIC

CLENDY J. CALDERON
Notary Public, State of New York
No. 01CA6115564
Qualified in Queens County
Commission Expires September 7, 2008

EDDIE SANTAMARIA
License No. 1102704

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re

NORTHWESTERN CORPORATION,

                 Reorganized Debtor,

Index No. 03-12872
Chapter 11
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

-------------------------------------------------------------------X
NORTHWESTERN CORPORATION,

                 Plaintiff(s),

       -against-

Adv. Proc. No. 55051/2004
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

MAGTEN ASSET MANAGEMENT CORPORATION
AND TALTON R. EMBRY,

AFFIDAVIT OF SERVICE

                 Defendant (s).
-------------------------------------------------------------------X
STATE OF NEW JERSEY  )
                    :s:
COUNTY OF QUEENS    )

      EDDIE SANTAMARIA, being duly sworn deposes and says:

      I am not a party to this action, am over the age of eighteen years of age, and reside in the State of New York.

      On the 14ᵗʰ day of December, 2004, at approximately 9:55 a.m. at 1285 Avenue of The Americas, New York, New York, I served a true copy of the SUBPOENA IN AN ADVERSARY PROCEEDING, in the above entitled-action, upon PAUL WEISS RIFKIND WHARTON & GARRISON, LLP by personally delivering to and leaving thereat a true copy of the above mentioned document with Keith Witman. At time of service, Mr. Witman identified himself as a Law Clerk for Paul Weiss Rifkind Wharton & Garrison, LLP and as a person authorized to accept service of process for Paul Weiss

Rifkind Wharton & Garrison, LLP.  Also at time of service, I tendered Mr. Witman the $40.00 witness fee and traveling expenses for Paul Weiss Rifkind Wharton & Garrison, LLP.

Mr. Witman is a Caucasian male, approximately 28-35 years of age, 6'3" tall, 200 lbs, with light hair and light eyes.

Sworn to before me this,
14th day of December, 2004

_____
NOTARY PUBLIC

**CLENDY J. CALDERON**
Notary Public, State of New York
No. 01CA6115564
Qualified in Queens County
Commission Expires September 7, 2008

_____
EDDIE SANTAMARIA
License No. 1102704

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re

    NORTHWESTERN CORPORATION,               Index No. 03-12872
                                           Chapter 11
                Reorganized Debtor,      Pending in the U.S.
                                             Bankruptcy Court for the
                                           District of Delaware

------------------------------------------------------------------X

NORTHWESTERN CORPORATION,

                        Plaintiff(s)        Adv. Proc. No. 55051/2004
                                           Pending in the U.S.
                                           Bankruptcy Court for the
       -against-                   District of Delaware

MAGTEN ASSET MANAGEMENT CORPORATION     AFFIDAVIT OF SERVICE
AND TALTON R. EMBRY,

                      Defendant (s).

------------------------------------------------------------------X

STATE OF NEW JERSEY   )
                        :s:
COUNTY OF QUEENS     )

       EDDIE SANTAMARIA, being duly sworn deposes and says:

       I am not a party to this action, am over the age of eighteen years of age, and reside in the State of New York.

       On the 14ᵗʰ day of December, 2004, at approximately 9:18 a.m. at 245 Park Avenue, 20th floor, New York, New York, I served a true copy of the SUBPOENA IN AN ADVERSARY PROCEEDING, in the above entitled-action, upon HOULIHAN LOKEY HOWARD & ZUKIN by personally delivering to and leaving thereat a true copy of the above mentioned document with Alice Zimbler. At time of service, Ms. Zimbler identified herself as the Vice President for Houlihan Lokey Howard & Zukin and as a person authorized to accept service of process for Houlihan Lokey Howard & Zukin.

Also at time of service, I tendered Ms. Zimbler the $40.00 witness fee and traveling expenses for Houlihan Lokey Howard & Zukin.

Ms. Zimnbler is a Caucasian female, approximately 43-49 years of age, 5'7" tall, 150 lbs, with dark hair and dark eyes.

