**EXHIBIT L**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWESTERN CORPORATION, | ) | Bankruptcy Case No. 03-12872 (JLP) |
|  | ) |  |
| Debtor. | ) |  |

|  |  |  |
|---|---|---|
| In re: | ) |  |
|  | ) |  |
| NORTHWESTERN CORPORATION, | ) |  |
|  | ) |  |
| Plaintiff, | ) | Adv. No. 04-55051 (JLP) |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| MAGTEN ASSET MANAGEMENT | ) |  |
| CORPORATION, and TALTON R. EMBRY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**PAUL, HASTINGS, JANOFSKY & WALKER LLP'S MOTION TO QUASH
SUBPOENA AND FOR PROTECTIVE ORDER**

COMES NOW Paul, Hastings, Janofsky & Walker LLP ("**Paul Hastings**"), as retained counsel to NorthWestern Corporation ("**NorthWestern**" or the "**Debtor**"), by and through the undersigned counsel, and hereby files this Motion to Quash Subpoena and for Protective Order (the "**Motion**"), pursuant to Rules 7045(c)(3)(A) and 7026(C) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), with respect to the Subpoena in the Adversary Proceeding (as defined herein) that was served on Paul Hastings by Magten Asset Management Corporation ("**Magten**") and Talton R. Embry ("**Embry**," together with Magten, the "**Defendants**") on December 14, 2004, and respectfully shows the Court as follows:

ATL/1081179.2

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this Chapter 11 case and Motion are proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      NorthWestern was incorporated in 1923 and is a publicly traded Delaware corporation.  NorthWestern and its direct and indirect energy subsidiaries comprise one of the largest providers of electricity and natural gas in the upper Midwest and Northwest regions of the United States, serving approximately 608,000 customers throughout Montana, South Dakota and Nebraska.  The Debtor, a transmission and distribution regulated utility entity, has generated and distributed electricity in South Dakota and has distributed natural gas in South Dakota and Nebraska through its energy division, NorthWestern Energy, since the Debtor's formation in 1923.

3.      On September 14, 2003 (the **"Petition Date"**), NorthWestern filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the **"Chapter 11 Case"**).  In the Chapter 11 Case, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors in the Debtor's bankruptcy proceeding (the **"Committee"**) on September 30, 2003.

4.      On October 8, 2004, the Court entered an Oral Ruling Confirming the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, and on October 19, 2004, the Court entered its final Order Confirming the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the **"Confirmation Order"**).  The effective date (the **"Effective**

**Date"**) of the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code was November 1, 2004.

5.      Embry was at all relevant times the 100% owner and Chairman of Magten, and Magten is a corporation organized under the laws of Delaware, having its principal place of business located at 410 Park Avenue, 14th Floor, New York, New York 10022.

6.      Magten filed a Proof of Claim, designated claim number 842 by the Debtor's claims agent (the **"Magten Claim"**). The Magten Claim asserts unliquidated claims against the Debtor's Estate for: (i) damages resulting from the alleged fraudulent transfer of the utility assets of NorthWestern Energy, LLC to NorthWestern on November 15, 2002 (the **"Transfer"**); and (ii) the face amount of the approximately 40% of the Debtor's Series A 8.45% Quarterly Income Preferred Securities (the **"QUIPS"**) that were held by Magten as of the Petition Date.

7.      On or about November 6, 2003, this Court entered its Order Permitting Securities Trading Upon Establishment of Ethical Wall (the **"Securities Trading Order"**). The Securities Trading Order prohibits members of the Committee (present and future, each a **"Member"**) from trading in the securities of the Debtor and its affiliates, unless and until such Member establishes and implements an ethical wall (the **"Ethical Wall"**) in accordance with the terms and conditions of the Securities Trading Order.

8.      Upon request of the Defendants, and by notice dated November 25, 2003, the Office of the United States Trustee for the District of Delaware (the **"Trustee"**) appointed Magten to the Committee. Magten was represented on the Committee by its 100% principal, Embry, and by its legal counsel Fried, Frank, Shriver & Jacobson LLP (**"Fried Frank"**).

