**<u>EXHIBIT Q</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| NORTHWESTERN CORPORATION, | ) | |
| | ) | Bankruptcy Case No. 03-12872 (JLP) |
| Reorganized Debtor. | ) | |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | Case No. 04-55051 (JLP) |
| v. | ) | |
| | ) | **Proposed Hearing Date:  January 7, 2005 at** |
| MAGTEN ASSET MANAGEMENT | ) | **11:30 a.m.** |
| CORPORATION and TALTON R. EMBRY | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION BY THE COMMITTEE FOR PROTECTIVE ORDER PURSUANT TO RULE 7026(c) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 26(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), as counsel to the Official Committee of Unsecured Creditors appointed in the above-captioned Chapter 11 case for NorthWestern Corp. ("NorthWestern," the "Debtor" or "Plaintiff"), Houlihan, Lokey, Howard & Zulkin, as financial advisor to that committee ("Houlihan"), and former members of that committee, Franklin Mutual Advisers LLC ("Franklin"), Comanche Park, LP ("Comanche"), HSBC Bank USA ("HSBC"), AG Capital Recovery Partners III, L.P. ("AG"), Avenue Capital Management ("Avenue"), OCM Opportunities Fund ("OCM"), and Wilmington Trust Corporation ("WTC"), (collectively, the "Committee") and hereby files this Motion for Protective Order (the "Motion"), pursuant to Rule 7026(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

571186v1

1/6/05
78

Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules"), with respect to the nine subpoenas (the "Subpoenas") in the Adversary Proceeding (as defined herein) that were addressed to the Committee by Magten Asset Management Corporation ("Magten") and Talton R. Embry ("Mr. Embry," together with Magten, the "Defendants") on either December 13 or 15, 2004,[1] and respectfully shows the Court as follows:

## Jurisdiction and Venue

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this Chapter 11 case and the Motion is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.    On September 14, 2003 (the "Petition Date"), NorthWestern, a publicly traded utility company incorporated in Delaware, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Office of the United States Trustee appointed the Official Committee of Unsecured Creditors in the Debtor's bankruptcy proceeding on September 30, 2003.

3.    Paul, Weiss served as legal counsel to the Committee. Houlihan served as financial advisor to the Committee. The other Committee Members (Franklin Templeton, Comanche, HSBC, AG, Avenue, OCM, and WTC) served on the Committee during the Chapter 11 Case.

4.    On October 8, 2004, the Court entered an Oral Ruling Confirming the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the

---

[1]    The Subpoenas are attached as Exhibit A-I.

Bankruptcy Code, and on October 19, 2004, the Court entered its Final Order Confirming the

Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the

Bankruptcy Code (the "Confirmation Order"). The effective date (the "Effective Date") of

the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of

the Bankruptcy Code was November 1, 2004.

       5.      Mr. Embry was at all relevant times the 100% owner and Chairman of

Magten, and Magten is a corporation organized under the laws of Delaware, having its

principal place of business located at 410 Park Avenue, 14th Floor, New York, New York

10022.

       6.      Magten filed a Proof of Claim, designated claim number 842 by the

Debtor's claims agent (the "Magten Claim"). The Magten Claim asserts unliquidated claims

against the Debtor's estate for damages resulting from the alleged fraudulent transfer of the

utility assets of Northwestern Energy, LLC to Northwestern on November 15, 2002 (the

"Transfer") and the face amount of the certain of the Debtor's Series A 8.45% Quarterly

Income Preferred Securities (the "QUIPS") that were held by Magten as of the Petition Date.

       7.      On or about November 6, 2003, this Court entered its Order Permitting

Securities Trading Upon Establishment of Ethical Wall (the "Securities Trading Order").

The Securities Trading Order prohibits members of the Committee from trading in the

securities of the Debtor and its affiliates, except in circumstances where Committee members

establish and implements an ethical wall (the "Ethical Wall") in accordance with the terms

and conditions of the Securities Trading Order.

       8.      Upon request of the Defendants, and by notice dated November 25,

2003, the Office of the United States Trustee for the District of Delaware (the

"Trustee") appointed Magten to the Committee.  Magten was represented on the Committee by its 100% principal, Embry, and by its legal counsel Fried, Frank, Shriver & Jacobson LLP ("Fried Frank").

9.    On April 16, 2004, Magten and Law Debenture Trust Company of New York ("Law Debenture") filed an adversary proceeding to avoid the transfer of assets of Clark Fork and Blackfoot LLC (f/k/a Northwestern Energy, LLC) ("Clark Fork") to the Debtor in November 2002, pursuant to what is generally referred to as the "going flat" transaction (the "Magten Adversary Proceeding").

10.    The Magten Adversary Proceeding resulted in an inherent conflict between the Defendants and the Committee.  Accordingly, in a letter dated May 6, 2004, the Trustee removed Magten from the Committee, stating that the relief sought in the Magten Adversary Proceeding "is inconsistent with Magten's . . . fiduciary duty to the Committee's constituents, the general unsecured creditors of North Western Corporation."

11.    Thereafter, on or about August 20, 2004, the Debtor filed this adversary proceeding (the "Adversary Proceeding") seeking subordination of Magten's claims, actual damages, equitable relief and objecting to the Magten Claim, based on the allegation that Magten possessed material, non-public information, and traded certain QUIPs while in possession of this knowledge in violation of both its fiduciary duties and the Trading Order.

12.    On December 10, 2004, the Defendants served their First Request for Production of Documents to Northwestern Corporation, and on December 14, they served their Notice of Deposition and Interrogatories.  NorthWestern has moved for a protective

order regarding the discovery requests (Adv. Dkt. No. 60) that will be the subject of an expedited hearing by this Court on January 7, 2005. (See Adv. Dkt. No. 74.)

