## INSTRUCTIONS

1.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2    References to the singular shall include the plural, and references to the plural shall include the singular.

3.    The documents covered by this request include all documents in the possession, custody or control of you, or any documents that were generated or received by you or otherwise came into existence or were utilized by you from October 1, 2003 through the date of production.

4.    A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

5.    A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

6.    With respect to each document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter, number of pages, attachments or appendices, present custodian, and identify the nature of, and grounds for, each claim of privilege.

7.    If any of the documents requested herein were, but no longer are, in the possession, custody, or control of you, state what disposition was made of such documents, why, and include the date and place of disposition and the person(s) who disposed of the document(s).

8.    The documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the document has been produced.

6

**Exhibit E**

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re<br>　　Northwestern Corporation,<br>　　　　　　Reorganized Debtor | **SUBPOENA IN<br>AN ADVERSARY PROCEEDING**<br>Case No.  03-12872 (JLP)<br>Chapter 11<br>Pending in the U.S. Bankruptcy Court<br>for the District of Delaware |
| 　　Northwestern Corporation,<br>　　　　　Plaintiff<br>　　　　　v.<br>　　Magten Asset Management Corporation<br>　　and Talton R. Embry,<br>　　　　　Defendants | Adv. Proc. No. 04-55051<br>Pending in the U.S. Bankruptcy Court<br>for the District of Delaware |

To:　Houlihan Lokey Howard & Zukin by person designated pursuant to Schedule A
　　　245 Park Avenue
　　　New York, NY 10167

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒　YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE　Fried, Frank, Harris, Shriver & Jacobson LLP<br>　　　　One New York Plaza<br>　　　　New York, NY  10004 | DATE AND TIME<br>January 18, 2005 at 10:00 a.m. |
|---|---|

☒　YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule B

| PLACE　Fried, Frank, Harris, Shriver & Jacobson LLP<br>　　　　One New York Plaza<br>　　　　New York, NY  10004 | DATE AND TIME<br><br>January 4, 2005 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE　Attorney for Defendants　*[signature]* | DATE<br>12/13/04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004
(212) 859-8000

12/16/2004 15:40 FAX 310 789 5700          HLHZ LEGAL                    ☑004

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE                              SIGNATURE OF SERVER


                                                          ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

3(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or in-formation not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to at tend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

On January 18, 2005 at 10:00 a.m. E.S.T. at the office of Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York the attorneys for Magten Asset Management Corporation and Talton R. Embry will take the deposition of a representative or representatives of Houlihan Lokey Howard & Zukin ("Houlihan"), pursuant to Fed. R. Civ. P. 30(b)(6) made applicable by Fed. R. Bankr. P. 7030, upon oral examination before a notary public, or some other official authorized by law to take depositions. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue from day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such other purposes as permitted by law. You are invited to attend and take such part as fit and proper. The deponent is hereby advised of its duty to designate and produce one or more persons to testify on its behalf as to the matters of examination listed below for the time period October 1, 2003 to the present:

1.      The chapter 11 case of NorthWestern Corporation, including, but not limited to those issues related to or involving the Committee or either Defendant.

2.      Any confidential or non-public documents concerning NorthWestern Corporation provided to either Defendant.

3.      Any communications concerning confidential or non-public information, documents or communications provided to or discussed with either Defendant concerning NorthWestern Corporation

4.      Any and all documents, communications or documents relating to communications concerning, involving, or relating to Defendants, Defendants' purchases and sales of QUIPS, or Defendants' involvement with the Committee.

5.      Any actual or potential damages or injury suffered by the Committee, any member of the Committee, or any creditor of NorthWestern Corporation as a result of the acts or omissions alleged in the Complaint.

1

6.      The meetings or teleconferences of the Committee, including, but not limited to meetings or teleconferences between the Committee and third parties or between the Committee and NorthWestern Corporation, and any materials distributed at or in preparation for such meetings or teleconferences, and any documents related to or communications concerning such meetings or teleconferences.

7.      The compliance or lack thereof of any person subject to the Trading Order.

8.      The compliance or lack thereof of any person subject to the Confidentiality Agreement.

9.      Your knowledge of communications in this case between you and any other Person, including but not limited to NorthWestern Corporation, the Committee or any member of the Committee, concerning involving or relating to either Defendant.

10.     The efforts undertaken to respond to the request for documents set out in Schedule B to this Subpoena and the contents of those responsive documents.

### Schedule B

1.      All documents relating to or referring to communications between Houlihan and either Defendant.

2.      All non-public, confidential documents concerning NorthWestern Corporation provided to either Defendant.

3.      All documents relating to or referring to communications between Houlihan and any other party relating to either Defendant.

4.      All documents and communications relating to the purchase or sale of the QUIPS by either Defendant.

5.      All documents relating to and communications referring to the purchase or sale of securities of NorthWestern Corporation by members of the Committee.

6.      All documents relating to and communications referring to the compliance or lack thereof with the Trading Order by and person subject to the Trading Order.

2

12/16/2004 15:41 FAX 310 789 5700          HLHZ LEGAL                                    ☒007

7.    All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and the present.

8.    All documents relating to or communications concerning any damages or injury suffered by any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

9.    All documents relating to or communications concerning the identity of any creditor of NorthWestern Corporation that has suffered damages or injuries, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

10.    All documents relating to communications regarding the Confidentiality Agreement.

11.    All documents relating to and communications regarding the Trading Order.

12.    All documents relating to and communications regarding the Magten Proposed Trading Order.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.    "Affiliates" means any person or entity controlled by, controlling or under common control with any other person or entity.

2.    "All" means "any and all," and "any" means "any and all."