Sworn to before me this,
14th day of December, 2004

_____
NOTARY PUBLIC

CLENDY J. CALDERON
Notary Public, State of New York
No. 01CA6115564
Qualified in Queens County
Commission Expires September 7, 2008

_____
EDDIE SANTAMARIA
License No. 1102704

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re

    NORTHWESTERN CORPORATION,          Index No. 03-12872
                                            Chapter 11
              Reorganized Debtor,    Pending in the U.S.
                                              Bankruptcy Court for the
                                              District of Delaware
-------------------------------------------------------------------X
NORTHWESTERN CORPORATION,

                                        Adv. Proc. No. 55051/2004
              Plaintiff(s)        Pending in the U.S.
                                          Bankruptcy Court for the
    -against-                           District of Delaware

MAGTEN ASSET MANAGEMENT CORPORATION    <u>AFFIDAVIT OF SERVICE</u>
AND TALTON R. EMBRY,

              Defendant (s).
-------------------------------------------------------------------X
STATE OF NEW JERSEY   )
                      :s:
COUNTY OF QUEENS    )

        EDDIE SANTAMARIA, being duly sworn deposes and says:

        I am not a party to this action, am over the age of eighteen years of age, and reside in the State of New York.

        On the 14ᵗʰ day of December, 2004, at approximately 9:28 a.m. at 245 Park Avenue, 26ᵗʰ floor, New York, New York, I served a true copy of the SUBPOENA IN AN ADVERSARY PROCEEDING, in the above entitled-action, upon AG CAPITAL RECOVERY PARTNERS III, L.P. c/o ANGELO, GORDON & CO., by personally delivering to and leaving thereat a true copy of the above mentioned document with Verna Ramirez. At time of service, Ms. Ramirez identified herself as the Compliance Officer for Angelo, Gordon & Co., and as a person authorized to accept service of

process for AG Capital Recovery Partners III, L.P whom they are agents for.  Also at time of service, I tendered Ms. Ramirez the $40.00 witness fee and traveling expenses for AG Capital Recovery Partners III, L.P. c/o Angelo, Gordon & Co.

Ms. Ramirez is a Hispanic female, approximately 38-45 years of age, 5'4" tall, 160 lbs, with dark hair and dark eyes.

Sworn to before me this,
14th day of December, 2004

NOTARY PUBLIC

**CLENDY J. CALDERON**
Notary Public, State of New York
No. 01CA6115564
Qualified in Queens County
Commission Expires September 7, 2008

EDDIE SANTAMARIA
License No. 1102704

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re

NORTHWESTERN CORPORATION,                    Index No. 03-12872
                                             Chapter 11
                  Reorganized Debtor,        Pending in the U.S.
                                             Bankruptcy Court for the
                                             District of Delaware
-------------------------------------------------------------------X
NORTHWESTERN CORPORATION,

                  Plaintiff(s)               Adv. Proc. No. 55051/2004
                                             Pending in the U.S.
                                             Bankruptcy Court for the
            -against-                        District of Delaware

MAGTEN ASSET MANAGEMENT CORPORATION          AFFIDAVIT OF SERVICE
AND TALTON R. EMBRY,

                  Defendant (s).
-------------------------------------------------------------------X
STATE OF NEW JERSEY     )
                        :s:
COUNTY OF QUEENS        )

      EDDIE SANTAMARIA, being duly sworn deposes and says:

      I am not a party to this action, am over the age of eighteen years of age,
and reside in the State of New York.

      On the 14ᵗʰ day of December, 2004, at approximately 8:50 a.m. at 10 East 40ᵗʰ
Street, New York, New York, I served a true copy of the SUBPOENA IN AN
ADVERSARY PROCEEDING, in the above entitled-action, upon HSBC BANK USA
by personally delivering to and leaving thereat a true copy of the above mentioned
document with Theresa Polizzi.  At time of service, Ms. Polizzi identified herself as the
Consumer Banker for HSBC Bank USA and as a person authorized to accept service of

process for HSBC Bank USA.  Also at time of service, I tendered Ms. Polizzi the $40.00 witness fee and traveling expenses for HSBC Bank USA.

Ms. Polizzi is a Caucasian female, approximately 28-35 years of age, 5'10" tall, 155 lbs, with light hair and dark eyes.

Sworn to before me this,
14th day of December, 2004

NOTARY PUBLIC

CLENDY J. CALDERON
Notary Public, State of New York
No. 01CA6115564
Qualified in Queens County
Commission Expires September 7, 2008

EDDIE SANTAMARIA
License No. 1102704

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re
      NORTHWESTERN·CORPORATION,         Index No. 03-12872
                                             Chapter 11
                Reorganized Debtor,    Pending in the U.S.
                                               Bankruptcy Court for the
                                             District of Delaware
------------------------------------------------------------------------X
NORTHWESTERN CORPORATION,
                                             Adv. Proc. No. 55051/2004
                  Plaintiff(s),         Pending in the U.S.
                                             Bankruptcy Court for the
      -against-                     District of Delaware

MAGTEN ASSET MANAGEMENT CORPORATION   AFFIDAVIT OF SERVICE
AND TALTON R. EMBRY,

                 Defendant (s).
------------------------------------------------------------------------X
STATE OF NEW JERSEY   )
                     :s:
COUNTY OF QUEENS     )

      EDDIE SANTAMARIA, being duly sworn deposes and says:

      I am not a party to this action, am over the age of eighteen years of age, and reside in the State of New York.