- 3 -

9.    Upon information and belief, upon appointment to the Committee or shortly thereafter, the Defendants and their legal counsel, Fried Frank, became aware of the Securities Trading Order, prepared a motion that was never filed seeking to modify the Securities Trading Order, and received material, non-public, information the Debtor provided to the Committee.

10.    Once appointed to the Committee, Magten's fiduciary and other common law duties precluded it from trading in the securities of the Debtor and its affiliates, including, without limitation, the QUIPS, except as provided in the Securities Trading Order, which permitted limited trading upon establishment of an Ethical Wall. Magten, however, could not establish an Ethical Wall because it is 100% owned by Embry.

11.    On December 18, 2003, Embry, as Chairman of, and on behalf of, Magten, executed a Confidentiality Agreement with Official Committee of Unsecured Creditors (the **"Confidentiality Agreement"**). Under the Confidentiality Agreement, the Defendants agreed to maintain as confidential all non-public and proprietary information provided by or to the Committee.

12.    Thereafter, on April 16, 2004, Magten and Law Debenture Trust Company of New York (**"Law Debenture"**) filed an adversary proceeding to avoid the transfer of assets of Clark Fork and Blackfoot LLC (f/k/a NorthWestern Energy, LLC) (**"Clark Fork"**) to the Debtor in November 2002, pursuant to what is generally referred to as the "going flat" transaction (the **"Magten Adversary Proceeding"**).

13.    The Magten Adversary Proceeding resulted in an inherent conflict between the Defendants and the Committee. Accordingly, in a letter dated May 6, 2004, the Trustee removed Magten from the Committee, stating that the relief sought in the

- 4 -

Magten Adversary Proceeding "is inconsistent with Magten's . . . fiduciary duty to the Committee's constituents, the general unsecured creditors of NorthWestern Corporation."

14.    After being expelled from the Committee, Magten remained bound by the terms of the Confidentiality Agreement and the Securities Trading Order, to the extent Magten was still in possession of material, non-public, information it had obtained while serving as a Member of the Committee.

15.    Notwithstanding the Confidentiality Agreement in which the Defendants acknowledged that use of the Debtor's non-public information constituted a potential violation of the securities laws, and the Securities Trading Order, Embry caused Magten to purchase over 123,000 of the Debtor's QUIPS and sell 3,800 of the Debtor's QUIPS in a series of market transactions after joining the Committee. Upon information and belief, the Defendants were in possession of, and relied upon, the Debtor's and the Committee's non-public information when executing the securities transactions.

16.    Thereafter, on or about August 20, 2004, the Debtor filed this adversary proceeding (the **"Adversary Proceeding"**) seeking subordination of Magten's claims, actual damages, equitable relief and objecting to the Magten Claim, based on Magten's improper trading of the QUIPS, as set forth above.

17.    On or about September 28, 2004, the Defendants filed the Motion of Magten Asset Management and Talton R. Embry to Dismiss the Complaint of NorthWestern Corporation For Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the **"Motion to Dismiss"**) in the Adversary Proceeding, and on November 8, 2004, this Court entered an Order denying the Motion to Dismiss.

- 5 -

18.     In addition, on or about November 17, 2004, Magten, joined by Law Debenture, filed a Motion and Memorandum in Support of Motion for Stay of Adversary Proceeding Pending Resolution of Motion to Withdraw the Reference to Bankruptcy Court (the **"Motion for Stay"**), and on December 12, 2004, the Court entered an Order denying the Motion for Stay as it relates to the Adversary Proceeding.

19.     On December 10, 2004, the Defendants served their First Request for Production of Documents to NorthWestern Corporation on the Debtor (the **"NOR Production Request"**), and on December 14, 2004, the Defendants served on the Debtor (i) their Notice of Deposition Pursuant to Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 30(b)(6) of the Federal Rules of Civil Procedure (the **"NOR Deposition Notice"**), and (ii) Magten Asset Management Corporation and Talton Embry's First Set of Interrogatories to NorthWestern Corporation (the **"NOR Interrogatories"**).