13.     Not content with seeking discovery from Plaintiff, on December 14, 2004, the Defendants served a Subpoena in the Adversary Proceeding on the Debtor's attorney, Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings"). Paul Hastings filed a Motion to Quash Subpoena And For Protective Order in this Court on December 30, 2004 (Adv. Dkt. No. 64), withdrew that motion on January 3 (Adv. Dkt. No. 66), and refiled it in the Bankruptcy Court of Southern District of New York on January 4, 2004.

14.     In addition to Plaintiff, Magten proceeded to serve ten other parties with discovery requests, seeking substantially similar information from all Committee Members. The ten parties include the Committee members, as well as the Debtor's financial advisor, Lazard Freres.

15.     Pursuant to Bankruptcy Rule 7026(c) and Federal Rule 26(c), the Court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.

16.     The nine Committee Members now seek a protective order limiting these depositions. They seek a protective order from this Court rather than moving to quash in each of the four courts from which these subpoenas issued. Plaintiff has conceded that this is the proper Court to hear such an issue.

17.     Specifically, on January 5, 2004, Defendants filed a Supplemental Objection (Adv. Dkt. No. 72) arguing that the Debtor's withdrawal and refiling of its Motion to Quash in the District Court for the Southern District of New York, from whence

the subpoena was issued, was improper. Instead, Defendants argued this Court is the proper forum for seeking such a protective order. Defendants stated that bringing the protective order motion before this Court, and obtaining such an order therefrom, "could have had the same practical effect [as quashing the subpoena] with the added benefit of appearing before a Court that was already familiar with the issues and the parties." (Def. Supp. Obj. at 2 (Adv Dkt. No 73).) This is correct as a matter of Delaware law. See Mannington Mills v. Armstrong World Inds., Inc., 206 F.R.D. 525, 529 (D. Del. 2002) (equating Fed. R. Civ. P. 26(c) and Fed. R. Civ. P 45(c) and stating that "a non-party moving to quash a subpoena, in essence, is the same as moving for a protective order that discovery not be allowed.")

### Defendants Seek Irrelevant Information

18.    As the Committee understands it, the primary issue in the Adversary Proceeding is whether Defendants traded on the basis of information that they had obtained when on the Committee.

19.    The Third Party Requests, however, seek 30(b)(6) depositions from each Committee Member on far-reaching subjects that go way beyond this limited topic or the likely knowledge that any Committee Member would have. The deposition topics cover "the [entire] Chapter 11 case of NorthWestern corporation, including *but not limited* to those issues related to or involving the Committee or either defendant"; the damages suffered "by *any creditor* of the NorthWestern as a result of the acts or omissions alleged in the complaint," the "compliance of *any person* to the Trading Order and Confidentiality order," and knowledge by the subpoenaed party of all the subpoenaed party's purchases and sales of securities of or claims against NorthWestern Corporation. These requests are inappropriate as they purport to require the Committee Members to testify on matters that are not relevant to

whether Defendants possessed (and traded on) material non-public information. Moreover, the proposed depositions are burdensome, duplicative, and redundant.

20.    Accordingly, the Committee seek the protection of this Court.

### The Subpoenas Are Burdensome

21.    Defendants seek to depose ten non-parties, nine of whom are represented here, including seven members of the Committee, their legal advisor and their financial advisor. The depositions are scheduled to take place all over the United States; the Committee members have been subpoenaed in four different jurisdictions.

22.    It would be expensive and burdensome for the Committee to prepare for and submit to even a single deposition on the wide range of topics covered by the 30(b)(6) request. Nine such depositions would be intolerable. In addition, it is patently unfair to place such a burden on the Committee and its former members now that the Plan has been confirmed and has become effective. Indeed, permitting such wide ranging discovery against former Committee Members about internal committee discussions as well as confidential and proprietary business information is wholly at odds with the policy encouraging vigorous committee debate and would send a chilling message to persons considering future membership on such committees.

23.    On its face, Defendants' deposition requests are unlawful. Under Federal Rule 30(a)(2) and Bankruptcy Rule 7030(a)(2), a party must obtain the leave of the Court if it seeks to take more then 10 depositions; Magten seeks a total of 13 depositions — 11 non-party depositions and 2 depositions of the Plaintiffs. (See Motion for Expedited Teleconference at 2 (Adv. Dkt. No. 70.) No such leave has been sought, much less granted.

## The Discovery Requests Are Duplicative
## And Seek Cumulative Discovery

24.     The nine subpoenas are virtually identical, differing only in the parties to which they are addressed.

25.     If Defendants do legitimately need discovery from the Committee on the information provided to Defendants by the Committee, there is no reason why Defendants could not obtain this information with a single deposition of an appropriate Committee representative.

26.     The fact that Defendants have not requested particularized information from any Committee Member about a specific meeting, discussion, report, or conversation shows that the requests were not designed to reduce the burden on the subpoenaed parties. It also demonstrates that Defendants do not have a specific need for the deposition of any Committee Member, let alone of every single Committee Member.

27.     Defendants have stated that they need discovery primarily to obtain "the alleged 'material, non-public information" upon which Defendants are alleged to have traded." (Def. Supp. Obj. at 3; (Adv. Dkt. No. 73.) Clearly, however, this is a question that should be resolved between the Plaintiff and the Defendants, not through a third party.

28.     Furthermore, Defendants themselves have much of the information they are seeking. Defendants should know what information and documents they were provided while on the Committee and what communications they had with the Committee Members. This renders the requests for such information from the Committee duplicative.

### Relief Requested And Basis For Relief

#### The Requests For Depositions of Non-Party
#### Should Be Quashed As Burdensome And Cumulative

29.     The Committee respectfully request the Court to enter an order preventing Defendants from deposing Committee, pursuant to Bankruptcy Rule 7026(b)(2), because the information sought by the Defendants is entirely burdensome, cumulative and more readily obtainable from the parties to the Adversary Proceeding.

30.     By filing such burdensome requests, Defendants have violated their obligations under Federal Rule 45(c)(1) and Bankruptcy Rule 9016(c)(1) to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

31.     Further, pursuant to Federal Rule 26(b) and Bankruptcy Rule 7026(b)(2), discovery methods otherwise permitted "shall be limited by a court if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." See Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999); Gargiulo v. MGI Communications, LP, Civ.A. No. 91-3885, 1992 WL 22242, at *2 (E.D. Pa. 1992).