3.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.    "Committee" shall mean the Official Committee of Unsecured Creditors of NorthWestern Corporation, and each individual member of the Committee, which members were initially appointed by the United States Trustee on October 1, 2003, and as such membership has

12/16/2004 15:41 FAX 310 789 5700          HLHZ LEGAL                              ☒008

changed from time to time and shall include agents, representatives, advisors and attorneys of the Committee.

5.    "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

6.    "Confidentiality Agreement" shall mean that certain agreement executed by the members of the Committee dated as of December 18, 2003.

7.    "Defendants" shall mean Embry and Magten.

8.    "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, recording, correspondence, communication, photograph, computer data (including e-mail), or any other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

9.    "Documents relating to" means documents containing, constituting, showing or relating or referring in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

10.    "Embry" shall mean Talton R. Embry in his capacity as Chairman of Magten, including but not limited to Embry's present and former employees, agents, representatives and attorneys.

11.    "Houlihan" shall mean Houlihan Lokey Howard & Zukin, its Affiliates, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, servants, agents, representatives and attorneys.

12.    "Including" means including, but not limited to.

4

12/16/2004 15:42 FAX 310 789 5700          HLHZ LEGAL                          @009

13.    "Magten" shall mean Magten Asset Management Corporation and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, agents, representatives and attorneys.

14.    "Magten Proposed Trading Motion" shall mean that certain draft proposed motion to clarify the Trading Order, together with any other draft documents in support thereof, including but not limited to a draft form of order, circulated on or about February 5, 2004.

15.    "NorthWestern Corporation" shall mean NorthWestern Corporation, its Affiliates and any parent, subsidiary, predecessor and successor, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern Corporation's present and former officers, directors, employees, servants, agents, representatives, financial advisors and attorneys.

16.    "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

17.    "QUIPS" shall mean the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital I, a business trust established pursuant to the Delaware Business Trust Act.

18.    "Trading Order" shall mean that certain order dated November 6, 2003 by the United States Bankruptcy Court for the District of Delaware Permitting Securities Trading Upon an Establishment of an Ethical Wall, and all documents filed in support thereof.

12/16/2004 15:42 FAX 310 789 5700          HLBZ LEGAL                                    ☒010

## INSTRUCTIONS

1.  "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2.  References to the singular shall include the plural, and references to the plural shall include the singular.

3.  The documents covered by this request include all documents in the possession, custody or control of Houlihan, or any documents that were generated or received by Houlihan or otherwise came into existence or were utilized by Houlihan from October 1, 2003 through the date of production.

4.  A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

5.  A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

6.  With respect to each document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter, number of pages, attachments or appendices, present custodian, and identify the nature of, and grounds for, each claim of privilege.

7.  If any of the documents requested herein were, but no longer are, in the possession, custody, or control of Houlihan, state what disposition was made of such documents, why, and include the date and place of disposition and the person(s) who disposed of the document(s).

8.  The documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the document has been produced.

6

**Exhibit F**

20

B255 (11/97) Subpoena in an Adversary Proceeding

# United States Bankruptcy Court

SOUTHERN DISTRICT OF NEW YORK

In re

Northwestern Corporation,
Reorganized Debtor

Northwestern Corporation,
Plaintiff

v.

Magten Asset Management Corporation
and Talton R. Embry,
Defendants

SUBPOENA IN
AN ADVERSARY PROCEEDING

Case No.  03-12872 (JLP)
Chapter 11
Pending in the U.S. Bankruptcy Court
for the District of Delaware

Adv. Proc. No. 04-55051
Pending in the U.S. Bankruptcy Court
for the District of Delaware

To:    HSBC Bank USA by person designated pursuant to Schedule A
       10 East 40th Street
       New York, NY 10016-0200

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time
specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above adversary proceeding

| PLACE    Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY  10004 | DATE AND TIME<br>January 20, 2005 at 1:00 p.m |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or
objects at the place, date, and time specified below (list documents or objects): See attached Schedule B

| PLACE    Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY  10004 | DATE AND TIME<br><br>January 4, 2005 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in
adversary proceedings by Rule 7030. Fed.R.Bankr P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>Attorney for Defendants  _Bonnie Steingart_ | DATE<br>12/13/04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004
(212) 859-8000

B255 (11/97) Subpoena in an Adversary Proceeding

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE                                                            SIGNATURE OF SERVER


ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

3(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more that 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or in-formation not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to at tend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

### Schedule A

On January 20, 2005 at 1:00 p.m E.S.T. at the office of Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York the attorneys for Magten Asset Management Corporation and Talton R. Embry will take the deposition of a representative or representatives of HSBC Bank USA, pursuant to Fed. R. Civ. P. 30(b)(6) made applicable by Fed. R. Bankr. P. 7030, upon oral examination before a Notary Public, or some other official authorized by law to take depositions. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue from day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such other purposes as permitted by law. You are invited to attend and take such part as fit and proper. The deponent is hereby advised of its duty to designate and produce one or more persons to testify on its behalf as to the matters of examination listed below for the time period October 1, 2003 to the present:

1.  The chapter 11 case of NorthWestern Corporation, including, but not limited to those issues related to or involving the Committee or either Defendant.

2.  Any confidential or non-public documents concerning NorthWestern Corporation provided to either Defendant by you or the Committee.

3.  Any communications concerning confidential or non-public documents, information, or communications provided to or discussed with either Defendant concerning NorthWestern Corporation.

4.  Any and all documents, communications or documents relating to communications concerning, involving, or relating to Defendants, Defendants' purchases and sales of QUIPS, or Defendants' involvement with the Committee.

5.  Any actual or potential damages or injury suffered by you or any creditor of NorthWestern Corporation as a result of the acts or omissions alleged in the Complaint.