On the 14ᵗʰ day of December, 2004, at approximately 10:15 a.m. at 535 Madison Avenue, New York, New York, I served a true copy of the SUBPOENA IN AN ADVERSARY PROCEEDING, in the above entitled-action, upon AVENUE CAPITAL MANAGEMENT by personally delivering to and leaving thereat a true copy of the above mentioned document with E. Paul. At time of service, Mr. Paul identified himself as a Clerk for the Messenger Center for Avenue Capital Management and as a person authorized to accept service of process for Avenue Capital Management. Also at time of

service, I tendered Mr. Paul the $40.00 witness fee and traveling expenses for Avenue
Capital Management.

Mr. Paul is a Caucasian male, approximately 29-36 years of age, 6'0" tall, 190
lbs, with dark hair and dark eyes.

On the 14th day of December, 2004, I mailed a true copy of the SUBPOENA IN
AN ADVERSARY PROCEEDING, in the above entitled-action, upon AVENUE
CAPITAL MANAGEMENT, by first class mail, by enclosing a true copy of the above
mentioned document in a securely sealed and postpaid wrapper bearing the legend
"Personal and Confidential" and depositing same in an official depository under the
exclusive care and custody of the United States Postal Service within the State of New
York addressed to:

Avenue Capital Management
535 Madison Avenue
15th Floor
New York, NY 10022



On the 14th day of December, 2004,
AN ADVERSARY PROCEEDING, in the
CAPITAL MANAGEMENT, by Certified
0485 0358) under the exclusive care and cu
within the State of New York addressed to

Avenue Capital Management
535 Madison Avenue
15th Floor
New York, NY 10022

Sworn to before me this,
14th day of December, 2004

_____
NOTARY PUBLIC

**CLENDY J. CALDERON**
**Notary Public, State of New York**
**No. 01CA6115564**
**Qualified in Queens County**
**Commission Expires September 7, 2008**

_____
EDDIE SANTAMARIA
License No. 1102704

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re

NORTHWESTERN CORPORATION,                    Index No. 03-12872
                                             Chapter 11
                    Reorganized Debtor,      Pending in the U.S.
                                             Bankruptcy Court for the
                                             District of Delaware
-----------------------------------------------------------------X
NORTHWESTERN CORPORATION,

                                             Adv. Proc. No. 55051/2004
                    Plaintiff(s),            Pending in the U.S.
                                             Bankruptcy Court for the
    -against-                                District of Delaware

MAGTEN ASSET MANAGEMENT CORPORATION          AFFIDAVIT OF SERVICE
AND TALTON R. EMBRY,

                    Defendant (s).
-----------------------------------------------------------------X
STATE OF NEW JERSEY   )
                      :s:
COUNTY OF QUEENS      )

        WILSON AMAYA, being duly sworn deposes and says:

        I am not a party to this action, am over the age of eighteen years of age,
and reside in the State of New York.

        On the 14ᵗʰ day of December, 2004, at approximately 11:16 a.m. at One Wall
Street, New York, New York, I served a true copy of the SUBPOENA IN AN
ADVERSARY PROCEEDING, in the above entitled-action, upon THE BANK OF NEW
YORK by personally delivering to and leaving thereat a true copy of the above
mentioned document with Anthony R. Mancusso. At time of service, Mr. Mancusso
identified himself as the Vice President for The Bank of New York and as a person
authorized to accept service of process for The Bank of New York. Also at time of

service, I tendered Mr. Mancuso the $40.00 witness fee and traveling expenses for The Bank of New York.

Mr. Mancuso is a Caucasian male, approximately 44-49 years of age, 6'1" tall, 210 lbs, with light hair and dark eyes.

Sworn to before me this,
14th day of December, 2004

_____
NOTARY PUBLIC

EDWIN PATRICK SANTAMARIA
Notary Public, State of New York
No. 01SA6062013
Qualified in New York County
Commission Expires July 30, 20 _05_

_____
WILSON AMAYA
License No. 1161499

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re

NORTHWESTERN CORPORATION,

                       Reorganized Debtor,

Index No. 03-12872
Chapter 11
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

-------------------------------------------------------------------X

NORTHWESTERN CORPORATION,

                       Plaintiff(s),

       -against-

Adv. Proc. No. 55051/2004
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

MAGTEN ASSET MANAGEMENT CORPORATION
AND TALTON R. EMBRY,

                    Defendant (s).