20.     On December 14, 2004, the Defendants also served a Subpoena in the Adversary Proceeding on Paul Hastings (the **"PHJW Subpoena,"** collectively with the NOR Production Request, the NOR Deposition Notice, and the NOR Interrogatories, the **"NOR Discovery Requests"**).   A true and correct copy of the PHJW Subpoena is attached hereto as Exhibit A.

21.     In addition to the NOR Discovery Requests, Magten served ten (10) other parties with discovery requests (collectively, with the NOR Discovery Requests, the **"Discovery Requests"**), seeking substantially similar information from each party that was served with such requests.[1]

---

[1] Contemporaneously herewith, NorthWestern has filed a motion seeking a protective order addressing the Discovery Requests.

22.    On December 28, 2004, Paul Hastings filed with this Court the Response of Paul, Hastings, Janofsky & Walker LLP to Subpoena in Adversary Proceeding, wherein Paul Hastings objected to the PHJW Subpoena on the grounds set forth in this Motion (the **"PHJW Objections"**).

**RELIEF REQUESTED AND BASIS FOR RELIEF**

The PHJW Subpoena is Duplicative of the NOR Production Request and Seeks Information That is Clearly Protected by Attorney-Client Privilege and Work-Product Doctrine

23.    Paul Hastings respectfully requests the Court to enter an order to quash the PHJW Subpoena, pursuant to Bankruptcy Rule 7045(c)(3)(A), because the information sought by the Defendants is duplicative in its entirety of the NOR Production Request, the NOR Deposition Notice and the NOR Interrogatories.  The PHJW Subpoena also appears to seek documents clearly protected by the attorney-client privilege and the work-product doctrine.

24.    Bankruptcy Rule 7045(c)(3)(A) provides that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify a subpoena if it . . . requires the disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden."

25.    Further, pursuant to Bankruptcy Rule 7026(b)(2), discovery methods otherwise permitted "shall be limited by a court if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999); *Gargiulo v. MGI Communications, LP*, Civ.A. No. 91-3885, 1992 WL 22242, at *2 (E.D. Pa. 1992) (applying Fed. R. Civ. P. 26(b)).

- 7 -

26.    The NOR Production Request is entirely duplicative of the documents requested in the PHJW Subpoena.  If the Court were to compare the discovery requested in the PHJW Subpoena to the discovery the Defendants seek in the NOR Production Request, attached hereto as <u>Exhibits A</u> and <u>B</u> respectively, it would find that the requests are virtually identical.  Aside from the information requested in the NOR Production Request, the only other information Paul Hastings possesses that is arguably responsive to the PHJW Subpoena relates to documents shared between and among Paul Hastings, the Debtor, and the Debtor's retained professionals addressing the facts and circumstances giving rise to the Adversary Proceeding.  These documents are clearly protected by the attorney-client privilege and work-product doctrine.

27.    Further, it was the pattern and practice for NorthWestern's senior management and/or internal legal advisors to be present when material, confidential, information was provided to the Committee and its advisors.  Aside from the Debtor's efforts to resolve the Defendants' claims early in 2004, and again during the contested confirmation process, the Debtor had minimum direct communications with the Defendants and/or their legal counsel, Fried Frank, other than through pleadings filed in the Chapter 11 Case and Adversary Proceeding, discovery conducted during the confirmation process, and settlement negotiations relating to confirmation.  The Defendants and/or their legal advisors, Fried Frank, as parties to these communications, already have the documents comprising these communications.

28.    Accordingly, since the PHJW Subpoena seeks information that is duplicative of the NOR Production Request, or seeks information protected by the attorney-client privilege or work-product doctrine, Paul Hastings respectfully requests this Court to quash the PHJW Subpoena.

- 8 -

<u>Paul Hastings Does Not Possess Additional Responsive Documents</u>

29.     Paul Hastings also seeks a protective order preventing the duplicative production of documents that are responsive to the NOR Production Request.   As retained legal counsel to NorthWestern, Paul Hastings does not have any non-privileged, responsive, documents in its custody or control other than documents belonging to NorthWestern, which are subject to the NOR Production Request.   As such, Paul Hastings should not be compelled to produce such duplicative and cumulative documents pursuant to Bankruptcy Rule 7026(b)(2). *See Bayer,* 173 F.3d at 191.