32.     Accordingly, the Committee request that the Court enter a protective order prohibiting Defendants from taking any depositions of any Committee Member, or in the alternative, limiting Defendants to deposing a single Committee representative.

#### The Subpoena to Paul, Weiss Should be Quashed
#### In Its Entirety for Additional Reasons

33.     Paul, Weiss also seeks a protective order preventing the duplicative production of documents that are responsive to the NOR Production Request.  As retained legal counsel to the Committee, Paul, Weiss does not have any non-privileged, responsive, documents in its custody or control other than documents it holds in its role as Committee

advisor, which are subject to the Production Requests. As such, Paul, Weiss should not be compelled to produce such duplicative and cumulative documents pursuant to Bankruptcy Rule 7026(b)(2). See Bayer, 173 F.3d at 191.

34.    Paul, Weiss is not a participant witness and should not be required to submit to a deposition that will result in nothing more than the assertion of the attorney-client privilege. See In re Subpoenas Duces Tecum Dated March 16, 1992, 978 F.2d 1159, 1161 (9th Cir. 1992) (recognizing attorney-client privilege between a creditor's committee and its counsel.) .

35.    Through the Subpoena to Paul, Weiss, the Defendants seek discovery of information that Defendants have and that is duplicative of the Request to both Plaintiff, other non-parties, and the Committee Members. As such, the Defendants have alternate means to obtain such information other than deposing Paul, Weiss.

36.    Accordingly, Paul, Weiss seeks a protective order from this Court quashing the Paul, Weiss Subpoena in its entirety for the additional reason that Paul, Weiss does not possess any non-privileged responsive materials other than those documents that it holds in its role as legal advisor and as such the Paul, Weiss subpoena is designed for the sole purpose of harassing the Committee's retained counsel.

## Notice

37.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee, (ii) counsel for the plaintiff, and (iii) counsel for the defendants. In light of the nature of the relief requested herein, the Non-Moving Parties submits that no other or further notice of the Motion is required.

**No Prior Request**

38.     No prior request for the relief sought herein has been made to this or to any other Court.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court (i) enter a protective restricting Defendants from taking any depositions of the Committee Members, and quashing the Paul Weis Subpoena in its entirety.

Dated: January 6, 2005
       New York, New York

                         THE BAYARD FIRM

                         Neil Glassman (#2087)
                         Charlene D. Davis (#2336)
                         Eric M. Sutty (#4007)
                         222 Delaware Avenue, Suite 900
                         P.O. Box 25130
                         Wilmington, Delaware 19899
                         (302) 650-5000

                                 - and -

                         PAUL, WEISS, RIFKIND, WHARTON
                            & GARRISON LLP
                         Alan W. Kornberg
                         Mark H. Alcott
                         James G. Wheaton
                         1285 Avenue of the Americas
                         New York, New York 10019
                         (212) 373-3000

                         Attorneys for Paul, Weiss, Rifkind, Wharton
                         & Garrison LLP, Houlihan, Lokey, Howard &
                         Zulkin, Franklin Templeton Mutual Services
                         Fund, Comanche Park LP, HSBC Bank
                         U.S.A., AG Capital Recovery Partners III,
                         L.P., Avenue Capital Management, OCM
                         Opportunities Fund, and Wilmington Trust
                         Corporation

571186v1                    11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                          )
                                                )    Chapter 11
NORTHWESTERN CORPORATION,                        )
                                                )    Bankruptcy Case No. 03-12872 (JLP)
        Reorganized Debtor.                      )
                                                )
_____            )
                                                )
NORTHWESTERN CORPORATION,                        )
                                                )
        Plaintiff,                               )    Adversary Proceeding
                                                )    Case No. 04-55051 (JLP)
        v.                                       )
                                                )
MAGTEN ASSET MANAGEMENT                          )
CORPORATION and TALTON R. EMBRY                   )
                                                )
        Defendants.                              )

## ORDER GRANTING MOTION BY THE COMMITTEE FOR
## PROTECTIVE ORDER PURSUANT TO RULE 7026(c) OF
## THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND
## RULE 26(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

UPON, the Motion of Paul, Weiss, Rifkind, Wharton & Garrison LLP, as

retained counsel to the Official Committee of Unsecured Creditors, Houlihan, Lokey,

Howard & Zulkin, as financial advisor to that committee, and former members of that

committee Franklin Mutual Advisers, LLC, Comanche Park, LLC, HSBC Bank USA, AG

Capital Recovery Partners III, L.P., Avenue Capital Management, OCM Opportunities

Fund, and Wilmington Trust Corporation, (collectively, the "Committee") For Protective

Order Pursuant to Rule 7026(c) of the Federal Rules of Bankruptcy Procedure and Rule

26(c) of the Federal Rules of Civil Procedure with Respect to the Discovery Requests of

Magten Asset Management Corporation ("Magten") and Talton R. Embry ("Embry,"

together with Magten, the "Defendants") that have been served on the Committee, and it

appearing that the Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334

and that it is a core matter pursuant to 28 U.S.C. § 157(b)(2); and the Court having

determined that the relief requested in the Motion is in the best interest of the Committee,

and it appearing that due notice of Motion has been provided and that no other or further

notice need be given; and sufficient cause appearing therefore; it is hereby;

     ORDERED, that the Motion is granted; and it is further

     ORDERED, that the Committee shall not have to respond to Defendants'

Requests for Depositions; and it is further

     ORDERED, that this Court shall retain jurisdiction to hear and determine

all matters arising from the implementation of this Order.