6.  The meetings or teleconferences of the Committee, including, but not limited to meetings or teleconferences between the Committee and third parties or between the Committee

1

and NorthWestern Corporation, and any materials distributed at or in preparation for such meetings or teleconferences, and any documents related to or communications concerning such meetings or teleconferences.

7.    Your compliance with the Trading Order and the compliance or lack thereof of any person subject to the Trading Order.

8.    Your compliance with the Confidentiality Agreement and the compliance or lack thereof of any person subject to the Confidentiality Agreement.

9.    Your knowledge of communications in this case between you and any other Person, including but not limited to NorthWestern Corporation or the Committee, concerning involving or relating to either Defendant.

10.    Your purchases and sales of securities of or claims against NorthWestern Corporation.

11.    The efforts undertaken to respond to the request for documents set out in Schedule B to this Subpoena and the contents of those responsive documents.

### Schedule B

1.    All documents relating to or referring to communications between you and either Defendant.

2.    All non-public, confidential documents concerning NorthWestern Corporation provided to either Defendant by you.

3    All documents relating to or referring to communications between you and any other party relating to either Defendant.

4.    All documents and communications relating to the purchase or sale of the QUIPS by either Defendant.

5.    All documents relating to and communications referring to the purchase or sale of securities of NorthWestern Corporation by you.

6.    All documents relating to and communications referring to the compliance or lack thereof with the Trading Order by you or any other party.

2

7.    All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and the present.

8.    All documents relating to or communications concerning any damages or injury suffered by you or any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

9.    All documents relating to or communications concerning the identity any creditor of NorthWestern Corporation that has suffered damages or injuries, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

10.    All documents relating to and communications regarding the Confidentiality Agreement

11.    All documents relating to and communications regarding the Trading Order.

12.    All documents relating to and communications regarding the Magten Proposed Trading Order.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.    "Adversary Proceeding" shall mean NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry, Case No. 04-55051 (JLP), United States Bankruptcy Court for the District of Delaware.

2.    "Affiliates" means any person or entity controlled or managed by, controlling or under common control with any other person or entity.

3.    "All" means "any and all," and "any" means "any and all."

4.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3

5.    "Committee" shall mean the Official Committee of Unsecured Creditors of NorthWestern Corporation, and each individual member of the Committee, which members were initially appointed by the United States Trustee on October 1, 2003, and as such membership has changed from time to time and shall include agents, representatives, advisors and attorneys of the Committee.

6.    "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

7.    "Confidentiality Agreement" shall mean that certain agreement executed by the members of the Committee dated as of December 18, 2003.

8.    "Defendants" shall mean Embry and Magten.

9.    "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, recording, correspondence, communication, photograph, computer data (including e-mail), or any other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

10.    "Documents relating to" means documents containing, constituting, showing or relating or referring in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

11.    "Embry" shall mean Talton R. Embry in his capacity as Chairman of Magten, including but not limited to Embry's present and former employees, agents, representatives and attorneys.

12    "Including" means including, but not limited to.

13    "Magten" shall mean Magten Asset Management Corporation and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including

4

but not limited to present and former officers, directors, employees, agents, representatives and attorneys.

14.    "Magten Proposed Trading Motion" shall mean that certain draft proposed motion to clarify the Trading Order, together with any other draft documents in support thereof, including but not limited to a draft form of order, circulated on or about February 5, 2004.

15.    "NorthWestern Corporation" shall mean NorthWestern Corporation, its Affiliates and any parent, subsidiary, predecessor and successor, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern Corporation's present and former officers, directors, employees, servants, agents, representatives, financial advisors and attorneys.

16.    "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

17.    "QUIPS" shall mean the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital I, a business trust established pursuant to the Delaware Business Trust Act.

18.    "Trading Order" shall mean that certain order dated November 6, 2003 by the United States Bankruptcy Court for the District of Delaware Permitting Securities Trading Upon an Establishment of an Ethical Wall, and all documents filed in support thereof.

19.    "You" or "your" shall mean HSBC Bank, USA, its Affiliates, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, servants, agents, representatives and attorneys.

5

### INSTRUCTIONS

1    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2.    References to the singular shall include the plural, and references to the plural shall include the singular.

3.    The documents covered by this request include all documents in the possession, custody or control of you, or any documents that were generated or received by you or otherwise came into existence or were utilized by you from October 1, 2003 through the date of production.

4.    A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

5.    A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

6.    With respect to each document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter, number of pages, attachments or appendices, present custodian, and identify the nature of, and grounds for, each claim of privilege.

7.    If any of the documents requested herein were, but no longer are, in the possession, custody, or control of you, state what disposition was made of such documents, why, and include the date and place of disposition and the person(s) who disposed of the document(s).

8.    The documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the document has been produced.

6

**Exhibit G**

12/14/2004 14:06 FAX                                                                      ☑001
12/14/2004  01:48   17184722909          EPS ATTORNEY SERVICE                    PAGE  02

B255 (11/97) Subpoena in an Adversary Proceeding

# United States Bankruptcy Court
### CENTRAL DISTRICT OF CALIFORNIA

In re

Northwestern Corporation,
    Reorganized Debtor

 

Northwestern Corporation,
    Plaintiff

    v.