<u>AFFIDAVIT OF SERVICE</u>

-------------------------------------------------------------------X

STATE OF CALIFORNIA      )
                            :s:
COUNTY OF LOS ANGELES   )

        BERNARD SCANLON, being duly sworn deposes and says:

        I am not a party to this action, am over the age of eighteen years of age, and reside in the State of California.

        I am an agent for EPS Judicial Process Service, Inc. and received the Subpoena in an Adversary Proceeding for the above entitled-action to be served upon OCM OPPORTUNITIES FUND, IV, L.P. by person designated pursuant to Schedule A c/o OAKTREE CAPITAL MANAGEMENT, LLC.

        On the 14ᵗʰ day of December, 2004, at approximately 12:40 p.m. at 333 South Grand Avenue, 28ᵗʰ Floor, Los Angeles, California, I served a true copy of the

SUBPOENA IN AN ADVERSARY PROCEEDING, in the above entitled-action, upon
OCM OPPORTUNITIES FUND, IV, L.P. by person designated pursuant to Schedule A
c/o OAKTREE CAPITAL MANAGEMENT, LLC by personally delivering to and
leaving thereat a true copy of the above mentioned document with Ms. Lisa Arakaki. At
time of service, Ms. Arakaki identified herself as the Vice President for Oaktree Capital
Management, LLC and as a person authorized to accept service of process for OCM
Opportunities Fund, IV, L.P. c/o Oaktree Capital Management, LLC.  Also at time of
service, I tendered Ms. Arakaki the $40.00 witness fee and traveling expenses for OCM
Opportunities Fund, IV, L.P. c/o Oaktree Capital Management, LLC.

Ms. Arakaki is an Asian-American female, approximately 34-39 years of age,
5'4" tall, 105 lbs, with dark hair and dark eyes and wore glasses.

Sworn to before me this,
14th day of December, 2004

_Thomas A. Dill_
NOTARY PUBLIC

_Bernard Scanlon_  12/14/0:
BERNARD SCANLON
License No. 1732

THOMAS A. DILL
COMM. # 1451725
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
COMM. EXP. NOV. 21, 2007

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re

    NORTHWESTERN CORPORATION,

                  Reorganized Debtor,

        Index No. 03-12872
        Chapter 11
        Pending in the U.S.
        Bankruptcy Court for the
        District of Delaware

-----------------------------------------------------------------X

NORTHWESTERN CORPORATION,

                  Plaintiff(s)

        Adv. Proc. No. 55051/2004
        Pending in the U.S.
        Bankruptcy Court for the
        District of Delaware

    -against-

MAGTEN ASSET MANAGEMENT CORPORATION    AFFIDAVIT OF SERVICE
AND TALTON R. EMBRY,

                Defendant (s).

-----------------------------------------------------------------X

STATE OF NEW JERSEY  )
                 :s:
COUNTY OF UNION      )

        HOWARD APPEL, being duly sworn deposes and says:

        I am not a party to this action, am over the age of eighteen years of age,
and reside in the State of New Jersey.

        I am an agent for EPS Judicial Process Service, Inc. and received the Subpoena in
an Adversary Proceeding for the above entitled-action to be served upon FRANKLIN
TEMPLETON MUTUAL SERIES FUND by person designated pursuant to Schedule A
c/o FRANKLIN MUTUAL ADVISERS, LLC.

        On the 14ᵗʰ day of December, 2004, at approximately 1:30 p.m. at 51 JFK
Parkway, Short Hills, New Jersey, I served a true copy of the SUBPOENA IN AN

..

ADVERSARY PROCEEDING, in the above entitled-action, upon FRANKLIN
TEMPLETON MUTUAL SERIES FUND by person designated pursuant to Schedule A
c/o FRANKLIN MUTUAL ADVISERS, LLC by personally delivering to and leaving
thereat a true copy of the above mentioned document with Mr. Bradley Takahashi. At
time of service, Mr. Takahashi identified himself as an employee for Franklin Mutual
Advisers, LLC and as a person authorized to accept service of process for Franklin
Templeton Mutual Series Fund c/o Franklin Mutual Advisers, LLC. Also at time of
service, I tendered Mr. Takahashi the $50.00 witness fee and traveling expenses for
Franklin Templeton Mutual Series Fund c/o Franklin Mutual Advisers, LLC.

    Mr. Takahashi is an Asian-American male, approximately 45 years of age, 5'5"
tall, 170 lbs, with dark hair and dark eyes.