30.     Further, Paul Hastings seeks an order quashing the subpoena as to a 2004 examination of Paul Hastings.  Paul Hastings has no information responsive to the PHJW Subpoena, including the areas of inquiry for the testimony outlined in Exhibit A to the PHJW Subpoena.  In fact, the areas of inquiry are, for the most part, identical to the NOR Production Request, the NOR Deposition Notice and the NOR Interrogatories.   To subject the Debtor's counsel to examination is not only unnecessary, it is harassing and, in light of the NOR Discovery Requests, duplicative, and not likely to lead to the discovery of any admissible evidence. *Id.*

31.     Lastly, Paul Hastings is not a percipient witness and should not be required to submit to a deposition that will result in nothing more than the assertion of the attorney-client privilege.  "The practice of forcing trial counsel to testify as a witness, however, has long been discouraged . . . and recognized as disrupting the adversarial nature of our judicial system." *See Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1987), *quoting Hickman v. Taylor,* 329 U.S. 495, 513-16 (1947).   In addition, "[t]aking the deposition of opposing counsel not only disrupts the adversarial

system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." *Shelton*, 805 F.2d at 1327.

32.    The generally accepted circumstances under which courts allow the taking of opposing counsel's deposition are limited to those cases where (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Id.*; *Smith v. U.S.*, 193 F.R.D. 201 (D. Del. 2000) (adopting the standards set forth in *Shelton*). Through the PHJW Subpoena, the Defendants seek discovery that is duplicative of the NOR Production Request, the NOR Deposition Notice and the NOR Interrogatories and, as such, the Defendants have alternate means to obtain such information other than deposing Paul Hastings.

33.    Pursuant to Bankruptcy Rule 7026(c), the Court may also make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.

34.    Accordingly, Paul Hastings seeks a protective order from this Court quashing the PHJW Subpoena in its entirety because Paul Hastings is not in possession of any non-privileged responsive materials other than those documents which are subject to the specific discovery requests directed to NorthWestern and, as such, the PHJW Subpoena is duplicative, unnecessary and designed for the sole purpose of harassing the Debtor's retained counsel.

## NOTICE

35.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee, (ii) counsel for the Official Committee of Unsecured Creditors, (iii) counsel for Law Debenture, and (iv) counsel for the Defendants. In light of the nature of

the relief requested herein, Paul Hastings submits that no other or further notice of the Motion is required.

## NO PRIOR REQUEST

36.    No prior request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, Paul Hastings respectfully requests that the Court (i) enter an order quashing the PHJW Subpoena, and (ii) enter a protective order, substantially in the form annexed hereto.


Dated:  December 30, 2004
        Wilmington, Delaware

Respectfully submitted,

Finger & Slanina, LLC

  /s/  David L. Finger

David L. Finger (DE Bar ID #2556)
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE  19801-1115
Telephone: (302) 884-6766

***Attorney for Paul, Hastings, Janofsky & Walker LLP***

**EXHIBIT A**

(See Attached)

ATL/1081179.2

B255 (11/97) Subpoena in an Adversary Proceeding

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

| In re | SUBPOENA IN |
|---|---|
| Northwestern Corporation, | AN ADVERSARY PROCEEDING |
| Reorganized Debtor | Case No.  03-12872 (JLP) |
| | Chapter 11 |
| | Pending in the U.S. Bankruptcy Court |
| | for the District of Delaware |

Northwestern Corporation,
　　　　　　　　Plaintiff

　　　　v.　　　　　　　　　　　　　Adv. Proc. No.  04-55051

Magten Asset Management Corporation　　Pending in the U.S. Bankruptcy Court
and Talton R. Embry,　　　　　　　　for the District of Delaware
　　　　　　　　Defendants

To:　　Paul, Hastings, Janofsky & Walker LLP by person designated pursuant to Schedule A
　　　　75 E. 55th Street
　　　　New York, New York  10022