Dated: January ___, 2005
     Wilmington, Delaware


_____
Honorable John L. Peterson
United States Bankruptcy Judge

# Exhibit A

FROM

DEC 14 2004 10:11 FR 12123732122        2123732122 TO 0230        P.02/08

(TUE) 12.14' 04  9:57/ST.  9:56/NO. 4870157039 P 2        from fork very

212 373-2053

fax

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

In re

Northwestern Corporation,
    Reorganized Debtor

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No.  03-12872 (JLP)
Chapter 11
Pending in the U.S. Bankruptcy Court
for the District of Delaware

Northwestern Corporation,
    Plaintiff

    v.

Magten Asset Management Corporation
and Talton R. Embry,
    Defendants

Adv. Proc. No. 04-55051
Pending in the U.S. Bankruptcy Court
for the District of Delaware

To:     AG Capital Recovery Partners III, L.P. by person designated pursuant to Schedule A
        c/o Angelo Gordon & Co
        245 Park Avenue
        New York, NY 10022

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE | Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004 | DATE AND TIME<br>January 21, 2005 at 10:00 a.m. |
|---|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule B

| PLACE | Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004 | DATE AND TIME<br>January 4, 2005 at 10:00 a.m. |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>Attorney for Defendants | DATE<br>12/13/04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-8000

DEC 14 2004 10:14

PAGE.02

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE                                    SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

3(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

On January 21, 2005 at 10:00 a.m. E.S.T. at the office of Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York the attorneys for Magten Asset Management Corporation and Talton R. Embry will take the deposition of a representative or representatives of AG Capital Recovery Partners III, L.P., pursuant to Fed. R. Civ. P. 30(b)(6) made applicable by Fed. R. Bankr. P. 7030, upon oral examination before a Notary Public, or some other official authorized by law to take depositions. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue from day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such other purposes as permitted by law. You are invited to attend and take such part as fit and proper. The deponent is hereby advised of its duty to designate and produce one or more persons to testify on its behalf as to the matters of examination listed below for the time period October 1, 2003 to the present:

1.    The chapter 11 case of NorthWestern Corporation, including, but not limited to those issues related to or involving the Committee or either Defendant.

2.    Any confidential or non-public documents concerning NorthWestern Corporation provided to either Defendant.

3.    Any communications concerning confidential or non-public documents, information, or communications provided to or discussed with either Defendant concerning NorthWestern Corporation.

4.    Any and all documents, communications or documents relating to communications concerning, involving, or relating to Defendants, Defendants' purchases and sales of QUIPS, or Defendants' involvement with the Committee.

5.    Any actual or potential damages or injury suffered by you or any creditor of NorthWestern Corporation as a result of the acts or omissions alleged in the Complaint.

1

6.    The meetings or teleconferences of the Committee, including, but not limited to meetings or teleconferences between the Committee and third parties or between the Committee and NorthWestern Corporation, and any materials distributed at or in preparation for such meetings or teleconferences, and any documents related to or communications concerning such meetings or teleconferences.

7.    Your compliance with the Trading Order and the compliance or lack thereof of any person subject to the Trading Order.

8.    Your compliance with the Confidentiality Agreement and the compliance or lack thereof of any person subject to the Confidentiality Agreement.

9.    Your knowledge of communications in this case between you and any other Person, including but not limited to NorthWestern Corporation or the Committee, concerning involving or relating to either Defendant.

10.    Your purchases and sales of securities of or claims against NorthWestern Corporation.

11.    The efforts undertaken to respond to the request for documents set out in Schedule B to this Subpoena and the contents of those responsive documents.

### Schedule B

1.    All documents relating to or referring to communications between you and either Defendant.

2.    All non-public, confidential documents concerning NorthWestern Corporation provided to either Defendant by you.

3.    All documents relating to or referring to communications between you and any other party relating to either Defendant.

4.    All documents and communications relating to the purchase or sale of the QUIPS by either Defendant.

5.    All documents relating to and communications referring to the purchase or sale of securities of NorthWestern Corporation by you.

2

6.    All documents relating to and communications referring to the compliance or lack thereof with the Trading Order by you or any other party.

7.    All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and the present.

8.    All documents relating to or communications concerning any damages or injury suffered by you or any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

9.    All documents relating to or communications concerning the identity of any creditor of NorthWestern Corporation that has suffered damages or injuries, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

10.    All documents relating to and communications regarding the Confidentiality Agreement.

11.    All documents relating to and communications regarding the Trading Order.

12.    All documents relating to and communications regarding the Magten Proposed Trading Order.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.    "Adversary Proceeding" shall mean NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry, Case No. 04-55051 (JLP), United States Bankruptcy Court for the District of Delaware.

2.    "Affiliates" means any person or entity controlled or managed by, controlling or under common control with any other person or entity.

3.    "All" means "any and all," and "any" means "any and all."

3

13. "Magten" shall mean Magten Asset Management Corporation and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, agents, representatives and attorneys.

14. "Magten Proposed Trading Motion" shall mean that certain draft proposed motion to clarify the Trading Order, together with any other draft documents in support thereof, including but not limited to a draft form of order, circulated on or about February 5, 2004.

15. "NorthWestern Corporation" shall mean NorthWestern Corporation, its Affiliates and any parent, subsidiary, predecessor and successor, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern Corporation's present and former officers, directors, employees, servants, agents, representatives, financial advisors and attorneys.

16. "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

17. "QUIPS" shall mean the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital I, a business trust established pursuant to the Delaware Business Trust Act.

18. "Trading Order" shall mean that certain order dated November 6, 2003 by the United States Bankruptcy Court for the District of Delaware Permitting Securities Trading Upon an Establishment of an Ethical Wall, and all documents filed in support thereof.

19. "You" or "your" shall mean AG Capital Recovery Partners III, L.P., its Affiliates, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, servants, agents, representatives and attorneys.

5

DEC 14 2004 16:13 FR 12123732122          2123732122 TO 0230          P.08/08
FROM          (TUE)12.14'04  9:58/ST. 9:56/NO. 4870157039 P 8

## INSTRUCTIONS

1.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2.    References to the singular shall include the plural, and references to the plural shall include the singular.

3.    The documents covered by this request include all documents in the possession, custody or control of you, or any documents that were generated or received by you or otherwise came into existence or were utilized by you from October 1, 2003 through the date of production.