Magten Asset Management Corporation
and Talton R. Embry,
    Defendants

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No.  03-12872 (JLP)
Chapter 11
Pending in the U.S. Bankruptcy Court
for the District of Delaware

Adv. Proc. No. 04-55051
Pending in the U.S. Bankruptcy Court
for the District of Delaware

To:   OCM Opportunities Fund, IV, L.P. by person designated pursuant to Schedule A
c/o Oaktree Capital Management, LLC
333 South Grand Avenue, 28th Floor
Los Angeles, CA 90071

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time
specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above adversary proceeding.

| PLACE   Fried, Frank, Harris, Shriver & Jacobson LLP<br>350 South Grand Avenue, 32nd Floor<br>Los Angeles, CA 90071 | DATE AND TIME<br>January 12, 2005 at 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or
objects at the place, date, and time specified below (list documents or objects): See attached Schedule B

| PLACE   Fried, Frank, Harris, Shriver & Jacobson LLP<br>350 South Grand Avenue, 32nd Floor<br>Los Angeles, CA 90071 | DATE AND TIME<br>January 4, 2005 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in
adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>Attorney for Defendants | DATE<br>12/13/04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-8000

1212 4920085

B255 (11/97) Subpoena in an Adversary Proceeding

---

### PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | | | |

**SERVED ON (PRINT NAME)**                          MANNER OF SERVICE

**SERVED BY (PRINT NAME)**                          TITLE

---

### DECLARATION OF SERVER

I declare under penalty and parjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

                                    SIGNATURE OF SERVER

                                    ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

3(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena
(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

12/14/2004 14:06 FAX                                                    ☑003
12/14/2004 01:49    17194722989           EPS ATTORNEY SERVICE          PAGE 04

### Schedule A

On January 12, 2005 at 10:00 a.m. Pacific Standard Time at the office of Fried, Frank, Harris, Shriver & Jacobson LLP, 350 South Grand Avenue, 32nd Floor, Los Angeles, California the attorneys for Magten Asset Management Corporation and Talton R. Embry will take the deposition of a representative or representatives of OCM Opportunities Fund, IV, L.P., pursuant to Fed. R. Civ. P. 30(b)(6) made applicable by Fed. R. Bankr. P. 7030, upon oral examination before a Notary Public, or some other official authorized by law to take depositions. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue from day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such other purposes as permitted by law. You are invited to attend and take such part as fit and proper. The deponent is hereby advised of its duty to designate and produce one or more persons to testify on its behalf as to the matters of examination listed below for the time period October 1, 2003 to the present:

1.  The chapter 11 case of NorthWestern Corporation, including, but not limited to those issues related to or involving the Committee or either Defendant.

2.  Any confidential or non-public documents concerning NorthWestern Corporation provided to either Defendant.

3.  Any communications concerning confidential or non-public documents, information, or communications provided to or discussed with either Defendant concerning NorthWestern Corporation.

4.  Any and all documents, communications or documents relating to communications concerning, involving, or relating to Defendants, Defendants' purchases and sales of QUIPS, or Defendants' involvement with the Committee.

5.  Any actual or potential damages or injury suffered by you or any creditor of NorthWestern Corporation as a result of the acts or omissions alleged in the Complaint.

1

12/14/2004 14:07 FAX                                                              @004
12/14/2004 01:48    17104722909        EPS ATTORNEY SERVICE        PAGE 05

6.    The meetings or teleconferences of the Committee, including, but not limited to meetings or teleconferences between the Committee and third parties or between the Committee and NorthWestern Corporation, and any materials distributed at or in preparation for such meetings or teleconferences, and any documents related to or communications concerning such meetings or teleconferences.

7.    Your compliance with the Trading Order and the compliance or lack thereof of any person subject to the Trading Order.

8.    Your compliance with the Confidentiality Agreement and the compliance or lack thereof of any person subject to the Confidentiality Agreement.

9.    Your knowledge of communications in this case between you and any other Person, including but not limited to NorthWestern Corporation or the Committee, concerning involving or relating to either Defendant.

10.    Your purchases and sales of securities of or claims against NorthWestern Corporation.

11.    The efforts undertaken to respond to the request for documents set out in Schedule B to this Subpoena and the contents of those responsive documents.

### Schedule B

1.    All documents relating to or referring to communications between you and either Defendant.

2.    All non-public, confidential documents concerning NorthWestern Corporation provided to either Defendant by you.

3.    All documents relating to or referring to communications between you and any other party relating to either Defendant.

4.    All documents and communications relating to the purchase or sale of the QUIPS by either Defendant.

5.    All documents relating to and communications referring to the purchase or sale of securities of NorthWestern Corporation by you.

2

6.     All documents relating to and communications referring to the compliance or lack thereof with the Trading Order by you or any other party.

7.     All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and the present.

8.     All documents relating to or communications concerning any damages or injury suffered by you or any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

9.     All documents relating to or communications concerning the identity of any creditor of NorthWestern Corporation that has suffered damages or injuries, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

10.     All documents relating to and communications regarding the Confidentiality Agreement.

11.     All documents relating to and communications regarding the Trading Order.

12.     All documents relating to and communications regarding the Magten Proposed Trading Order.

### DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.     "Adversary Proceeding" shall mean NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry, Case No. 04-55051 (JLP), United States Bankruptcy Court for the District of Delaware.

2.     "Affiliates" means any person or entity controlled or managed by, controlling or under common control with any other person or entity.

3.     "All" means "any and all," and "any" means "any and all."

3

12/14/2004 14:07 FAX                                              @006
12/14/2004 01:48    17184722989          EPS ATTORNEY SERVICE          PAGE 07

4.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.     "Committee" shall mean the Official Committee of Unsecured Creditors of NorthWestern Corporation, and each individual member of the Committee, which members were initially appointed by the United States Trustee on October 1, 2003, and as such membership has changed from time to time and shall include agents, representatives, advisors and attorneys of the Committee.

6.     "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

7.     "Confidentiality Agreement" shall mean that certain agreement executed by the members of the Committee dated as of December 18, 2003.