Sworn to before me this,
14th day of December, 2004

HOWARD APPEL

NOTARY PUBLIC

CHRISTINE M HERNANDEZ
Notary Public
State of New Jersey
My Commission Expires March 05, 2007

EPS Judicial Process Service, Inc.
29-27 41st Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
------------------------------------------------------------------X

In re

NORTHWESTERN CORPORATION,

Index No. 03-12872
Chapter 11
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

Reorganized Debtor,

------------------------------------------------------------------X

NORTHWESTERN CORPORATION,

Plaintiff(s)

Adv. Proc. No. 55051/2004
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

-against-

MAGTEN ASSET MANAGEMENT CORPORATION
AND TALTON R. EMBRY,

AFFIDAVIT OF SERVICE

Defendant (s).

------------------------------------------------------------------X

STATE OF DELAWARE        )
                         :s:
COUNTY OF NEW CASTLE     )

MICHAEL O'ROURKE, being duly sworn deposes and says:

I am not a party to this action, am over the age of eighteen years of age, and reside in the State of Delaware.

I am an agent for EPS Judicial Process Service, Inc. and received the Subpoena in an Adversary Proceeding for the above entitled-action to be served upon WILMINGTON TRUST COMPANY by person designated pursuant to Schedule A.

On the 14th day of December, 2004, at approximately 3:55 p.m. at 1100 N. Market Street, Wilmington, Delaware, I served a true copy of the SUBPOENA IN AN ADVERSARY PROCEEDING, in the above entitled-action, upon WILMINGTON

TRUST COMPANY by person designated pursuant to Schedule A by personally delivering to and leaving thereat a true copy of the above mentioned document with Ms. Allison Brol.  At time of service, Ms. Brol identified herself as an employee for Wilmington Trust Company and as a person authorized to accept service of process for Wilmington Trust Company.  Also at time of service, I tendered Ms. Brol the $40.00 witness fee and traveling expenses for Wilmington Trust Company.

Ms. Brol is a Caucasian female, approximately 40 years of age, 5'9" tall, 175 lbs, with dark hair and dark eyes.

Sworn to before me this,
14th day of December, 2004

_____
NOTARY PUBLIC

**JUSTINA K. BAYLESS**
**NOTARY PUBLIC**
**STATE OF DELAWARE**
**My Commission Expires Dec. 9, 2008**

_____
MICHAEL O'ROURKE

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MONTANA
-----------------------------------------------------------------------X
In re

NORTHWESTERN CORPORATION,                    Index No. 03-12872
                                             Chapter 11
                    Reorganized Debtor,      Pending in the U.S.
                                             Bankruptcy Court for the
                                             District of Delaware
-----------------------------------------------------------------------X
NORTHWESTERN CORPORATION,

                                             Adv. Proc. No. 55051/2004
                    Plaintiff(s),            Pending in the U.S.
                                             Bankruptcy Court for the
        -against-                            District of Delaware

MAGTEN ASSET MANAGEMENT CORPORATION          AFFIDAVIT OF SERVICE
AND TALTON R. EMBRY,

                    Defendant (s).
-----------------------------------------------------------------------X
STATE OF MONTANA          )
                          :s:
COUNTY OF YELLOSTONE      )

        RANDALL P. AZURE, being duly sworn deposes and says:

        I am not a party to this action, am over the age of eighteen years of age,
and reside in the State of Montana.

        I am an agent for EPS Judicial Process Service, Inc. and received the Subpoena in
an Adversary Proceeding for the above entitled-action to be served upon COMANCHE
PARK, LLC by person designated pursuant to Schedule A.

        On the 16ᵗʰ day of December, 2004, at approximately 9:43 a.m. at 100 North 27ᵗʰ
Street, Suite 320, Billings, Montana, I served a true copy of the SUBPOENA IN AN
ADVERSARY PROCEEDING, in the above entitled-action, upon COMANCHE PARK,

LLC by person designated pursuant to Schedule A by personally delivering to and leaving thereat a true copy of the above mentioned document with Mr. John Woods, Jr. At time of service, Mr. Woods identified himself as a member for Comanche Park, LLC and as a person authorized to accept service of process for Comanche Park, LLC. Also at time of service, I tendered Mr. Woods the $40.00 witness fee and traveling expenses for Comanche Park, LLC.

Mr. Woods is a Caucasian male, approximately 50 years of age, 5'5" tall, 150 lbs, with light hair and dark eyes and wore glasses.

Sworn to before me this,
16th day of December, 2004

RANDALL P. AZURE
License No. DPS 03-79-06

NOTARY PUBLIC for the State of Montana.
Bonnie M. Ridenour
Residing at Billings, Montana
My Commission Expires May 26, 2006