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE | Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY  10004 | DATE AND TIME<br>January 11, 2005 at 10:00 a.m. |
|---|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See attached Schedule B

| PLACE | Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY  10004 | DATE AND TIME<br>January 4, 2005 at 10:00 a.m. |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>Attorney for Defendants | DATE<br>12/13/04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004
(212) 859-8000

B255 (11/97) Subpoena in an Adversary Proceeding

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | | | |
| SERVED ON (PRINT NAME) | | | MANNER OF SERVICE |
| | | | |
| SERVED BY (PRINT NAME) | | | TITLE |
| | | | |

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

3(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more that 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or in-formation not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

On January 11, 2005 at 10:00 a.m. E.S.T. at the office of Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York the attorneys for Magten Asset Management Corporation and Talton R. Embry will take the deposition of a representative or representatives of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings"), pursuant to Fed. R. Civ. P. 30(b)(6) made applicable by Fed. R. Bankr. P. 7030, upon oral examination before a Notary Public, or some other official authorized by law to take depositions. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue from day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such other purposes as permitted by law. You are invited to attend and take such part as fit and proper. The topics upon which Paul Hastings shall be prepared to testify are as follows:

1.    The chapter 11 case of NorthWestern Corporation, including, but not limited to those issues related to or involving the Committee or either Defendant.

2.    Any confidential or non-public documents concerning NorthWestern Corporation provided to either Defendant.

3.    Any communications concerning confidential or non-public information, documents or communications provided to or discussed with either Defendant concerning NorthWestern Corporation

4.    Any and all documents, communications or documents relating to communications concerning, involving, or relating to Defendants, Defendants' purchases and sales of QUIPS, or Defendants' involvement with the Committee.

5.    Any meetings or teleconferences concerning the Committee or the Defendants between Paul Hastings or NorthWestern Corporation and third parties, including but not limited to the Committee or the Defendants, and any materials distributed at or in preparation for such meetings or teleconferences, and any documents related to or communications concerning such meetings or teleconferences.

1

6.    Any actual or potential damages or injury suffered by the Committee, any member of the Committee, or any creditor of NorthWestern Corporation as a result of the acts or omissions alleged in the Complaint.

7.    The compliance or lack thereof of any person subject to the Trading Order.

8.    The compliance or lack thereof of any person subject to the Confidentiality Agreement.

9.    Your knowledge of communications in this case between you and any other Person, including but not limited to NorthWestern Corporation, the Committee or any member of the Committee, concerning involving or relating to either Defendant.

10.    Any and all documents, communications, or documents relating to communications concerning, involving, or relating to the purchases and sales of securities of or claims against NorthWestern Corporation by the Committee or any member thereof.

11.    The efforts undertaken to respond to the requests for documents set out in Schedule B to this subpoena and the contents of those responsive documents.

### Schedule B

1.    All documents relating to or referring to communications between Paul Hastings and the Defendants.

2.    All non-public, confidential documents concerning NorthWestern Corporation provided to the Defendants.

3.    All documents relating to or referring to communications between Paul Hastings and any other party relating to the Defendants.

4.    All documents and communications relating to the purchase or sale of the QUIPS by the Defendants.

5.    All documents relating to and communications referring to the purchase or sale of securities of NorthWestern Corporation by members of the Committee.

6.    All documents relating to and communications referring to the compliance or lack thereof with the Trading Order by and person subject to the Trading Order.

7.    All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and the present.

8.    All documents relating to or communications concerning any damages or injury suffered by any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

9.    All documents relating to or communications concerning the identity of any creditor of NorthWestern Corporation that has suffered damages or injuries, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

10.    All documents relating to communications regarding the Confidentiality Agreement.

11.    All documents relating to and communications regarding the Trading Order.

12.    All documents relating to and communications regarding the Magten Proposed Trading Order.

<u>DEFINITIONS</u>

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.    "Adversary Proceeding" shall mean *NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry,* Case No. 04-55051 (JLP), United States Bankruptcy Court for the District of Delaware.