4.    A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

5.    A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

6.    With respect to each document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter, number of pages, attachments or appendices, present custodian, and identify the nature of, and grounds for, each claim of privilege.

7.    If any of the documents requested herein were, but no longer are, in the possession, custody, or control of you, state what disposition was made of such documents, why, and include the date and place of disposition and the person(s) who disposed of the document(s).

8.    The documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the document has been produced.

6

**Exhibit B**

Dec 21 04 05:10p                                                          P.2

# United States Bankruptcy Court
SOUTHERN DISTRICT OF NEW YORK

| In re | | SUBPOENA IN |
|---|---|---|
| Northwestern Corporation, | | AN ADVERSARY PROCEEDING |
| Reorganized Debtor | | Case No.  03-12872 (JLP) |
| | | Chapter 11 |
| | | Pending in the U.S. Bankruptcy Court |
| | | for the District of Delaware |

| Northwestern Corporation, | |
|---|---|
| Plaintiff | |
| v. | Adv. Proc. No. 04-55051 |
| Magten Asset Management Corporation | Pending in the U.S. Bankruptcy Court |
| and Talton R. Embry, | for the District of Delaware |
| Defendants | |

To:    Avenue Capital Management by person designated pursuant to Schedule A
       535 Madison Avenue
       New York, NY 10022

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE     Fried, Frank, Harris, Shriver & Jacobson LLP | DATE AND TIME |
|---|---|
| One New York Plaza | January 21, 2005 at 1:00 p.m. |
| New York, NY 10004 | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule B

| PLACE     Fried, Frank, Harris, Shriver & Jacobson LLP | DATE AND TIME |
|---|---|
| One New York Plaza | |
| New York, NY 10004 | January 4, 2005 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Defendants | 10/13/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-8000

P.3

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

**SERVED ON (PRINT NAME)** | **MANNER OF SERVICE**

**SERVED BY (PRINT NAME)** | **TITLE**

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                  DATE                 SIGNATURE OF SERVER

                                 _____
                                       ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

## Schedule A

On January 21, 2005 at 1:00 p.m. E.S.T. at the office of Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York the attorneys for Magten Asset Management Corporation and Talton R. Embry will take the deposition of a representative or representatives of Avenue Capital Management, pursuant to Fed. R. Civ. P. 30(b)(6) made applicable by Fed. R. Bankr. P. 7030, upon oral examination before a Notary Public, or some other official authorized by law to take depositions. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue from day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such other purposes as permitted by law. You are invited to attend and take such part as fit and proper. The deponent is hereby advised of its duty to designate and produce one or more persons to testify on its behalf as to the matters of examination listed below for the time period October 1, 2003 to the present:

1.    The chapter 11 case of NorthWestern Corporation, including, but not limited to those issues related to or involving the Committee or either Defendant.

2.    Any confidential or non-public documents concerning NorthWestern Corporation provided to either Defendant.

3.    Any communications concerning confidential or non-public documents, information, or communications provided to or discussed with either Defendant concerning NorthWestern Corporation.

4.    Any and all documents, communications or documents relating to communications concerning, involving, or relating to Defendants, Defendants' purchases and sales of QUIPS, or Defendants' involvement with the Committee.

5.    Any actual or potential damages or injury suffered by you or any creditor of NorthWestern Corporation as a result of the acts or omissions alleged in the Complaint.

1

6.    The meetings or teleconferences of the Committee, including, but not limited to meetings or teleconferences between the Committee and third parties or between the Committee and NorthWestern Corporation, and any materials distributed at or in preparation for such meetings or teleconferences, and any documents related to or communications concerning such meetings or teleconferences.

7.    Your compliance with the Trading Order and the compliance or lack thereof of any person subject to the Trading Order.

8.    Your compliance with the Confidentiality Agreement and the compliance or lack thereof of any person subject to the Confidentiality Agreement.

9.    Your knowledge of communications in this case between you and any other Person, including but not limited to NorthWestern Corporation or the Committee, concerning involving or relating to either Defendant.

10.    Your purchases and sales of securities of or claims against NorthWestern Corporation.

11.    The efforts undertaken to respond to the request for documents set out in Schedule B to this Subpoena and the contents of those responsive documents.

## Schedule B

1.    All documents relating to or referring to communications between you and either Defendant.

2.    All non-public, confidential documents concerning NorthWestern Corporation provided to either Defendant by you.

3.    All documents relating to or referring to communications between you and any other party relating to either Defendant.

4.    All documents and communications relating to the purchase or sale of the QUIPS by either Defendant.

5.    All documents relating to and communications referring to the purchase or sale of securities of NorthWestern Corporation by you,

2

6.     All documents relating to and communications referring to the compliance or lack thereof with the Trading Order by you or any other party.

7.     All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and the present.

8.     All documents relating to or communications concerning any damages or injury suffered by you or any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

9.     All documents relating to or communications concerning the identity of any creditor of NorthWestern Corporation that has suffered damages or injuries, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

10.     All documents relating to and communications regarding the Confidentiality Agreement.

11.     All documents relating to and communications regarding the Trading Order.

12.     All documents relating to and communications regarding the Magten Proposed Trading Order.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.     "Adversary Proceeding" shall mean NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry, Case No. 04-55051 (JLP), United States Bankruptcy Court for the District of Delaware.

2.     "Affiliates" means any person or entity controlled or managed by, controlling or under common control with any other person or entity.

3.     "All" means "any and all," and "any" means "any and all."

3

4.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.    "Committee" shall mean the Official Committee of Unsecured Creditors of NorthWestern Corporation, and each individual member of the Committee, which members were initially appointed by the United States Trustee on October 1, 2003, and as such membership has changed from time to time and shall include agents, representatives, advisors and attorneys of the Committee.

6.    "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

7.    "Confidentiality Agreement" shall mean that certain agreement executed by the members of the Committee dated as of December 18, 2003.