8.     "Defendants" shall mean Embry and Magten.

9.     "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, recording, correspondence, communication, photograph, computer data (including e-mail), or any other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

10.    "Documents relating to" means documents containing, constituting, showing or relating or referring in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

11.    "Embry" shall mean Talton R. Embry in his capacity as Chairman of Magten, including but not limited to Embry's present and former employees, agents, representatives and attorneys.

12.    "Including" means including, but not limited to.

4

13.   "Magten" shall mean Magten Asset Management Corporation and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, agents, representatives and attorneys.

14.   "Magten Proposed Trading Motion" shall mean that certain draft proposed motion to clarify the Trading Order, together with any other draft documents in support thereof, including but not limited to a draft form of order, circulated on or about February 5, 2004.

15.   "NorthWestern Corporation" shall mean NorthWestern Corporation, its Affiliates and any parent, subsidiary, predecessor and successor, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern Corporation's present and former officers, directors, employees, servants, agents, representatives, financial advisors and attorneys.

16.   "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

17.   "QUIPS" shall mean the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital I, a business trust established pursuant to the Delaware Business Trust Act

18.   "Trading Order" shall mean that certain order dated November 6, 2003 by the United States Bankruptcy Court for the District of Delaware Permitting Securities Trading Upon an Establishment of an Ethical Wall, and all documents filed in support thereof.

19.   "You" or "your" shall mean OCM Opportunities Fund, IV, L.P., its Affiliates, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, servants, agents, representatives and attorneys.

5

## INSTRUCTIONS

1.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2.    References to the singular shall include the plural, and references to the plural shall include the singular.

3.    The documents covered by this request include all documents in the possession, custody or control of you, or any documents that were generated or received by you or otherwise came into existence or were utilized by you from October 1, 2003 through the date of production.

4.    A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

5.    A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

6.    With respect to each document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter, number of pages, attachments or appendices, present custodian, and identify the nature of, and grounds for, each claim of privilege.

7.    If any of the documents requested herein were, but no longer are, in the possession, custody, or control of you, state what disposition was made of such documents, why, and include the date and place of disposition and the person(s) who disposed of the document(s).

8.    The documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the document has been produced.

6

**Exhibit H**

DEC. -14'04(TUE) 14:04    23D FFHS&J LLP                    TEL:212 859 8583212 8583                P. 002

B255 (11/97) Subpoena in an Adversary Proceeding

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

In re

    Northwestern Corporation,
           Reorganized Debtor

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No.  03-12872 (JLP)
Chapter 11
Pending in the U.S. Bankruptcy Court
for the District of Delaware

    Northwestern Corporation,
           Plaintiff
           v.
    Magten Asset Management Corporation
    and Talton R. Embry,
           Defendants

Adv. Proc. No.  04-55051
Pending in the U.S. Bankruptcy Court
for the District of Delaware

To:    Paul, Weiss, Rifkind, Wharton & Garrison LLP by person designated pursuant to Schedule A
        1285 Avenue of the Americas
        New York, NY 10019-6064

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|-------|-----------|
|       | DATE AND TIME |
|       |           |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE | DATE AND TIME |
|-------|---------------|
| Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004 | January 19, 2005 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule B

| PLACE | DATE AND TIME |
|-------|---------------|
| Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY 10004 | January 4, 2005 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>Attorney for Defendants | DATE<br>12/13/04 |
|----|----|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-8000

B255 (11/97) Subpoena in an Adversary Proceeding

---

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)   If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or in-formation not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

On January 19, 2005 at 10:00 a.m. E.S.T. at the office of Fried, Frank, Harris, Shriver & Jacobson, LLP One New York Plaza, New York, New York the attorneys for Magten Asset Management Corporation and Talton R. Embry will take the deposition of a representative or representatives of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), pursuant to Fed. R. Civ. P. 30(b)(6) made applicable by Fed. R. Bankr. P. 7030, upon oral examination before a Notary Public, or some other official authorized by law to take depositions. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue from day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such other purposes as permitted by law. You are invited to attend and take such part as fit and proper. The deponent is hereby advised of its duty to designate and produce one or more persons to testify on its behalf as to the matters of examination listed below for the time period October 1, 2003 to the present:

1.      The chapter 11 case of NorthWestern Corporation, including, but not limited to those issues related to or involving the Committee or either Defendant.

2.      Any confidential or non-public documents concerning NorthWestern Corporation provided to either Defendant.

3.      Any communications concerning confidential or non-public information, documents or communications provided to or discussed with either Defendant concerning NorthWestern Corporation.

4.      Any and all documents, communications or documents relating to communications concerning, involving, or relating to Defendants, Defendants' purchases and sales of QUIPS, or Defendants' involvement with the Committee.

5.      Any actual or potential damages or injury suffered by the Committee, any member of the Committee, or any creditor of NorthWestern Corporation as a result of the acts or omissions alleged in the Complaint.

6.    The meetings or teleconferences of the Committee, including, but not limited to meetings or teleconferences between the Committee and third parties or between the Committee and NorthWestern Corporation, and any materials distributed at or in preparation for such meetings or teleconferences, and any documents related to or communications concerning such meetings or teleconferences.

7.    The compliance or lack thereof of any person subject to the Trading Order.

8.    The compliance or lack thereof of any person subject to the Confidentiality Agreement.

9.    Your knowledge of communications in this case between you and any other Person, including but not limited to NorthWestern Corporation, the Committee or any member of the Committee, concerning involving or relating to either Defendant.

10.    The efforts undertaken to respond to the request for documents set out in Schedule B to this Subpoena and the contents of those responsive documents.