2.    "Affiliates" means any person or entity controlled by, controlling or under common control with any other person or entity.

3.    "All" means "any and all," and "any" means "any and all."

4.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3

5.    "Committee" shall mean the Official Committee of Unsecured Creditors of NorthWestern Corporation, and each individual member of the Committee, which members were initially appointed by the United States Trustee on October 1, 2003, and as such membership has changed from time to time and shall include agents, representatives, advisors and attorneys of the Committee.

6.    "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

7.    "Confidentiality Agreement" shall mean that certain agreement executed by the members of the Committee dated as of December 18, 2003.

8.    "Defendants" shall mean Embry and Magten.

9.    "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, recording, correspondence, communication, photograph, computer data (including e-mail), or any other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

10.    "Documents relating to" means documents containing, constituting, showing or relating or referring in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

11.    "Embry" shall mean Talton R. Embry in his capacity as Chairman of Magten, including but not limited to Embry's present and former employees, agents, representatives and attorneys.

12.    "Including" means including, but not limited to.

13.    "Magten" shall mean Magten Asset Management Corporation and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including

4

but not limited to present and former officers, directors, employees, agents, representatives and attorneys.

14.   "Magten Proposed Trading Motion" shall mean that certain draft proposed motion to clarify the Trading Order, together with any other draft documents in support thereof, including but not limited to a draft form of order, circulated on or about February 5, 2004.

15.   "NorthWestern Corporation" shall mean NorthWestern Corporation, its Affiliates and any parent, subsidiary, predecessor and successor, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern Corporation's present and former officers, directors, employees, servants, agents, representatives, financial advisors and attorneys.

16.   "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

17.   "QUIPS" shall mean the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital I, a business trust established pursuant to the Delaware Business Trust Act.

18.   "Trading Order" shall mean that certain order dated November 6, 2003 by the United States Bankruptcy Court for the District of Delaware Permitting Securities Trading Upon an Establishment of an Ethical Wall, and all documents filed in support thereof.

<u>INSTRUCTIONS</u>

1.   "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2.   References to the singular shall include the plural, and references to the plural shall include the singular.

5

3.      The documents covered by this request include all documents in the possession, custody or control of Paul Hastings, or any documents that were generated or received by Paul Hastings or otherwise came into existence or were utilized by Paul Hastings from October 1, 2003 through the date of production.

4.      A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

5.      A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

6.      With respect to each document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter, number of pages, attachments or appendices, present custodian, and identify the nature of, and grounds for, each claim of privilege.

7.      If any of the documents requested herein were, but no longer are, in the possession, custody, or control of Paul Hastings, state what disposition was made of such documents, why, and include the date and place of disposition and the person(s) who disposed of the document(s).

8.      The documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the document has been produced.

6

EPS Judicial Process Service, Inc.
29-27 41st Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re

      NORTHWESTERN CORPORATION,
                      Reorganized Debtor,

------------------------------------------------------------------X

NORTHWESTERN CORPORATION,

                      Plaintiff(s),

      -against-

MAGTEN ASSET MANAGEMENT CORPORATION
AND TALTON R. EMBRY,

                    Defendant (s).

------------------------------------------------------------------X

Index No. 03-12872
Chapter 11
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

Adv. Proc. No. 55051/2004
Pending in the U.S.
Bankruptcy Court for the
District of Delaware

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW JERSEY  )
                    :s:
COUNTY OF QUEENS    )

      WILSON AMAYA, being duly sworn deposes and says:

      I am not a party to this action, am over the age of eighteen years of age,
and reside in the State of New York.

      On the 14th day of December, 2004, at approximately 1:35 p.m. at 75 East 55th
Street, New York, New York, I served a true copy of the SUBPOENA IN AN
ADVERSARY PROCEEDING, in the above entitled-action, upon PAUL HASTINGS
JANOFSKY & WALKER by personally delivering to and leaving thereat a true copy of
the above mentioned document with Frank Dagostino. At time of service, Mr. Dagostino
identified himself as the Assistant Managing Clerk for Paul Hastings Janofsky & Walker
and as a person authorized to accept service of process for Paul Hastings Janofsky &

Walker.  Also at time of service, I tendered Mr. Dagostino the $40.00 witness fee and traveling expenses for Paul Hastings Janofsky & Walker.