8.    "Defendants" shall mean Embry and Magten.

9.    "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, recording, correspondence, communication, photograph, computer data (including e-mail), or any other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

10.    "Documents relating to" means documents containing, constituting, showing or relating or referring in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

11.    "Embry" shall mean Talton R. Embry in his capacity as Chairman of Magten, including but not limited to Embry's present and former employees, agents, representatives and attorneys.

12.    "Including" means including, but not limited to.

4

## INSTRUCTIONS

1.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2.      References to the singular shall include the plural, and references to the plural shall include the singular.

3.      The documents covered by this request include all documents in the possession, custody or control of you, or any documents that were generated or received by you or otherwise came into existence or were utilized by you from October 1, 2003 through the date of production.

4.      A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

5.      A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

6.      With respect to each document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter, number of pages, attachments or appendices, present custodian, and identify the nature of, and grounds for, each claim of privilege.

7.      If any of the documents requested herein were, but no longer are, in the possession, custody, or control of you, state what disposition was made of such documents, why, and include the date and place of disposition and the person(s) who disposed of the document(s).

8.      The documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the document has been produced.

6

Dec 21 04 05:14p                                                                    P.7

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE                                    SIGNATURE OF SERVER


                                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)   If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Dec 21 04 05:14p                                                    P.8

# United States Bankruptcy Court
### SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | **SUBPOENA IN** |
| Northwestern Corporation, | **AN ADVERSARY PROCEEDING** |
| Reorganized Debtor | Case No.  03-12872 (JLP) |
|  | Chapter 11 |
|  | Pending in the U.S. Bankruptcy Court |
|  | for the District of Delaware |
| Northwestern Corporation, |  |
| Plaintiff |  |
| v. | Adv. Proc. No.  04-55051 |
| Magten Asset Management Corporation | Pending in the U.S. Bankruptcy Court |
| and Talton R. Embry, | for the District of Delaware |
| Defendants |  |

To:   Avenue Capital Management by person designated pursuant to Schedule A
      535 Madison Avenue
      New York, NY  10022

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time
specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above adversary proceeding.

| PLACE      Fried, Frank, Harris, Shriver & Jacobson LLP | DATE AND TIME |
|---|---|
| One New York Plaza | January 21, 2005 at 1:00 p.m. |
| New York, NY  10004 |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or
objects at the place, date, and time specified below (list documents or objects): See attached Schedule B

| PLACE      Fried, Frank, Harris, Shriver & Jacobson LLP | DATE AND TIME |
|---|---|
| One New York Plaza | |
| New York, NY  10004 | January 4, 2005 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in
adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE                                  | DATE |
|---|---|
| Attorney for Defendants                                             | 10/13/04 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |  |
| Bonnie Steingart, Esq. |  |
| Fried, Frank, Harris, Shriver & Jacobson LLP |  |
| One New York Plaza |  |
| New York, NY  10004 |  |
| (212) 859-8000 |  |

**Exhibit C**

Dec 17 04 08:26a    Michael Schmechel    406-259-7788    p.2
12/15/2004  03:24    17184722989    EPS ATTORNEY SERVICE    PAGE  02

B255 (11/97) Subpoena in an Adversary Proceeding

# United States Bankruptcy Court
### DISTRICT OF MONTANA

| | |
|---|---|
| In re<br>Northwestern Corporation,<br>Reorganized Debtor | **SUBPOENA IN<br>AN ADVERSARY PROCEEDING**<br>Case No.  03-12872 (JLP)<br>Chapter 11<br>Pending in the U.S. Bankruptcy Court<br>for the District of Delaware |
| Northwestern Corporation,<br>Plaintiff<br>v.<br>Magten Asset Management Corporation<br>and Talton R. Embry,<br>Defendants | Adv. Proc No. 04-55051<br>Pending in the U.S. Bankruptcy Court<br>for the District of Delaware |

To:    Comanche Park, LLC by person designated pursuant to Schedule A
       100 North 27th Street, Suite 320
       Billings, MT 59101

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE    A&W Office Service<br>The Grand Building<br>100 North 27th Street, Suite 335<br>Billings, MT 59101 | DATE AND TIME<br>January 11, 2005 at 10:00 a.m |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See attached Schedule B

| PLACE    Fried, Frank, Harris, Shriver & Jacobson LLP<br>c/o A&W Office Service<br>The Grand Building<br>100 North 27th Street. Suite 335<br>Billings, MT 59101 | DATE AND TIME<br>January 4, 2005 at 10:00 a.m |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed R Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>Attorney for Defendants | DATE<br>12/15/04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-8000

Dec 17 04 08:27a     Michael Schmechel          406-259-7788          P.3
12/15/2004  03:24    17184722989          EPS ATTORNEY SERVICE        PAGE  03

B256 (11/97) Subpoena in an Adversary Proceeding

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | |
| SERVED BY (PRINT NAME) | | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

                                          SIGNATURE OF SERVER


                                          ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv)    subjects a person to undue burden.

(B)     If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

On January 11, 2005 at 10:00 a.m. Mountain Standard Time at the office of A&W Office Service, The Grand Building, 100 North 27th Street, Suite 335, Billings, Montana, the attorneys for Magten Asset Management Corporation and Talton R. Embry will take the deposition of a representative or representatives of Comanche Park, LLC, pursuant to Fed. R. Civ. P. 30(b)(6) made applicable by Fed. R. Bankr. P. 7030, upon oral examination before a Notary Public, or some other official authorized by law to take depositions. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue from day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such other purposes as permitted by law. You are invited to attend and take such part as fit and proper. The deponent is hereby advised of its duty to designate and produce one or more persons to testify on its behalf as to the matters of examination listed below for the time period October 1, 2003 to the present:

1.    The chapter 11 case of NorthWestern Corporation, including, but not limited to those issues related to or involving the Committee or either Defendant.

2.    Any confidential or non-public documents or communications concerning NorthWestern Corporation provided to either Defendant.