## Schedule B

1.    All documents relating to or referring to communications between the Committee and either Defendant.

2.    All non-public, confidential documents concerning NorthWestern Corporation provided to either Defendant.

3.    All documents relating to or referring to communications between the Committee and any other party relating to either Defendant.

4.    All documents and communications relating to the purchase or sale of the QUIPS by either Defendant.

5.    All documents relating to and communications referring to the purchase or sale of securities of NorthWestern Corporation by members of the Committee.

6.    All documents relating to and communications referring to the compliance or lack thereof with the Trading Order by and person subject to the Trading Order.

7.    All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and the present.

8.    All documents relating to or communications concerning any damages or injury suffered by any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

9.    All documents relating to or communications concerning the identity of any creditor of NorthWestern Corporation that has suffered damages or injuries, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

10.    All documents relating to communications regarding the Confidentiality Agreement.

11.    All documents relating to and communications regarding the Trading Order.

12.    All documents relating to and communications regarding the Magten Proposed Trading Order.

13.    All documents relating to and communications regarding any policies or procedures with respect to the treatment of the confidential, non-public information of NorthWestern Corporation by the Committee or its members.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.    "Adversary Proceeding" shall mean *NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry,* Case No. 04-55051 (JLP), United States Bankruptcy Court for the District of Delaware.

2.    "Affiliates" means any person or entity controlled by, controlling or under common control with any other person or entity.

3.    "All" means "any and all," and "any" means "any and all."

4.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.     "Committee" shall mean the Official Committee of Unsecured Creditors of NorthWestern Corporation, and each individual member of the Committee, which members were initially appointed by the United States Trustee on October 1, 2003, and as such membership has changed from time to time and shall include agents, representatives, advisors and attorneys of the Committee.

6.     "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

7.     "Confidentiality Agreement" shall mean that certain agreement executed by the members of the Committee dated as of December 18, 2003.

8.     "Defendants" shall mean Embry and Magten.

9.     "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, recording, correspondence, communication, photograph, computer data (including e-mail), or any other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

10.     "Documents relating to" means documents containing, constituting, showing or relating or referring in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

11.     "Embry" shall mean Talton R. Embry in his capacity as Chairman of Magten, including but not limited to Embry's present and former employees, agents, representatives and attorneys.

12.     "Including" means including, but not limited to.

13. "Magten" shall mean Magten Asset Management Corporation and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, agents, representatives and attorneys.

14. "Magten Proposed Trading Motion" shall mean that certain draft proposed motion to clarify the Trading Order, together with any other draft documents in support thereof, including but not limited to a draft form of order, circulated on or about February 5, 2004.

15. "NorthWestern Corporation" shall mean NorthWestern Corporation, its Affiliates and any parent, subsidiary, predecessor and successor, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern Corporation's present and former officers, directors, employees, servants, agents, representatives, financial advisors and attorneys.

16. "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

17. "QUIPS" shall mean the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital I, a business trust established pursuant to the Delaware Business Trust Act.

18. "Trading Order" shall mean that certain order dated November 6, 2003 by the United States Bankruptcy Court for the District of Delaware Permitting Securities Trading Upon an Establishment of an Ethical Wall, and all documents filed in support thereof.

## INSTRUCTIONS

1. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2.    References to the singular shall include the plural, and references to the plural shall include the singular.

3.    The documents covered by this request include all documents in the possession, custody or control of Paul Weiss, or any documents that were generated or received by Paul Weiss or otherwise came into existence or were utilized by Paul Weiss from October 1, 2003 through the date of production.

4.    A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

5.    A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

6.    With respect to each document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter, number of pages, attachments or appendices, present custodian, and identify the nature of, and grounds for, each claim of privilege.

7.    If any of the documents requested herein were, but no longer are, in the possession, custody, or control of Paul Weiss, state what disposition was made of such documents, why, and include the date and place of disposition and the person(s) who disposed of the document(s).

8.    The documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the document has been produced.

**Exhibit I**

DEC-20-2004  17:03        WILMINGTON TRUST            1 302 636 4140     P.02/09

14

B255 (11/97) Subpoena in an Adversary Proceeding

*Hand Served*
*oRourk Investigative Service*
*12/14/04  2:30 pm AS*

# United States Bankruptcy Court
### DISTRICT OF DELAWARE

In re

Northwestern Corporation,
                     Reorganized Debtor

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No.  03-12872 (JLP)
Chapter 11
Pending in the U.S. Bankruptcy Court
for the District of Delaware

Northwestern Corporation,
                     Plaintiff

v.

Magten Asset Management Corporation
and Talton R. Embry,
                     Defendants

Adv. Proc. No. 04-55051
Pending in the U.S. Bankruptcy Court
for the District of Delaware

DEC 2 0 2004

To:    Wilmington Trust Company by person designated pursuant to Schedule A
       1100 N. Market Street
       Wilmington, DE  19801

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE  Blank Rome LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE  19801 | DATE AND TIME<br>January 14, 2005 at 1:00 p.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See attached Schedule B

| PLACE  Blank Rome LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE  19801 | DATE AND TIME<br>January 4, 2005 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P, 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>Attorney for Defendants | DATE<br>8/13/04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bonnie Steingart, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004
(212) 859-8000

DEC-20-2004  17:03      WILMINGTON TRUST          1 302 636 4148    P.03/09

B255 (11/97) Subpoena in an Adversary Proceeding

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty and perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE                           SIGNATURE OF SERVER

                                          ADDRESS OF SERVER

Rule 46, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

On January 14, 2005 at 1:00 p.m. E.S.T. at the office of Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801 the attorneys for Magten Asset Management Corporation and Talton R. Embry will take the deposition of a representative or representatives of Wilmington Trust Company, pursuant to Fed. R. Civ. P. 30(b)(6) made applicable by Fed. R. Bankr. P. 7030, upon oral examination before a Notary Public, or some other official authorized by law to take depositions. The deposition shall be recorded by stenographic means and/or by videotape. The oral examination will continue from day to day until completed.