Mr. Dagostino is a Caucasian male, approximately 34-39 years of age, 5'11" tall, 200 lbs, with dark hair and dark eyes.

Sworn to before me this,
14th day of December, 2004

WILSON AMAYA
License No. 1161499

NOTARY PUBLIC

EDWIN PATRICK SANTAMARIA
Notary Public, State of New York
No. 01SA6062013
Qualified in New York County
Commission Expires July 30, 20 05

**EXHIBIT B**

(See Attached)

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NORTHWESTERN CORPORATION, | Case No. 03-12872 (JLP) |
| Reorganized Debtor. | |
| NORTHWESTERN CORPORATION,<br>Plaintiff, | |
| v. | Adv. No. 04-55051 (JLP) |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br>and TALTON R. EMBRY, | |
| Defendants. | |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO NORTHWESTERN CORPORATION

Pursuant to Rules 1018 and 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure, Magten Asset Management Corporation and Talton R. Embry request that NorthWestern Corporation, a party to the above-captioned adversary proceeding, produce for examination, inspection and copying at the offices of Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004, at 9:30 a.m. on December 30, 2004 all of the documents described below which are in the possession, custody or control of NorthWestern Corporation, or of any persons acting on its behalf.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.    "Affiliates" means any person or entity controlled by, controlling or under common control with any other person or entity.

2.    "All" means "any and all," and "any" means "any and all."

3.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.    "Committee" shall mean the Official Committee of Unsecured Creditors of NorthWestern Corporation, and each individual member of the Committee, which members were initially appointed by the United States Trustee on October 1, 2003, and as such membership has changed from time to time and shall include agents, representatives, advisors and attorneys of the Committee.

5.    "Complaint" shall mean the complaint filed in *NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry,* Case No. 04-55051 (JLP), United States Bankruptcy Court for the District of Delaware.

6.    "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

7.    "Confidentiality Agreement" shall mean that certain agreement executed by the members of the Committee dated as of December 18, 2003.

8.    "Defendants" shall mean Embry and Magten.

9.    "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, recording, correspondence, communication, photograph, computer data (including e-mail), or any other item containing information of any kind or nature, however produced or

2

reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

10.    "Documents relating to" means documents containing, constituting, showing or relating or referring in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

11.    "Embry" shall mean Talton R. Embry in his capacity as Chairman of Magten, including but not limited to Embry's present and former employees, agents, representatives and attorneys.

12.    "Including" means including, but not limited to.

13.    "Magten" shall mean Magten Asset Management Corporation and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, agents, representatives and attorneys.

14.    "Magten Proposed Trading Motion" shall mean that certain draft proposed motion to clarify the Trading Order, together with any other draft documents in support thereof, including but not limited to a draft form of order, circulated on or about February 5, 2004.

15.    "NorthWestern Corporation" refers to the above-captioned reorganized debtor, its Affiliates and any parent, subsidiary, predecessor and successor, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern Corporation's present and former officers, directors, employees, servants, agents, representatives and attorneys; provided, however, that NorthWestern

3

Corporation shall not be construed to include Clark Fork, which has been separately defined herein.

16.    "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

17.    "QUIPS" shall mean the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital I, a business trust established pursuant to the Delaware Business Trust Act.

18.    "This Case" shall mean *NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry,* Case No. 04-55051 (JLP), United States Bankruptcy Court for the District of Delaware.

19.    "Trading Order" shall mean that certain order dated November 6, 2003 by the United States Bankruptcy Court for the District of Delaware Permitting Securities Trading Upon an Establishment of an Ethical Wall, and all documents in support thereof.

<u>INSTRUCTIONS</u>

1.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2.    References to the singular shall include the plural, and references to the plural shall include the singular.