3.    Any communications concerning confidential or non-public documents, information, or communications provided to or discussed with either Defendant concerning NorthWestern Corporation.

4.    Any and all documents, communications or documents relating to communications concerning, involving, or relating to Defendants, Defendants' purchases and sales of QUIPS, or Defendants' involvement with the Committee.

5.    Any actual or potential damages or injury suffered by you or any creditor of NorthWestern Corporation as a result of the acts or omissions alleged in the Complaint.

1

6.    The meetings or teleconferences of the Committee, including, but not limited to meetings or teleconferences between the Committee and third parties or between the Committee and NorthWestern Corporation, and any materials distributed at or in preparation for such meetings or teleconferences, and any documents related to or communications concerning such meetings or teleconferences.

7.    Your compliance with the Trading Order and the compliance or lack thereof of any person subject to the Trading Order.

8.    Your compliance with the Confidentiality Agreement and the compliance or lack thereof of any person subject to the Confidentiality Agreement.

9.    Your knowledge of communications in this case between you and any other Person, including but not limited to NorthWestern Corporation or the Committee, concerning; involving or relating to either Defendant.

10.    Your purchases and sales of securities of or claims against NorthWestern Corporation.

11    The efforts undertaken to respond to the request for documents set out in Schedule B to this Subpoena and the contents of those responsive documents.

## Schedule B

1.    All documents relating to or referring to communications between you and either Defendant.

2.    All non-public, confidential documents concerning NorthWestern Corporation provided to either Defendant by you.

3.    All documents relating to or referring to communications between you and any other party relating to either Defendant.

4.    All documents and communications relating to the purchase or sale of the QUIPS by either Defendant.

5.    All documents relating to and communications referring to the purchase or sale of securities of NorthWestern Corporation by you.

2

6.      All documents relating to and communications referring to the compliance or lack thereof with the Trading Order by you or any other party.

7.      All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and the present.

8.      All documents relating to or communications concerning any damages or injury suffered by you or any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

9.      All documents relating to or communications concerning the identity of any creditor of NorthWestern Corporation that has suffered damages or injuries, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

10.     All documents relating to and communications regarding the Confidentiality Agreement.

11.     All documents relating to and communications regarding the Trading Order.

12.     All documents relating to and communications regarding the Magten Proposed Trading Order.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.      "Adversary Proceeding" shall mean NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry, Case No. 04-55051 (JLP), United States Bankruptcy Court for the District of Delaware.

2.      "Affiliates" means any person or entity controlled or managed by, controlling or under common control with any other person or entity.

3.      "All" means "any and all," and "any" means "any and all."

3

4.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.    "Committee" shall mean the Official Committee of Unsecured Creditors of NorthWestern Corporation, and each individual member of the Committee, which members were initially appointed by the United States Trustee on  October 1, 2003, and as such membership has changed from time to time and shall include agents, representatives, advisors and attorneys of the Committee.

6.    "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

7.    "Confidentiality Agreement" shall mean that certain agreement executed by the members of the Committee dated as of December 18, 2003

8.    "Defendants" shall mean Embry and Magten.

9.    "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, recording, correspondence, communication, photograph, computer data (including e-mail), or any other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

10.    "Documents relating to" means documents containing, constituting, showing or relating or referring in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

11.    "Embry" shall mean Talton R. Embry in his capacity as Chairman of Magten, including but not limited to Embry's present and former employees, agents, representatives and attorneys.

12.    "Including" means including, but not limited to.

4

13.     "Magten" shall mean Magten Asset Management Corporation and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, agents, representatives and attorneys.

14.     "Magten Proposed Trading Motion" shall mean that certain draft proposed motion to clarify the Trading Order, together with any other draft documents in support thereof, including but not limited to a draft form of order, circulated on or about February 5, 2004.

15.     "NorthWestern Corporation" shall mean NorthWestern Corporation, its Affiliates and any parent, subsidiary, predecessor and successor, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern Corporation's present and former officers, directors, employees, servants, agents, representatives, financial advisors and attorneys.

16.     "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

17.     "QUIPS" shall mean the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital I, a business trust established pursuant to the Delaware Business Trust Act.

18.     "Trading Order" shall mean that certain order dated November 6, 2003 by the United States Bankruptcy Court for the District of Delaware Permitting Securities Trading Upon an Establishment of an Ethical Wall, and all documents filed in support thereof.

19.     "You" or "your" shall mean Comanche Park LLC, its Affiliates, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, servants, agents, representatives and attorneys.

5

Dec 17 04 08:28a    Michael Schmechel        406-259-7788          P.9
         12/15/2004  03:24    17184722989                EPS ATTORNEY SERVICE      PAGE  83

## INSTRUCTIONS

1.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2.      References to the singular shall include the plural, and references to the plural shall include the singular.

3.      The documents covered by this request include all documents in the possession, custody or control of you, or any documents that were generated or received by you or otherwise came into existence or were utilized by you from October 1, 2003 through the date of production.

4.      A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

5.      A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

6.      With respect to each document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter, number of pages, attachments or appendices, present custodian, and identify the nature of, and grounds for, each claim of privilege.

7.      If any of the documents requested herein were, but no longer are, in the possession, custody, or control of you, state what disposition was made of such documents, why, and include the date and place of disposition and the person(s) who disposed of the document(s).

8.      The documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the document has been produced.

6

Exhibit D

B255 (11/97) Subpoena in an Adversary Proceeding

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

In re

Northwestern Corporation,
Reorganized Debtor

Northwestern Corporation,
Plaintiff

v.