This deposition is being taken for pre-trial discovery, for use at trial, and for such other purposes as permitted by law. You are invited to attend and take such part as fit and proper. The deponent is hereby advised of its duty to designate and produce one or more persons to testify on its behalf as to the matters of examination listed below for the time period October 1, 2003 to the present:

1. The chapter 11 case of NorthWestern Corporation, including, but not limited to those issues related to or involving the Committee or either Defendant.

2. Any confidential or non-public documents concerning NorthWestern Corporation provided to either Defendant by you or the Committee.

3. Any communications concerning confidential or non-public documents, information, or communications provided to or discussed with either Defendant concerning NorthWestern Corporation.

4. Any and all documents, communications or documents relating to communications concerning, involving, or relating to Defendants, Defendants' purchases and sales of QUIPS, or Defendants' involvement with the Committee.

5. Any actual or potential damages or injury suffered by you or any creditor of NorthWestern Corporation as a result of the acts or omissions alleged in the Complaint.

6. The meetings or teleconferences of the Committee, including, but not limited to meetings or teleconferences between the Committee and third parties or between the Committee

1

and NorthWestern Corporation, and any materials distributed at or in preparation for such meetings or teleconferences, and any documents related to or communications concerning such meetings or teleconferences.

7.     Your compliance with the Trading Order and the compliance or lack thereof of any person subject to the Trading Order.

8.     Your compliance with the Confidentiality Agreement and the compliance or lack thereof of any person subject to the Confidentiality Agreement.

9.     Your knowledge of communications in this case between you and any other Person, including but not limited to NorthWestern Corporation or the Committee, concerning involving or relating to either Defendant.

10.    Your purchases and sales of securities of or claims against NorthWestern Corporation.

11.    The efforts undertaken to respond to the request for documents set out in Schedule B to this Subpoena and the contents of those responsive documents.

## Schedule B

1.     All documents relating to or referring to communications between you and either Defendant.

2.     All non-public, confidential documents concerning NorthWestern Corporation provided to either Defendant by you.

3.     All documents relating to or referring to communications between you and any other party relating to either Defendant.

4      All documents and communications relating to the purchase or sale of the QUIPS by either Defendant.

5.     All documents relating to and communications referring to the purchase or sale of securities of NorthWestern Corporation by you.

6.     All documents relating to and communications referring to the compliance or lack thereof with the Trading Order by you or any other party.

2

7.     All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and the present.

8.     All documents relating to or communications concerning any damages or injury suffered by you or any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

9.     All documents relating to or communications concerning the identity any creditor of NorthWestern Corporation that has suffered damages or injuries, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

10.    All documents relating to and communications regarding the Confidentiality Agreement.

11.    All documents relating to and communications regarding the Trading Order.

12.    All documents relating to and communications regarding the Magten Proposed Trading Order.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

1.     "Adversary Proceeding" shall mean NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry, Case No. 04-55051 (JLP), United States Bankruptcy Court for the District of Delaware.

2.     "Affiliates" means any person or entity controlled or managed by, controlling or under common control with any other person or entity.

3.     "All" means "any and all," and "any" means "any and all."

4.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3

5.    "Committee" shall mean the Official Committee of Unsecured Creditors of NorthWestern Corporation, and each individual member of the Committee, which members were initially appointed by the United States Trustee on  October 1, 2003, and as such membership has changed from time to time and shall include agents, representatives, advisors and attorneys of the Committee.

6.    "Concerning" includes referring to, relating to, embodying, in connection with, commenting on, responding to, showing, demonstrating, declaring, describing, analyzing, reflecting, containing or constituting.

7.    "Confidentiality Agreement" shall mean that certain agreement executed by the members of the Committee dated as of December 18, 2003.

8.    "Defendants" shall mean Embry and Magten.

9.    "Document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, recording, correspondence, communication, photograph, computer data (including e-mail), or any other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

10.    "Documents relating to" means documents containing, constituting, showing or relating or referring in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

11.    "Embry" shall mean Talton R. Embry in his capacity as Chairman of Magten, including but not limited to Embry's present and former employees, agents, representatives and attorneys.

12.    "Including" means including, but not limited to.

13.    "Magten" shall mean Magten Asset Management Corporation and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including

4

but not limited to present and former officers, directors, employees, agents, representatives and attorneys.

14.    "Magten Proposed Trading Motion" shall mean that certain draft proposed motion to clarify the Trading Order, together with any other draft documents in support thereof, including but not limited to a draft form of order, circulated on or about February 5, 2004.

15.    "NorthWestern Corporation" shall mean NorthWestern Corporation, its Affiliates and any parent, subsidiary, predecessor and successor, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to NorthWestern Corporation's present and former officers, directors, employees, servants, agents, representatives, financial advisors and attorneys.

16.    "Person" includes any natural person, group, investigatory body, governmental unit, governmental agency or department, corporation, association, partnership, limited partnership, joint venture, sole proprietorship, business, business entity, organization, or institution.

17.    "QUIPS" shall mean the Series A 8.45% Quarterly Income Preferred Securities issued by Montana Capital I, a business trust established pursuant to the Delaware Business Trust Act.

18.    "Trading Order" shall mean that certain order dated November 6, 2003 by the United States Bankruptcy Court for the District of Delaware Permitting Securities Trading Upon an Establishment of an Ethical Wall, and all documents filed in support thereof.