3.    The documents covered by this request include all documents in the possession, custody or control of NorthWestern Corporation, or any documents that were generated or received by NorthWestern Corporation or otherwise came into existence or were

4

utilized by NorthWestern Corporation from January 1, 2002 through the date of production. This request also calls for the production of documents kept or maintained by counsel for NorthWestern Corporation or financial advisors to NorthWestern Corporation from January 1, 2002 through the date of production.

4.     A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

5.     A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

6.     With respect to each document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter, number of pages, attachments or appendices, present custodian, and identify the nature of, and grounds for, each claim of privilege.

7.     If any of the documents requested herein were, but no longer are, in the possession, custody, or control of NorthWestern Corporation, state what disposition was made of such documents, why, and include the date and place of disposition and the person(s) who disposed of the document(s).

8.     The documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the document has been produced.

5

## REQUESTS FOR PRODUCTION

REQUEST NO. 1

All documents relating to or communications concerning the allegations set forth in the Complaint.

REQUEST NO. 2

All documents reviewed by any expert retained by NorthWestern Corporation in this case or prepared by any such expert, including all expert reports, drafts of reports, correspondence, notes or other documents.

REQUEST NO. 3

All documents provided to the Defendants by NorthWestern Corporation.

REQUEST NO. 4

All confidential or non-public documents concerning NorthWestern Corporation provided to Defendants by NorthWestern Corporation or any other person or entity.

REQUEST NO. 5

All documents relating to communications between NorthWestern Corporation and the Defendants.

REQUEST NO. 6

All documents referring or relating to Defendants and communications concerning the Defendants including but not limited to those between NorthWestern Corporation and the Committee.

REQUEST NO. 7

All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation by Defendants or any member of the Committee between October 1, 2003 and the present.

REQUEST NO. 8

All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or

any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and the present.

REQUEST NO. 9

     All documents relating to or communications concerning any damages or injury suffered by any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Complaint.

REQUEST NO. 10

     All documents relating to or communications concerning the computation and method of computation of damages or injury suffered by any creditor of NorthWestern Corporation, for which NorthWestern Corporation seeks any relief in respect of in this case.

REQUEST NO. 11

     All documents relating to or communications concerning the identity any creditor of NorthWestern Corporation that has suffered damages or injuries, for which NorthWestern Corporation seeks any relief in respect of in this case.

REQUEST NO. 12

     All documents identified in response to Defendant's First Set of Interrogatories.

REQUEST NO. 13

     All documents relating to or communications concerning the Trading Order.

REQUEST NO. 14

     All documents relating to or communications concerning the Confidentiality Agreement.

REQUEST NO. 15

     All documents relating to or communications concerning the Magten Proposed Trading Motion.

7

Dated:  Wilmington, Delaware
       December 10, 2004

**BLANK ROME LLP**



Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6400
Facsimile:   (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER &**
   **JACOBSON LLP**
Bonnie Steingart, Esq.
Gary Kaplan, Esq.
One New York Plaza
New York, NY 10004
Telephone:  (212) 859-8000
Facsimile:   (212) 859-4000

Counsel for Magten Asset Management
   Corporation and Talton R. Embry

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza
New York, NY 10004-1980
Tel: 212.859.8000
Fax: 212.859.4000
www.friedfrank.com

Direct Line:  212.859.8651
Fax:  212.859.8583
costeme@ffhsj.com

December 10, 2004

By Hand

Adam Cole
Greenberg Traurig, LLP
885 Third Avenue
New York, NY 10022

Re:    In re Northwestern Corporation Case No. 03-12782; NorthWestern
       Corporation v. Magten Asset Management Corporation and Talton R.
       Embry Adv. No. 04-55051

Dear Mr. Cole:

        Enclosed please find Defendants' First Request for Production of Documents
to NorthWestern Corporation.  Please note that we anticipate serving the interrogatories
referenced in Request Number 12 on Monday.

                    Sincerely,

                    Meagan Costello

                    Meagan Costello

cc:    Scott Cousins
       Bonnie Steingart

A Delaware Limited Liability Partnership
New York • Washington • Los Angeles • London • Paris