Magten Asset Management Corporation
and Talton R. Embry,
Defendants

**SUBPOENA IN**
**AN ADVERSARY PROCEEDING**

Case No.   03-12872 (JLP)
Chapter 11
Pending in the U.S. Bankruptcy Court
for the District of Delaware

Adv. Proc. No. 04-55051
Pending in the U.S. Bankruptcy Court
for the District of Delaware

To:      Franklin Templeton Mutual Series Fund by person designated pursuant to Schedule A
         c/o Franklin Mutual Advisers, LLC
         51 JFK Parkway
         Short Hills, NJ 07078

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE    Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY  10004 | DATE AND TIME<br>January 19, 2005 at 1:00 p.m. |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See attached Schedule B

| PLACE    Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004 | DATE AND TIME<br>January 4, 2005 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>Attorney for Defendants   _Bonnie Steingart_ | DATE<br>12/13/04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004
(212) 859-8000

B255 (11/97) Subpoena in an Adversary Proceeding

---

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

---

### DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE                                          SIGNATURE OF SERVER


ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

3(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more that 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or in-formation not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

On January 19, 2005 at 1:00 p.m. E.S.T. at the office of Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York the attorneys for Magten Asset Management Corporation and Talton R. Embry will take the deposition of a representative or representatives of Franklin Templeton Mutual Series Fund, pursuant to Fed. R. Civ. P. 30(b)(6) made applicable by Fed. R. Bankr. P. 7030, upon oral examination before a Notary Public, or some other official authorized by law to take depositions. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue from day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such other purposes as permitted by law. You are invited to attend and take such part as fit and proper. The deponent is hereby advised of its duty to designate and produce one or more persons to testify on its behalf as to the matters of examination listed below for the time period October 1, 2003 to the present:

1.    The chapter 11 case of NorthWestern Corporation, including, but not limited to those issues related to or involving the Committee or either Defendant.

2.    Any confidential or non-public documents or communications concerning NorthWestern Corporation provided to either Defendant.

3.    Any communications concerning confidential or non-public documents, information, or communications provided to or discussed with either Defendant concerning NorthWestern Corporation.

4.    Any and all documents, communications or documents relating to communications concerning, involving, or relating to Defendants, Defendants' purchases and sales of QUIPS, or Defendants' involvement with the Committee.

5.    Any actual or potential damages or injury suffered by you or any creditor of NorthWestern Corporation as a result of the acts or omissions alleged in the Complaint.

1

6.      The meetings or teleconferences of the Committee, including, but not limited to meetings or teleconferences between the Committee and third parties or between the Committee and NorthWestern Corporation, and any materials distributed at or in preparation for such meetings or teleconferences, and any documents related to or communications concerning such meetings or teleconferences.

7.      Your compliance with the Trading Order and the compliance or lack thereof of any person subject to the Trading Order.

8.      Your compliance with the Confidentiality Agreement and the compliance or lack thereof of any person subject to the Confidentiality Agreement.

9.      Your knowledge of communications in this case between you and any other Person, including but not limited to NorthWestern Corporation or the Committee, concerning involving or relating to either Defendant.

10.     Your purchases and sales of securities of or claims against NorthWestern Corporation.

11      The efforts undertaken to respond to the request for documents set out in Schedule B to this Subpoena and the contents of those responsive documents.

### Schedule B

1.      All documents relating to or referring to communications between you and either Defendant.

2.      All non-public, confidential documents concerning NorthWestern Corporation provided to either Defendant by you.

3.      All documents relating to or referring to communications between you and any other party relating to either Defendant.

4.      All documents and communications relating to the purchase or sale of the QUIPS by either Defendant.

5.      All documents relating to and communications referring to the purchase or sale of securities of NorthWestern Corporation by you.

2

6.    All documents relating to and communications referring to the compliance or lack thereof with the Trading Order by you or any other party.

7.    All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and the present.

8.    All documents relating to or communications concerning any damages or injury suffered by you or any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

9.    All documents relating to or communications concerning the identity of any creditor of NorthWestern Corporation that has suffered damages or injuries, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

10.    All documents relating to and communications regarding the Confidentiality Agreement.

11.    All documents relating to and communications regarding the Trading Order.

12.    All documents relating to and communications regarding the Magten Proposed Trading Order.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.    "Adversary Proceeding" shall mean NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry, Case No. 04-55051 (JLP), United States Bankruptcy Court for the District of Delaware.

2.    "Affiliates" means any person or entity controlled or managed by, controlling or under common control with any other person or entity.

3.    "All" means "any and all," and "any" means "any and all."

3

4.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.    "Committee" shall mean the Official Committee of Unsecured Creditors of NorthWestern Corporation, and each individual member of the Committee, which members were initially appointed by the United States Trustee on October 1, 2003, and as such membership has changed from time to time and shall include agents, representatives, advisors and attorneys of the Committee.

6.    "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

7.    "Confidentiality Agreement" shall mean that certain agreement executed by the members of the Committee dated as of December 18, 2003.

8.    "Defendants" shall mean Embry and Magten.

9.    "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, recording, correspondence, communication, photograph, computer data (including e-mail), or any other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

10.    "Documents relating to" means documents containing, constituting, showing or relating or referring in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

11.    "Embry" shall mean Talton R. Embry in his capacity as Chairman of Magten, including but not limited to Embry's present and former employees, agents, representatives and attorneys.

12.    "Including" means including, but not limited to.

4

13.    "Magten" shall mean Magten Asset Management Corporation and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, agents, representatives and attorneys.

14.    "Magten Proposed Trading Motion" shall mean that certain draft proposed motion to clarify the Trading Order, together with any other draft documents in support thereof, including but not limited to a draft form of order, circulated on or about February 5, 2004.

15.    "NorthWestern Corporation" shall mean NorthWestern Corporation, its Affiliates and any parent, subsidiary, predecessor and successor, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern Corporation's present and former officers, directors, employees, servants, agents, representatives, financial advisors and attorneys.

16.    "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

17.    "QUIPS" shall mean the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital I, a business trust established pursuant to the Delaware Business Trust Act.

18.    "Trading Order" shall mean that certain order dated November 6, 2003 by the United States Bankruptcy Court for the District of Delaware Permitting Securities Trading Upon an Establishment of an Ethical Wall, and all documents filed in support thereof.

19.    "You" or "your" shall mean Franklin Templeton Mutual Series Fund, its Affiliates, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, servants, agents, representatives and attorneys.

5