19.    "You" or "your" shall mean Wilmington Trust Company, its Affiliates, and any person or entity acting or purporting to act on behalf of, at the direction of, or in concert with it, including but not limited to present and former officers, directors, employees, servants, agents, representatives and attorneys.

## <u>INSTRUCTIONS</u>

1.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope.

2.    References to the singular shall include the plural, and references to the plural shall include the singular.

3.    The documents covered by this request include all documents in the possession, custody or control of you, or any documents that were generated or received by you or otherwise came into existence or were utilized by you from October 1, 2003 through the date of production.

4.    A request for a document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, and any file folder in which the document was maintained, in addition to the document itself.

5.    A request for a document shall be deemed to include a request for all drafts and successive iterations thereof and all modifications thereto, in addition to the document itself.

6.    With respect to each document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter, number of pages, attachments or appendices, present custodian, and identify the nature of, and grounds for, each claim of privilege.

7.    If any of the documents requested herein were, but no longer are, in the possession, custody, or control of you, state what disposition was made of such documents, why, and include the date and place of disposition and the person(s) who disposed of the document(s).

8.    The documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the document has been produced.

## CERTIFICATE OF SERVICE

I, Eric M. Sutty, do hereby certify that on this 6th day of January, 2005, I caused a true and correct copy of the attached **Motion by the Committee for Protective Order Pursuant to Rule 7026(c) of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules of Civil Procedure** to be served upon the following parties via electronic mail.

William E. Chipman, Jr., Esquire
Greenberg Traurig, LLP
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE  19801
chipman@gtlaw.com

Jesse H. Austin, III, Esquire
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, Suite 2400
Atlanta, GA  30309
jessaustin@paulhastings.com

Mark Kenney, Esquire
Office of the United States Trustee
844 King Street, Suite 2313
Wilmington, DE  19801
Mark.kenney.usdoj.gov

Elio Battista, Jr., Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
battista@blankrome.com

Bonnie Steingart, Esquire
Gary L. Kaplan, Esquire
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004
Gary.kaplan@ffhsj.com
steinbo@ffhsj.com

John V. Snellings, Esquire

571201v1

Nixon Peabody LLP
100 Summer Street
Boston, MA  02110
jsnellings@nixonpeabody.com

Nancy Hunt, Courtroom Deputy
U.S. Bankruptcy Court District of Delaware
824 N. Market Street, 3rd Flr.
Wilmington, DE  19801
Nancy_Hunt@deb.uscourts.gov

Dennis E. Glazer, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017
Dennis.glazer@dpw.com

Robert J. Dehney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
rdehney@mnat.com

Alan W. Kornberg, Esquire
Ephraim I. Diamond, Esquire
Margaret Phillips, Esquire
James G. Wheaton, Esquire
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019
akornberg@paulweiss.com
EDiamond@paulweiss.com
jwheaton@paulweiss.com
mphillips@paulweiss.com

Eric M. Sutty (No. 4007)

571201v1

## File a Motion:

04-55051-CGC NorthWestern Corporation v. Magten Asset Management Corporation et al

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Sutty, Eric Michael entered on 1/6/2005 at 7:03 PM EST and filed on 1/6/2005

**Case Name:**      NorthWestern Corporation v. Magten Asset Management Corporation et al
**Case Number:**   04-55051-CGC
**Document Number:** 78

**Docket Text:**
Motion for Protective Order */Motion by the Committee for Protective Order Pursuant to Rule 7026(c) of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules of Civil Procedure* (related document(s)[77] ) Filed by OFFICIAL COMMITTEE OF UNSECURED CREDITORS (related document(s)[77]). Hearing scheduled for 1/7/2005 at 11:30 AM at Alternate Meeting Site. (Attachments: # (1) Proposed Form of Order # (2) Exh. A# (3) Exh. B# (4) Exh. C# (5) Exh. D# (6) Exh. E# (7) Exh. F# (8) Exh. G# (9) Exh. H# (10) Exh. I# (11) Certificate of Service) (Sutty, Eric)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**L:\~Scan Jobs\9th Floor Scan Jobs\Walter\Northwestern\To Be E-Filed\Mtn for Protective Order 1-6-05\Mtn for Protective Order.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/6/2005] [FileNumber=3334564-0]
[8a1d29395f2dff54514567b50005c58e96a0769079f426f643ea94b87a4a99a1693aa
3b32a6d94b10c0c7af5e7d4d31f1a8fefe8de4eed926acb7d659d4961bc]]
**Document description:**Proposed Form of Order
**Original filename:**L:\~Scan Jobs\9th Floor Scan Jobs\Walter\Northwestern\To Be E-Filed\Mtn for Protective Order 1-6-05\Proposed Order.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/6/2005] [FileNumber=3334564-1]
[64d01f2cbb1013f9c9e70a2a2b9fe24fea926dd25db0caa86345515ac036b1f364e2a
bd38cafddf6c70aee6271bf7c77bca5d968a8aa9431a30452179a3c99a2]]
**Document description:** Exh. A
**Original filename:**L:\~Scan Jobs\9th Floor Scan Jobs\Walter\Northwestern\To Be E-Filed\Mtn for Protective Order 1-6-05\Exh A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/6/2005] [FileNumber=3334564-2]
[3674a1bbb315d9adf6c126c6982fb1a4c5658a662bd1dcac5abbb5c2d9f7898a74e27
e5663d1a26a005fbdbfee91934607770c7409af5d3043d9c814f53e986b]]
**Document description:** Exh. B
**Original filename:**L:\~Scan Jobs\9th Floor Scan Jobs\Walter\Northwestern\To Be E-Filed\Mtn for Protective Order 1-6-05\Exh B.pdf