**<u>EXHIBIT R</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (JLP) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
|  | : |  |
| NORTHWESTERN CORPORATION, | : |  |
|  | : |  |
| Plaintiff, | : |  |
| v. | : | Adv. No. 04-55051 (JLP) |
|  | : |  |
| MAGTEN ASSET MANAGEMENT | : |  |
| CORPORATION, and TALTON R. EMBRY | : |  |
|  | : |  |
| Defendants. | : |  |

## OBJECTION OF MAGTEN ASSET MANAGEMENT CORPORATION AND TALTON R. EMBRY TO MOTION BY THE COMMITTEE FOR PROTECTIVE ORDER [ADV. DKT. NO. 78]

Magten Asset Management Corporation (*"Magten"*) and Talton R. Embry (together with

Magten, the *"Defendants"*) by and through their undersigned counsel, file this objection (the

*"Objection"*) to the Motion by the Committee[1] (the *"Motion"*) for Protective Order Pursuant to

Rule 7026(c) of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules

of Civil Procedure. In support of their Objection, Defendants state as follows:[2]

---

[1] Although the motion is purportedly brought on behalf of the Official Committee of Unsecured Creditors of NorthWestern (the *"Committee"*), pursuant to the terms of the Debtor's Plan, the Committee was dissolved on the effective date. Moreover, the subpoenas were not served on the Committee, but were served on each institution in its individual capacity. Thus, Paul, Weis, Rifkind, Wharton & Garrison LLP (*"Paul Weiss"*) is acting on behalf of 8 individual institutions and not on behalf of the Committee.

[2] Because of the importance of these issues, Defendants are compelled to respond to the Committee's eleventh hour motion. However, in light of the extremely short time afforded to the Defendants to respond to the Motion, the Defendants submit this Objection without prejudice to the Defendants right raise all objections more fully at the hearing currently scheduled for January 7, 2005 at 11:30 a.m. All facts set forth in the Defendants' objection to the

The Committee Motion represents yet another obstacle being placed before the Defendants as they attempt to defend themselves in this adversary proceeding (the *"Adversary Proceeding"*).    The Debtor's complaint alleges "upon information and belief" that the Defendants traded in the QUIPS while in possession of material, non-public information.  While the Debtor has continued to evade the question of what information it provided to the Defendants, in its response to Defendants' First Set of Interrogatories (the *"Interrogatory Response"*) served on the Defendants on the evening of January 6, 2004, the Debtor stated that, "As a member of the Committee, the Defendants received non-public information shared with Committee counsel." Interrogatory Response No. 11, p. 18, attached hereto as Exhibit "A".[3]

Thus, the Debtor apparently alleges that it provided material non-public information to the Committee professionals,  and that such information was passed to the Defendants.  While the Defendants do not have the burden of proving that they did not receive such information, nevertheless, to mount an appropriate defense to the Adversary Proceeding, the Defendants must be permitted to obtain documents and testimony from the former members of the Committee and the Committee's professionals to demonstrate that no such information was provided.

Moreover, the Interrogatory Response cites each of the former Committee members and the Committee professionals as "the persons with knowledge of facts relating to the allegations in this adversary proceeding." Interrogatory Response No. 1, p. 4.  Additionally, certain of the purported confidential materials listed in the Interrogatory Response that was allegedly provided to the Committee was provided to individual members of the Committee.  See e.g., Interrogatory

---

Debtor's motion for a protective order, filed with this Court on January 4, 2005, are incorporated by reference herein.

[3] Incredibly, while the Debtor states that it provided substantial information to Paul Weiss and Houlihan Lokey, Howard Zulkin (*"Houlihan"*), Paul Weiss claims that it has zero non-privileged responsive documents and Houlihan produced a total of 14 pages of allegedly responsive material to the Defendants, comprised of a draft confidentiality agreement between the Committee and the Debtor and various pages of orders entered by this Court.

Response No. 2, p. 9 ("February 25, 2004; G. Drook & M. Hanson met with T. Fuller [Committee Member] regarding the performance of NorthWestern in general."). Therefore, the Defendants must be permitted to obtain discovery from each of the former members of the Committee or they cannot defend themselves against the Debtors' allegations.

Lastly, the Defendants have no desire to place an unnecessary burden on the former members of the Committee. To avoid unnecessary cost and expense, the Defendants have repeatedly proposed that the former members of the Committee submit a short affidavit detailing their contact with the Defendants in lieu of a deposition. See Letter from Gary Kaplan to Margaret Phillips, Esq., dated January 4, 2005, attached hereto as Exhibit "B". Rather than discussing the substance of the proposed affidavit, Paul Weiss, on behalf of the former members of the Committee, has stonewalled. In light of the Debtors' allegations that the former members of the Committee and the Committee's professionals provided information to the Defendant – information that gave rise to this Adversary Proceeding – it is disingenuous for the former members of the Committee to refuse to discuss submitting a short affidavit and thereafter object to the Defendants' subpoenas as overly burdensome.

*WHEREFORE*, the Defendants respectfully request (i) that the Motion be denied in its entirety and (ii) such other relief as may be just and proper.

Dated: January 7, 2005

**BLANK ROME LLP**

Mark J. Packel (DE No. 4048)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:     (302) 425-6400
Facsimile:      (302) 425-6464

- and -

- 3 -

**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
Bonnie Steingart
Gary L. Kaplan
One New York Plaza
New York, NY 10004
Telephone:    (212) 859-8000
Facsimile:    (212) 859-4000

Counsel for Magten Asset Management
Corporation and Talton R. Embry

120087.01600/40149078v1

# EXHIBIT "A"

01/06/2005   17:08   GREENBERG TRAURIG WILMINGTON                    NO.546   0002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | :   Chapter 11 |
| NORTHWESTERN CORPORATION, | :   Case No. 03-12872 (JLP) |
| Debtor. | : |
| | : |
| NORTHWESTERN CORPORATION, | : |
| Plaintiff, | : |
| v. | : |
| MAGTEN ASSET MANAGEMENT CORPORATION, and TALTON R. EMBRY, | :   Adv. No. 04-55051 (JLP) |
| Defendants. | : |

## RESPONSES AND OBJECTIONS OF NORTHWESTERN CORPORATION TO THE FIRST SET OF INTERROGATORIES BY MAGTEN ASSET MANAGEMENT CORPORATION AND TALTON R. EMBRY

NorthWestern Corporation, a Delaware corporation ("**NorthWestern**" or the "**Debtor**"),

by and through its undersigned counsel, hereby responds and objects (the "**Response**"), to the

First Set of Interrogatories Directed to Debtor NorthWestern Corporation (the

"**Interrogatories**") of Magten Asset Management Corporation and Talton R. Embry

(collectively, "**Magten**"). In support of this Response, NorthWestern respectfully represents as

follows:

## GENERAL OBJECTIONS

Debtors object to the Interrogatories as follows:

1.

Debtor objects to the instructions and definitions set forth in the Interrogatories to the extent that they seek to impose obligations on Debtor beyond those imposed by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure and the rules of this Court.

2.

Debtor objects to the Interrogatories to the extent that the information sought is subject to the attorney-client privilege, constitutes work product, was prepared in anticipation of litigation or for trial or is otherwise privileged or exempt from discovery.

3.

Debtor objects to each and every Interrogatory to the extent that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.

Debtor objects to each and every Interrogatory to the extent that it seeks information already within the possession, custody or control of Magten or its counsel.

5.

Debtor objects to each and every Interrogatory to the extent that it seeks information not within the possession, custody or control of Debtor.

6.

Debtor provides these responses and objections subject to further discovery in this action and further verification and research.

DEL-SRV01\CHIPMANW\130019v02\1/6/05\3:5:00PM            2

01/06/2005    17:08    GREENBERG TRAURIG WILMINGTON    NO.546    D004

7.

Debtor objects to the "Definitions" to the extent that they alter, vary, or expand the requirements imposed by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure and the rules of this Court.

8.

Debtor objects to the definition of "Advisors" as stated in the Definitions on the grounds that this definition includes Debtor's attorneys and agents of its attorneys, to the extent the information requested constitutes confidential, attorney-client work product and/or information protected by the attorney-client privilege, that is not subject to discovery.

9.

Debtor objects to these Interrogatories as exceeding the number, including subparts, permitted by Federal Rule of Civil Procedure 33(a). These Interrogatories exceed twenty-five in number, including all discrete subparts.

10.

Debtor objects to each and every one of the Interrogatories to the extent it seeks information not related to the time period at issue in this case – September 14, 2003 through May 6, 2004 the date Magten was removed from the Committee and/or August 25, 2004 the date of the Debtor's initial confirmation hearing pursuant to which Magten and/or its legal advisors, Fried, Frank, Harris, Shriver & Jacobson LLP ("**Fried Frank**"), continued to receive material, non-public information in connection with the ongoing disputed confirmation process and related settlement process (the "**Relevant Time Period**"), as overly broad and not being reasonably calculated to lead to the discovery of admissible evidence.

01/06/2005     17:08     GREENBERG TRAURIG WILMINGTON     NO.546     P005

11.

These General Objections shall be deemed to be continuing and incorporated throughout Debtor's responses to specific Interrogatories which follow, even if not specifically referenced therein. The statement of additional objections to specific interrogatories shall not constitute a waiver of these General Objections.

12.

Debtor reserves the right to supplement, alter or amend these responses as necessary or appropriate or upon discovery of additional responsive information.

## RESPONSES TO INTERROGATORIES

1.     Identify all persons with knowledge of any facts relating to the allegations set forth in the Complaint, including a description of such knowledge and facts.

Response to Interrogatory No. 1: NorthWestern objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine by requesting a "description of knowledge and facts." Subject to the foregoing objection and General Objections, NorthWestern states that in addition to its counsel, the persons with knowledge of facts relating to the allegations in this adversary proceeding are as follows:

| Individual/Entity | Knowledge |
|---|---|
| Talton Embry | Principal of Magten with knowledge of trading activities, trading order entered by the Court, Magten's draft motion for entry of an order clarifying the order of the Court permitting securities trading upon the establishment of an ethical wall and receipt of information |
| Bonnie Steingart | Counsel for Magten with knowledge regarding Magten's involvement on the Committee, receipt of communications and documents from the Committee and the Debtor, trading order entered by the Court, and Magten's draft motion for entry of an order clarifying the order of the Court permitting securities trading upon the establishment of an ethical wall |

01/06/2005    17:08    GREENBERG TRAURIG WILMINGTON                                    NO.546    0006

| | |
|---|---|
| Gary Kaplan | Counsel for Magten with knowledge regarding Magten's involvement on the Committee, receipt of communications and documents from the Committee and the Debtor, trading order entered by the Court, and Magten's draft motion for entry of an order clarifying the order of the Court permitting securities trading upon the establishment of an ethical wall |
| Meagan E. Costello | Counsel for Magten with knowledge regarding Magten's involvement on the Committee, receipt of communications and documents from the Committee and the Debtor, trading order entered by the Court, and Magten's draft motion for entry of an order clarifying the order of the Court permitting securities trading upon the establishment of an ethical wall |
| Jordanna Nadritch | Counsel for Magten with knowledge regarding Magten's involvement on the Committee, receipt of communications and documents from the Committee and the Debtor, trading order entered by the Court, and Magten's draft motion for entry of an order clarifying the order of the Court permitting securities trading upon the establishment of an ethical wall |
| Gary Drook, Chief Executive Officer of NorthWestern | Met with the representatives of the Committee and/or members of the Committee; NorthWestern representative with knowledge of information furnished to the Committee, its advisors and/or its members |
| William M. Austin, Chief Restructuring Officer of NorthWestern | Met with the representatives of the Committee and/or members of the Committee; NorthWestern representative with knowledge of information furnished to the Committee, its advisors and/or its members |
| Brian B. Bird, Chief Financial Officer of NorthWestern | Met with the representatives of the Committee and/or members of the Committee; NorthWestern representative with knowledge of information furnished to the Committee, its advisors and/or its members |
| Michael Nieman, Director – Financial Planning and Analysis of NorthWestern | Met with the representatives of the Committee and/or members of the Committee; NorthWestern representative with knowledge of information furnished to the Committee, its advisors and/or its members |
| Michael Hanson – President and CEO of NorthWestern | Met with the representatives of the Committee and/or members of the Committee; NorthWestern representative with knowledge of information furnished to the Committee, its advisors and/or its members |

| | |
|---|---|
| Paul Evans | Met with the representatives of the Committee and/or members of the Committee; NorthWestern representative with knowledge of information furnished to the Committee, its advisors and/or its members |
| Andrew Yearley | Financial advisor to the Debtor who communicated regularly with representatives of the Committee and has knowledge of information furnished to the Committee, its advisors and/or its members |
| Suneel Mandava | Financial advisor to the Debtor who communicated regularly with representatives of the Committee and has knowledge of information furnished to the Committee, its advisors and/or its members |
| Christopher Hooper | Financial advisor to the Debtor who communicated regularly with representatives of the Committee and has knowledge of information furnished to the Committee, its advisors and/or its members |
| P. Eric Siegert | Financial advisor to the Committee who communicated regularly with representatives of the Debtor and the Committee |
| Brad Geer | Financial advisor to the Committee who communicated regularly with representatives of the Debtor and the Committee |
| Matthew A. Mazzucchi | Financial advisor to the Committee who communicated regularly with representatives of the Debtor and the Committee |
| Luke Beltinck | Financial advisor to the Committee who communicated regularly with representatives of the Debtor and the Committee |
| OCM Opportunities Fund IV, LP | Member of the Committee |
| Law Debenture Trust Company of New York | Member of the Committee |
| The Bank of New York | Member of the Committee |
| Franklin Templeton Mutual Series Fund | Member of the Committee |
| Wilmington Trust Company | Member of the Committee |
| HSBC Bank USA | Member of the Committee |
| Rocky Mountain Contractors, Inc. | Member of the Committee |
| Avenue Capital Management | Member of the Committee |
| AG Capital Recovery Partners III, LP | Member of the Committee |
| Comanche Park LLC | Member of the Committee |
| Capital Institutional Service | Broker involved in Magten's trading of Debtor's securities |

| The Bear Stearns Companies Inc. | Broker involved in Magten's trading of Debtor's securities |
|---|---|
| Merrill Lynch & Co., Inc. | Broker involved in Magten's trading of Debtor's securities |
| Oscar Gruss & Son Incorporated | Broker involved in Magten's trading of Debtor's securities |
| Tradition Asiel Securities, Inc. | Broker involved in Magten's trading of Debtor's securities |
| Mark Kenney | U.S. Trustee for the Debtor's bankruptcy proceeding with knowledge of Magten's appointment and removal from the Committee and draft motion regarding the trading order |
| Alan Kornberg | Counsel for the Committee with knowledge of Magten's involvement on the Committee and communications with Magten while a Committee member |

2.     Identify and describe any and all communications made or received between NorthWestern, or its Advisors and either Defendant concerning or relating to the underlying facts alleged in the Complaint.

**Response to Interrogatory No. 2:**  NorthWestern objects to this Interrogatory as vague and ambiguous in that NorthWestern cannot discern whether this Interrogatory seeks the identity and description of privileged or protected communications made between NorthWestern and its Advisors only.  NorthWestern, therefore, objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine or other applicable privilege and immunity.  NorthWestern further objects to "identify and describe each and every document" to the extent this request is duplicative of the documents produced in connection with Defendants' First Request for Production of Documents (the **"Requests"**), served on December 10, 2004, and attempts to require NorthWestern to identify responsive documents scheduled for production on January 10, 2005.  As such Interrogatory No. 2 is unduly burdensome and not required by the Federal Rules of Bankruptcy Procedure.  Subject to the foregoing objections and

01/06/2005    17:08    GREENBERG TRAURIG WILMINGTON                              NO.546    P009

General Objections, NorthWestern identifies the following non-privileged, confidential

communications:

| Date of Communication | Description of Communication |
|---|---|
| October 3 through October 13, 2003 | Several phone conversations between Mr. Hanson and financial advisors to the Committee regarding business and regulatory issues. |
| October 3, 2003 | Email from L. Beltinck to M. Hanson regarding NorthWestern's utility operations |
| October 3, 2003 | Email from L. Beltinck to M. Hanson regarding the number of peaker plants owned by NorthWestern |
| October 4, 2003 | Email from M. Hanson to L. Beltinck responding to his October 3, 2003 email regarding NorthWestern's utility operations |
| October 4, 2003 | Email from L. Beltinck to M. Hanson regarding NorthWestern's utility operations |
| October 4, 2003 | Email from B. Geer to M. Hanson regarding NorthWestern's utility operations |
| October 6, 2003 | Email from L. Beltinck to M. Hanson regarding financial models |
| October 6, 2003 | Email from M. Hanson to L. Beltinck responding to his October 6, 2003 email regarding financial models |
| October 6, 2003 | Email from M. Hanson to L. Beltinck responding to his October 3, 2003 email regarding NorthWestern's utility operations |
| October 7, 2003 | Email from M. Hanson to L. Beltinck responding to his October 3, 2003 email regarding peaker plants |
| October 7, 2003 | Email from M. Hanson to L. Beltinck responding to his October 3, 2003 email regarding NorthWestern's utility operations |
| October 7, 2003 | Email from M. Hanson to L. Beltinck responding to his October 3, 2003 email regarding NorthWestern's utility operations |
| October 7, 2003 | Email from L. Beltinck to M. Hanson responding to October 7, 2003 email regarding NorthWestern's utility operations |
| October 7, 2003 | Email from M. Hanson to L. Beltinck responding to October 7, 2003 email regarding utility operations |
| October 7, 2003 | Email from L. Beltinck to M. Hanson responding to October 6, 2003 email regarding capital structure |
| October 7, 2003 | Email from M. Hanson to L. Beltinck responding to October 3, 2003 email regarding regulated rate bases |
| October 13, 2003 | Email from M. Hanson to L. Beltinck regarding overhead allocations |
| December 4, 2003 | Email from M. Hanson to L. Beltinck regarding term sheet |

| December 4, 2003 | Email from L. Beltinck to M. Hanson regarding term sheet to acquire NorthWestern's Natural Gas Distribution Systems in Nebraska |
| December 4, 2003 | Email from M. Hanson to L. Beltinck regarding regulatory issues related to proposed sale of assets |
| December 5, 2003 | Email from M. Hanson to L. Beltinck regarding regulatory issues related to proposed sale of assets |
| December 7, 2003 | Email from M. Hanson to L. Beltinck regarding proposed sale of NorthWestern's Natural Gas Distribution Systems in Nebraska |
| December 8, 2003 | Telephone conference among M. Hanson, L. Beltinck and B. Geer regarding proposed sale of NorthWestern's Nebraska properties |
| December 18, 2003 | G. Drook, B. Bird and M. Hanson attended meeting with Committee regarding 5-year financial forecast; NorthWestern provided the Financial Update (December 18, 2003) presentation and cash flows statement breakdown to the Committee and advisors to the Committee, including counsel and financial advisors. The Debtor's and Committee's professional advisors were also present |
| January 14, 2004 | G. Drook and M. Hanson communicated with T. Fuller, A. Kornberg, and representatives of Houlihan Lokey regarding issues raised by the Montana Public Service Commission |
| January 27, 2004 | G. Drook, B. Bird and M. Hanson met with T. Fuller, A. Kornberg and representatives of Houlihan Lokey regarding the 5-year financial forecast |
| February 25, 2004 | G. Drook and M. Hanson met with T. Fuller regarding the performance of NorthWestern in general |
| March 23, 2004 | G. Drook and M. Hanson met with T. Fuller to discuss the proposed retention of Pearl Meyer and Associates to review board and executive compensation |
| February 16, 2004 | Email from C. Chayavadhanangkur to A. Kornberg, M. Skapof and E. Diamond re Draft Plan of Reorganization |
| May 2004 | B. Bird met with T. Fuller in New York regarding refinancing |
| May 3, 2004 | Email from C. Chayavadhanangkur to Distribution List circulating draft of plan and disclosure statement |
| May 14, 2004 | Email from C. Chayavadhanangkur to Distribution List re Plan and Disclosure Statement |
| May 19, 2004 | Email from C. Chayavadhanangkur to Distribution List re Plan and Disclosure Statement |
| May 20, 2004 | Email from C. Chayavadhanangkur to Distribution List re Revised First Amended Plan and Disclosure Statement |
| May 21, 2004 | Email from C. Chayavadhanangkur to Distribution List Revised First Amended Plan and Disclosure Statement |
| July 19, 2004 | Email from W. Chipman to M. Costello regarding Confidentiality Agreement |

01/06/2005     17:08     GREENBERG TRAURIG WILMINGTON                    NO.546     0011

| July 27, 2004 | Transcript of July 27, 2004 Deposition of Talton Embry |
|---|---|
| August 2, 2004 | Email from T. Fuller to G. Drook, B. Bird and J. Austin (cc E. Diamond) regarding New Management Incentive Plan and Plan Distributions |

3.      Identify and describe each and every document which you contend was provided to either Defendant.

**Response to Interrogatory No. 3:** NorthWestern objects to this Interrogatory as vague, ambiguous and unintelligible and overly broad as this Interrogatory fails to identify with any limitation from whom either Defendants received such documents, what such documents concerned, or whether "you contend" limits this Interrogatory to the allegations in this adversary proceeding. NorthWestern further objects to this Interrogatory to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence. NorthWestern further objects to "identify and describe each and every document" to the extent this request is duplicative of the documents produced in connection with Defendants' First Request for Production of Documents served on December 10, 2004, and attempts to require NorthWestern to identify responsive documents scheduled for production on January 10, 2005. As such Interrogatory No. 3 is unduly burdensome and not required by the Federal Rules of Bankruptcy Procedure. Subject to the foregoing objections and General Objections, NorthWestern states that NorthWestern provided the following information and documents to the Committee during the Relevant Time Period:

   1)      All communications and documents produced or made available to the Committee or its Advisors during the Relevant Time Period as identified in NorthWestern's responses to the Interrogatories and all responsive documents produced in connection with the Defendants' First Request for Production of Documents served on December 10, 2004 and scheduled for production on January 10, 2005;

01/06/2005    17:08    GREENBERG TRAURIG WILMINGTON    NO.546    0012

2)      All communications and documents produced or made available to Magten and/or its legal counsel, Fried Frank, for inspection and copying in connection with Magten Asset Management Corporations First Request for Production of Documents dated May 17, 2004 and viewed by Fried Frank in July 2004;

3)      All communications and documents produced or made available to Magten and/or its legal counsel, Fried Frank, in connection with its the Rule 30(B)(6) Deposition Notice dated May 17, 2004;

4)      All communications and documents produced or made available to the Debtor in connection with Debtor's First Request for Production of Documents to Magten Asset Management Corporation dated June 25, 2004;

5)      All communications and documents produced or made available to Magten and/or its legal counsel, Fried Frank, for inspection and copying in the Document Inspection Room located at the New York, New York offices of Paul, Hastings, Janofsky, and Walker LLP;

6)      All pleadings served in the matter of *In re NorthWestern Corporation*, Case No. 03-12872;

7)      All pleadings served in *NorthWestern v. Magten Asset Management Corporation*, Adversary Proceeding No. 04-55051;

8)      All pleadings served in the *Magten Asset Management Corporation v. NorthWestern Corporation*, Adversary Proceeding No. 04-53324;

9)      All documents and communications to be produced or made available by Magten and/or its legal counsel, Fried Frank, to the Debtor in connection with the Debtor's First

Request for Production of Documents to Magten Asset Management Corporation dated November 23, 2004; and

   10)  All documents in connection with Defendants' First Request for Production of Documents served on December 10, 2004 and scheduled for production on January 10, 2005.

4.  Identify and describe each and every communication or document describing or discussing such communication which you contend was provided to either Defendant.

**Response to Interrogatory No. 4**: NorthWestern objects to this Interrogatory as, in part, duplicative of Interrogatory No. 3. NorthWestern further objects to this Interrogatory as vague, ambiguous, unintelligible and overly broad in that this Interrogatory does not identify with any limitation from whom either Defendants received such documents, what such documents concerned, or whether "you contend" limits this Interrogatory to the allegations in this adversary proceeding. NorthWestern further objects to this Interrogatory to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence. NorthWestern further objects to "identify and describe each and every communication or document" to the extent this request is duplicative of the documents produced in connection with Defendants' First Request for Production of Documents served on December 10, 2004, and attempts to require NorthWestern to identify responsive documents scheduled for production on January 10, 2005. As such Interrogatory No. 4 is unduly burdensome and not required by the Federal Rules of Bankruptcy Procedure. Subject to the foregoing objections and General Objections, NorthWestern incorporates its Response to Interrogatory No. 3 as if stated fully herein.

5.    Identify all persons at NorthWestern, and all persons acting as or on behalf of Advisors to NorthWestern that communicated with either Defendant from the date that Magten was appointed to the Committee through the date that Magten was removed from the Committee, and describe each and every communication, including, but not limited to, the substance of the communication, the date of the communication and the nature of the communication.

**Response to Interrogatory No. 5**:  Subject to the foregoing General Objections, NorthWestern, except as identified in responsive documents to be produced to Magten and/or its legal counsel, Fried Frank, or as set forth above, NorthWestern's communications were made to the Committee of which Magten was a member and the Committee's advisors, Paul, Weiss, Rifkind Wharton & Garrison LLP and Houlihan Lokey Howard & Zukin.

6.    Identify and describe each and every "material non-public" document referred to in the allegations set forth in the Complaint.

**Response to Interrogatory No. 6**:  Subject to the foregoing General Objections, NorthWestern states that the following material non-public information was provided to the Committee during the Relevant Time Period:

| Description of Information | Date Became Public |
|---|---|
| Information in connection with the request to appoint an equity committee in the Debtor's bankruptcy case | Remains confidential.  While certain equity holders filed a motion to appoint an equity committee on or about March 24, 2004, information regarding the initial request and discussions with certain equity holders remains confidential. |
| Information in connection with statements of interests, subject to conditions such as completion of due diligence, to purchase some or all of the Debtor's assets and operations | Remains confidential.  While the Debtor disclosed that such offers were received, the identities of such parties and the analysis of such proposals have remained confidential. |

| | |
|---|---|
| Information in connection with the Debtor's operations and projections. | Remains confidential. During the bankruptcy, the Debtor provided the Committee and/or its advisors, information regarding its operations and financial projections in connection with preparing valuations of the Debtor. While the valuations and final projections are no longer confidential, much of the information provided to the Committee or its advisors regarding the Debtor's operations remains confidential. |
| Information in connection with the exit financing entered into by the Debtor | Remains confidential. On or about November 1, 2004, the Debtor finalized documentation of its exit financing facility. Prior to November 1, 2004, the Debtor provided the Committee with information regarding the terms of such financing and financial projections provided to the lenders in connection with the financing. |
| Information in connection with the DIP and CSFB financing entered into by the Debtor | Remains confidential. During its bankruptcy, the Debtor entered into a DIP financing facility and amended its credit facility with CSFB. Prior to filing the motions and entering into such agreements, the Debtor shared confidential information with the Committee regarding the terms of the financings and financial projections provided to the lenders in connection with the financing. Aside from information disclosed in various pleadings this information remains confidential. |
| Information presented at the December 18, 2003 meeting with the Committee including initial 5-year plan and cash flows statement | With the exception of information disclosed in bankruptcy pleadings, including the Disclosure Statement filed on March 11, 2004, this information remains confidential. Throughout the Debtor's case, the Debtor provided the Committee with updates on the 5-year plan, cash flow statements and financial projections as well as drafts of the plan and disclosure statement. These drafts remain confidential. |
| Information regarding the draft plan and disclosure statement | With the exception of information disclosed in bankruptcy pleadings, including the Disclosure Statements and Plans filed on March 11, 2004, May 14, 2004 and August 18, 2004, this information remains confidential. Throughout the Debtor's case, the Debtor provided the Committee with updates on the 5-year plan, cash flow statements and financial projections along with drafts of the plan and disclosure statement. These drafts remain confidential. |

| | |
|---|---|
| Status of negotiations with Harbert Management Corporation and Wilmington Trust Company regarding treatment of TOPrS under the Debtor's Plan | August 18, 2004. The Committee was actively involved in settlement negotiations with Harbert and Wilmington Trust and was a party to the final settlement agreement incorporated into the Debtor's Plan. The fact of the settlement and the terms thereof remained confidential until the filing of the Debtor's amended Plan on August 18, 2004. |
| Status of negotiations and mediations regarding *McGreevey, et al. v. The Montana Power Company* (the "McGreevey Litigation"), Case No. CV 03-01-BU-SHE, U.S District Court for the District of Montana | August 13, 2004. The Debtor filed a motion to approve a memorandum of understanding in connection with the McGreevey Litigation. However, the parties are finalizing the settlement documents and related settlement communications and negotiations remain confidential. |
| Information regarding the status of the financial investigation regarding the Montana Public Service Commission (the "MPSC") and the Montana Consumer Counsel (the "MCC") and settlement discussions with the MPSC and MCC | June 4, 2004. The Debtor filed a motion for an order approving the stipulation and settlement agreement among the Debtor, the MPSC and the MCC. Information regarding settlement negotiations and communications remains confidential. |
| Information related to the stipulation of settlement among, the Debtor, the Atlantic Richfield Company, the United States on behalf of the U.S. Environmental Protection Agency and the U.S. Department of the Interior, the State of Montana, and the Confederated Salish and Kootenai Tribes (the "Milltown Stipulation") | May 10, 2004. The Debtor filed its motion for an order approving the Milltown Stipulation. Information regarding settlement negotiations and communications remains confidential. |
| Information related to the Securities and Exchange Commission Investigation | Remains confidential. The SEC notified the Debtor that it had issued a formal order of private investigation relating to questions regarding the restatements and other accounting and financial reporting matters in December 2003. |
| Status of negotiations and mediation regarding *In re NorthWestern Corporation Securities Litigation*, Case No. CIV 03-3049, U.S District Court for the District of South Dakota, and *In re NorthWestern Derivative Litigation*, Case No. 03-4091, U.S. District Court for the District of South Dakota (collectively, the "Securities Litigation") | April 28, 2004. The Debtor filed a motion to approve a memorandum of understanding in connection with the Securities Litigation. The communication regarding the settlement and negotiations regarding the settlement remains confidential. |

7.      Identify all fact witnesses that NorthWestern intends to call at the trial in this case and for each such witness specify:

      a)      The substance that each witness will or can be expected to give with respect to any issue in this case;

      b)      All documents upon which each witness will rely or which such witness will consider.

**Response to Interrogatory No. 7**:  NorthWestern objects to this Interrogatory to the extent it seeks information beyond that required by the Federal Rules of Civil Procedure.  Subject to the foregoing objection and General Objections, NorthWestern incorporates by reference all the individuals identified in NorthWestern's Response to Interrogatory No. 1 and states that such individuals may be called as fact witnesses at trial.

8.      Identify each person the Debtor intends to call as an expert witness at the trial in this case and for each such witness specify:

      a)      The substance that the expert witness will or can be expected to give the respect to any issue in this case;

      b)      A summary of the grounds for the opinions to which the expert is expected to testify;

      c)      All documents which provide a basis for any opinion rendered by the expert witness at trial which the expert will produce, identify, or authenticate at trial;

**Response to Interrogatory No. 8**:  NorthWestern objects to this Interrogatory to the extent it seeks information beyond that required by the Federal Rules of Civil Procedure.  Subject to the foregoing objection and General Objections, NorthWestern states that it has not yet designated any expert in this matter.

01/06/2005    17:08    GREENBERG TRAURIG WILMINGTON                    NO.546    D018

9.    Identify any and all material, non-public information provided to either Defendant that you contend remained material and non-public after NorthWestern filed its plan of reorganization and related disclosure statement on March 11, 2004, and for each piece of information provided specify:

   a)    Each fact which you contend remained material and non-public after March 11, 2004; and

   b)    State the date by which each fact identified in part (a) above became public such that the recipient or the information would be free to trade in NorthWestern's securities without restriction.

**Response to Interrogatory No. 9**:  Subject to the foregoing General Objections, NorthWestern incorporates its response to Interrogatory No. 6 as if stated fully herein.

10.    Identify any and all material, non-public information provided to either Defendant that you contend remained material and non-public after May 6, 2004, and for each piece of information provided specify:

   a)    Each fact which you contend remained material and non-public after May 6, 2004; and

   b)    State the date by which each fact identified in part (a) above became public such that the recipient or the information would be free to trade in NorthWestern's securities without restriction.

**Response to Interrogatory No. 10**:  NorthWestern objects to this Interrogatory as, in part, duplicative of Interrogatory No. 9.  Subject to the foregoing objection and General Objections, NorthWestern incorporates its response to Interrogatory Nos. 6 and 9 as if stated fully herein.

11.    Set forth each and every fact (and identify the evidentiary basis for each such fact) upon which NorthWestern bases its allegations as set forth in Paragraph 16 of the Complaint, as follows:

> "Upon information and belief, upon being appointed to the Committee, Magten obtained possession of the Debtor's and the Committee's material, non-public information."

**Response to Interrogatory No. 11**: Subject to the foregoing General Objections, material non-public information was routinely provided to the Committee and its advisors. Magten was a member of the Committee and Magten and/or its legal advisors received the material non-public information as and when provided. Alternatively, knowledge of such material non-public information is imputed to Magten as a result of its status as a Committee member. In this case the Debtor and the Committee executed a confidentiality agreement. Under the confidentiality agreement, each Committee member agreed to maintain as confidential all non-public and proprietary information provided by or to the Committee. Pursuant to the confidentiality agreement, the Debtor, through its counsel, senior management and financial advisors, Lazard Freres & Co., provided various Committee members, the Committee, and its advisors, with confidential, non-public information regarding the status of litigation, pleadings and the plan of reorganization. As a member of the Committee, the Defendants received non-public information shared with Committee counsel.

12.    Set forth each and every fact (and identify the evidentiary basis for each such fact) upon which NorthWestern bases its allegations as set forth in Paragraph 25 of the Complaint, including, without limitation

01/06/2005     17:08     GREENBERG TRAURIG WILMINGTON                    NO.546     D020

> "Upon information and belief, Defendants were in possession of an
>
> relied upon the Debtor's and the Committee's non-public
>
> information when executing the securities transactions."

**Response to Interrogatory No. 12**: Subject to the foregoing General Objections, NorthWestern

incorporates its response to Interrogatory No. 11 as if stated fully herein.  The Defendants, by

their own admission, traded while Magten was a member of the Committee and shortly after

being removed from the Committee.  Transcript of Deposition of Talton Embry dated July 27,

2004, p. 23.  During this time period, Magten and/or its legal advisors received material non-

public information as set forth herein and/or had access to the information as a result of Magten's

membership on the Committee.

13.     Set forth each and every fact (and identify the evidentiary basis for each such fact) upon

which NorthWestern bases its allegations as set forth in Paragraph 29 of the Complaint,

including, without limitation:

> "Upon information and belief, the Defendants remained in
>
> possession of and relied upon, the Debtor's and the committee's
>
> non-public information with respect to some of all of these QUIPS
>
> purchases."

**Response to Interrogatory No. 13**: Subject to the foregoing General Objections, NorthWestern

incorporates its response to Interrogatories No. 11 and 12 as if stated fully herein.  As far as

NorthWestern is aware, Magten still retains all of the material non-public information it received

or had access to while a member of the Committee.

14.    Set forth each and every fact (and identify the evidentiary basis for each such fact) upon which NorthWestern bases its allegations as set forth in Paragraph 33 of the Complaint, as follows:

> "In addition, as members of the Committee, Defendants were obligated to comply with the Securities Trading Order. The Securities Trading Order prohibited trading by Committee members, such as Defendants, while members of the Committee and in possession of non-public information without first establishing an Ethical Wall."

**Response to Interrogatory No. 14**: NorthWestern objects to this Interrogatory, in part, because the Securities Trading Order speaks for itself in all manner and respects. Subject to the foregoing objections and General Objections, NorthWestern incorporates its response to Interrogatories No. 11, 12 and 13 as if stated fully herein and further states that Defendants by their own admission traded while on the Committee without first establishing an ethical wall as required by the order.

15.    Set forth each and every fact (and identify the evidentiary basis for each such fact) upon which NorthWestern bases its allegations as set forth in Paragraph 35 of the Complaint, as follows:

> "Upon information and belief, after being appointed to the Committee, and after receiving material, non-public information from the Debtor and the Committee, the Defendants purchased over 100,000 shares of the Debtor's QUIPS."

**Response to Interrogatory No. 15**: Subject to the foregoing objections and General Objections, NorthWestern incorporates its response to Interrogatories No. 11, 12, 13 and 14 as if stated fully herein. By its own admission, Magten responded to the Debtor's First Request for Production of Documents to Magten Asset Management dated June 25, 2004 and produced documents establishing Magten's purchases of over 100,000 shares of the Debtor's QUIPS. Magten has now produced in response to Debtor's First Request for Production of Documents dated December 10, 2004 additional trading records confirming Magten's purchases of the Debtor's QUIPS.

16.    Set forth each and every fact (and identify the evidentiary basis for each such fact) upon which NorthWestern bases its allegations as set forth in Paragraph 37 of the Complaint, as follows:

> "The Defendants' willful violation of their fiduciary duties caused the Debtor, the Committee, and the creditors damages in an amount to be determined."

**Response to Interrogatory No. 16**: As a result of the Defendants' actions, the Debtor's estate has incurred significant added costs, including, but not limited to, additional attorneys' fees and expenses. Subject to the foregoing General Objections, NorthWestern states that the bases for these allegations are as follows:

| Date | Description of Documents |
|------|--------------------------|
| December 18, 2003 | Confidentiality Agreement between the Debtor and Committee |
| November 6, 2003 | Order Permitting Securities Trading Upon Establishment of Ethical Wall |
| January 23, 2004 | DRAFT – Motion by Magten Asset Management Corporation for Entry of an Order Clarifying the Order of this Court Permitting Securities Trading Upon the Establishment of an Ethical Wall |
| April 21, 2004 | Letter from J. Austin to M. Kenney regarding removal of Magten and Law Debenture from the Committee |

| | |
|---|---|
| July 27, 2004 | Deposition of Talton Embry |
| November 20, 2003 | First Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 426) |
| December 17, 2003 | Certificate Of No Objection To First Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 577) |
| December 19, 2003 | Second Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 583) |
| January 12, 2004 | Certificate Of No Objection To Second Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 654) |
| January 21, 2004 | Third Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 727) |
| February 12, 2004 | Certificate Of No Objection To Third Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 819) |
| February 20, 2004 | Fourth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No 867) |
| March 15, 2004 | Certificate Of No Objection To Fourth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 937) |
| March 29, 2004 | Amended Fourth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses (Docket No. 1003) |
| March 26, 2004 | Fifth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 995) |
| April 19, 2004 | Certificate Of No Objection To Fifth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 1130) |

| April 24, 2004 | Sixth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 1156) |
| May 19, 2004 | Certificate Of No Objection To Sixth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 1318) |
| June 25, 2004 | Seventh Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 1547) |
| June 30, 2004 | Certificate Of No Objection To Seventh Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 1782) |
| July 9, 2004 | *Amended Seventh Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses* (Docket No. 1634) |
| July 8, 2004 | Eighth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 1626) |
| July 29, 2004 | Certificate Of No Objection To Eighth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 1778) |
| July 30, 2004 | Ninth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 1783) |
| August 17, 2004 | Certificate Of No Objection To Ninth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 1999) |
| September 23, 2004 | Tenth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 2115) |
| October 18, 2004 | Certificate Of No Objection To Tenth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 2232) |

| October 15, 2004 | Eleventh Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 2225) |
| November 5, 2004 | Certificate Of No Objection To Eleventh Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 2332) |
| October 22, 2004 | Twelfth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 2261) |
| November 24, 2004 | Certificate Of No Objection To Twelfth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 2396) |
| December 1, 2004 | Thirteenth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses *with all exhibits attached thereto* (Docket No. 2426) |
| December 23, 2004 | Certificate Of No Objection To Thirteenth Monthly Interim Application Of Paul Hastings Janofsky & Walker LLP (Docket No. 2507) |
| August 2, 2004 | Fee Auditor's Final Report Regarding Fee Application Of Paul Hastings Janofsky & Walker LLP For The First Interim Period (Docket No. 1792) |
| August 6, 2004 | Fee Auditor's Amended Final Report Regarding Fee Application Of Paul Hastings Janofsky & Walker LLP For The First Interim Period (Docket No. 1858) |
| October 14, 2004 | Fee Auditor's Final Report Regarding Fee Application Of Paul Hastings Janofsky & Walker LLP For The Second Interim Period (Docket No. 2212) |
| November 20, 2003 | First Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements as Counsel to the Debtor *with all exhibits attached thereto* (Docket No. 423) |
| December 17, 2003 | Certification of No Objection To First Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements as Counsel to the Debtor (Docket No. 557) |
| January 6, 2004 | Second Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements as Counsel to the Debtor *with all exhibits attached thereto* (Docket No. 645) |

01/06/2005    17:08    GREENBERG TRAURIG WILMINGTON                    NO.546    D026

| January 28, 2004 | Certification of No Objection To Second Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements as Counsel to the Debtor (Docket No. 758) |
|---|---|
| January 27, 2004 | Third Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements *with all exhibits attached thereto* (Docket No. 755) |
| February 20, 2004 | Certification of No Objection To Third Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements (Docket No. 859) |
| February 26, 2004 | Fourth Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements *with all exhibits attached thereto* (Docket No. 887) |
| March 19, 2004 | Certification of No Objection To Fourth Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements (Docket No. 969) |
| April 14, 2004 | Fifth Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements *with all exhibits attached thereto* (Docket No. 1105) |
| May 10, 2004 | Certification of No Objection To Fifth Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements (Docket No. 1253) |
| April 22, 2004 | Sixth Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements *with all exhibits attached thereto* (Docket No. 1149) |
| June 2, 2004 | Certification of No Objection To Sixth Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements (Docket No. 1396) |
| May 26, 2004 | Seventh Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements *with all exhibits attached thereto* (Docket No. 1370) |
| June 16, 2004 | Certification of No Objection To Seventh Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements (Docket No. 1486) |
| July 7, 2004 | Eigth Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements *with all exhibits attached thereto* (Docket No. 1619) |
| August 10, 2004 | Certification of No Objection To Eigth Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements (Docket No. 1486) |

| September 3, 2004 | Notice of Filing of Ninth Interim Fee Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements as Counsel to the Debtor *with all exhibits attached thereto* (Docket No. 2043) |
| September 24, 2004 | Certification of No Objection To Ninth Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements (Docket No. 2117) |
| September 20, 2004 | Notice of Filing of Tenth Interim Fee Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements as Counsel to the Debtor *with all exhibits attached thereto* (Docket No. 2101) |
| October 14, 2004 | Certification of No Objection To Tenth Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements (Docket No. 2213) |
| November 1, 2004 | Notice of Filing of Eleventh Interim Fee Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements as Counsel to the Debtor *with all exhibits attached thereto* (Docket No. 2303) |
| November 23, 2004 | Certification of No Objection To Eleventh Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements (Docket No. 2387) |
| November 23, 2004 | Notice of Filing of Twelfth Interim Fee Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements as Counsel to the Debtor *with all exhibits attached thereto* (Docket No. 2393) |
| December 15, 2004 | Certification of No Objection To Twelfth Interim Application of Greenberg Traurig, LLP for Allowance of Compensation and for Reimbursement of Disbursements (Docket No. 2492) |
| January 15, 2004 | First Quarterly Fee Application Request of Greenberg Traurig, LLP as Counsel to the Debtor and for the Period September 14, 2003 through and Including November 30, 2003 *with all exhibits attached thereto* (Docket No. 703) |
| February 9, 2004 | Certificate of No Objection to First Quarterly Fee Application Request of Greenberg Traurig, LLP as Counsel to the Debtor and for the Period September 14, 2003 through and Including November 30, 2003 (Docket No. 805) |
| April 14, 2004 | Second Quarterly Fee Application Request of Greenberg Traurig, LLP as Counsel to the Debtor and for the Period September 14, 2003 through and Including November 30, 2003 *with all exhibits attached thereto* (Docket No. 1112) |
| July 13, 2004 | Third Quarterly Fee Application Request of Greenberg Traurig, LLP as Counsel to the Debtor and for the Period September 14, 2003 through and Including November 30, 2003 *with all exhibits attached thereto* (Docket No. 1657) |

| | |
|---|---|
| October 21, 2004 | Fourth Quarterly Fee Application Request of Greenberg Traurig, LLP as Counsel to the Debtor and for the Period September 14, 2003 through and Including November 30, 2003 *with all exhibits attached thereto* (Docket No. 2250) |
| December 1, 2004 | Notice of Filing of Fifth Quarterly and Final Fee Application *with all exhibits attached thereto* (Docket No. 2438) |
| June 14, 2004 | Fee Auditor's Final Report Regarding Fee Application of Greenberg Traurig, LLP, for the First Interim Period *with all exhibits attached thereto* (Docket No. 1471) |
| February 29, 2004 | Fee Auditor's Final Report Regarding Fee Application of Greenberg Traurig, LLP, for the Second Interim Period *with all exhibits attached thereto* (Docket No. 2208) |
| December 1, 200412/01/04 | Application For Compensation For Payment Of Fees And Expenses Pursuant To Plan Of Reorganization Filed By Law Debenture Trust Company Of New York, As Indenture Trustee (Docket No. 2427) |
| January 3, 2005 | Objection to the Request of Law Debenture Trust Company of New York for Payment of Fees and Reimbursement of Expenses Pursuant to the Debtor's Plan of Reorganization and Applicable Trust Indenture (Docket No. 2522) |

17.    Set forth each and every fact and identify the evidentiary basis for each such fact) upon which NorthWestern bases its allegations as set forth in Paragraph 39 of the Complaint, as follows:

> "The Defendants willfully violated their fiduciary duties, willfully violated the Securities Trading Order, willfully violated the Confidentiality Agreement, and potentially violated the federal securities laws when they purchased over 100,000 shares of the Debtor's QUIPS in market trades after receipt of the Committee's and the Debtor's non-public information."

**Response to Interrogatory No. 17**:  NorthWestern objects to Interrogatory No. 17 as duplicative of Interrogatories No. 11, 12, 13, 14, 15, and 16.  Subject to the foregoing objection and the General Objections, NorthWestern incorporates its response to Interrogatories No. 11, 12, 13, 14, 15 and 16 as if fully set forth herein.

18.    Set forth each and every fact (and identify the evidentiary basis for each such fact) upon which NorthWestern bases its allegations as set forth in Paragraph 40 of the Complaint, including, without limitation:

> "The Defendants' conduct in misappropriating and using the Committee's and the Debtor's non-public information for their self interests constitutes inequitable conduct that caused injury to the Debtor, its creditors, and the Committee."

**Response to Interrogatory No. 18**: NorthWestern objects to Interrogatory No. 18 as duplicative of Interrogatories No. 11, 12, 13, 14, 15, 16, and 17. Subject to the foregoing objection and the General Objections, NorthWestern incorporates its response to Interrogatories No. 11, 12, 13, 14, 15, 16 and 17 as if fully set forth herein.

19.    Set forth each and every fact (and identify the evidentiary basis for each such fact) upon which NorthWestern bases its allegations as set forth in Paragraph 49 of the Complaint, including, without limitation

> "The Defendants have retained possession, custody, and control over the non-public information."

**Response to Interrogatory No. 19**: Subject to the foregoing General Objections, NorthWestern states that as a member of the Committee, Magten and/or its legal counsel, Fried Frank, received confidential, non-public information while a member of the Committee and such information has not been returned. Magten and/or its legal counsel, Fried Frank, remains in possession of such information.

20.     Set forth each and every fact (and identify the evidentiary basis for each such fact) upon which NorthWestern bases its allegations as set forth in Paragraph 50 of the Complaint, including, without limitation:

> "Upon information and belief, after receipt of the non-public information, and while in possession, custody, and control of such information, the Defendants purchased shares of the Debtor's QUIPS."

**Response to Interrogatory No. 20**:  NorthWestern objects to Interrogatory No. 20 as duplicative of Interrogatories No. 11, 12, 13, 14, 15, 16, 17, 18, and 19.  Subject to the foregoing objection and the General Objections, NorthWestern incorporates its response to Interrogatories No. 11, 12, 13, 14, 15, 16, 17, 18, and 19 as if fully set forth herein.

21.     Set forth each and every fact (and identify the evidentiary basis for each such fact) upon which NorthWestern bases its allegations as set forth in Paragraph 51 of the Complaint.

> "Upon information and belief, the Defendants, as members of the Committee, did not establish an ethical wall prior to trading in the Debtor's securities."

**Response to Interrogatory No. 21**:  NorthWestern objects to Interrogatory No. 21 as duplicative of Interrogatories No. 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20.  Subject to the foregoing objection and the General Objections, NorthWestern incorporates its response to Interrogatories No. 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 as if fully set forth herein.  NorthWestern further states that the bases for these allegations is the deposition testimony of Embry on July 27, 2004.  Embry stated that he owned a hundred percent (100%) of Magten and that Magten had only two employees, himself and his secretary.  Embry Deposition Transcript,

pp. 4 and 5. Based on Embry's testimony, and upon information and belief, Magten was unable to establish an ethical wall as Embry and his secretary were its sole employees.

22.    Set forth each and every fact (and identify the evidentiary basis for each such fact) which NorthWestern contends supports its claim that damages or injuries were suffered by any creditor of NorthWestern including, without limitation, the Committee or any of its members.

**Response to Interrogatory No. 22**: NorthWestern objects to Interrogatory No. 22 as duplicative of Interrogatory No. 16. Subject to the foregoing objection and the General Objections, NorthWestern incorporates its response to Interrogatory No. 16 as if fully set forth herein. The Defendants' actions and the legal fees incurred as a direct result of these actions increased the Debtor's reorganization costs by millions of dollars to the significant detriment of the Debtor's bankruptcy estate, creditors and interest holders.

23.    Identify any computation of damages performed or discussed by NorthWestern or its Advisors which damages NorthWestern seeks to recover in this case and set forth each and every fact underlying such computation.

**Response to Interrogatory No. 23**: NorthWestern objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to the foregoing objection and General Objections, NorthWestern states that it is still analyzing the damages, in addition to the increased legal fees and costs described above, and will provide such analysis as soon as the analysis is complete. NorthWestern reserves the right to supplement its response to this Interrogatory upon the discovery of additional information.

24.    Identify all persons which NorthWestern contends suffered damages or injuries because of Defendants' alleged conduct as set forth in the Complaint and state for each Person the nature of any injury and the amount of such damage.

**Response to Interrogatory No. 24**: NorthWestern objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to the foregoing objection and General Objections, NorthWestern states that it is still analyzing the damages in connection with this case and will provide such analysis as soon as the analysis is complete. At a minimum, the Debtor's estate, the Debtor, Reorganized Debtor and creditors and interest holders have been damaged by the Defendants' actions. NorthWestern reserves the right to supplement its response to this Interrogatory upon the discovery of additional information.

DATED: January 6, 2005

PAUL, HASTINGS, JANOFSKY &
WALKER LLP
Karol K. Denniston
Jesse H. Austin, III
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Telephone: (404) 815-2400

and

GREENBERG TRAURIG, LLP

By: _____
Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
Paul D. Brown (No. 3903)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000

And

Adam D. Cole
885 Third Avenue
New York, NY 10022
Telephone: (212) 801-2100

Counsel for NorthWestern Corporation

# EXHIBIT "B"

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza
New York, NY 10004-1980
Tel: 212.859.8000
Fax: 212.859.4000
www.friedfrank.com

Direct Line:  212.859.8812
Fax:  212.859.8583
kaplaga@ffhsj.com

January 4, 2005

FRIED FRANK

*By Facsimile*

Margaret Phillips, Esq.
Paul, Weiss, Rifkind, Wharton
& Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-3990

Re:  NorthWestern Corporation v. Magten Asset Management Corporation
     and Talton R. Embry, Adv. No. 04-55051

Dear Margaret:

Following up on our conversation earlier today, please confirm that you have spoken with each individual member of the Official Committee of Unsecured Creditors (the "Committee") subpoenaed by Magten Asset Management Corporation ("Magten") and that none of the Committee members are interested in submitting an affidavit regarding their contact with Magten in lieu of being deposed.

If any of the individual members of the Committee desire to discuss providing an affidavit in lieu of their scheduled deposition, please let us know.

Please call me if you have any questions.

Sincerely,

Gary Kaplan

Gary L. Kaplan

cc:   Alan Kornberg, Esq.
      Bonnie Steingart, Esq.
      Elio Battista, Esq.

A Delaware Limited Liability Partnership
New York • Washington • Los Angeles • London • Paris

## CERTIFICATE OF SERVICE

I, *Mark J. Packel*, certify that I am not less than 18 years of age, and that on January 7,

2005, I caused service of the attached *Objection of Magten Asset Management Corporation and*

*Talton R. Embry to Motion by the Committee for Protective Order* to be made on the parties

listed below as indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

Mark J. Packel

**BY EMAIL**

William E. Chipman, Jr., Esquire
*Greenberg Traurig, LLP*
1000 West Street, Suite 1540
Wilmington, DE 19801
chipman@gtlaw.com

Neil Glassman, Esquire
Charlene D. Davis, Esquire
Eric M. Sutty, Esquire
*The Bayard Firm*
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
nglassman@bayardfirm.com
cdavis@bayardfirm.com
esutty@bayardfirm.com

**BY EMAIL**

Jesse Austin, Esquire
Karol K. Denniston, Esquire
*Paul Hastings Janofsky & Walker LLP*
600 Peachtree Road, N.E.
Atlanta, GA 30308
(404) 815-2400; (404) 815-2424
jessaustin@paulhastings.com

John V. Snellings, Esquire
*Nixon Peabody LLP*
100 Summer Street
Boston, MA 02110
jsnellings@nixonpeabody.com

Alan W. Kornberg, Esquire
Ephraim I. Diamond, Esquire
Margaret Phillips, Esquire
James G. Wheaton, Esquire
*Paul, Weiss, Rifkind, Wharton &*
*Garrison LLP*
1285 Avenue of the Americas
New York, NY 10019
akornberg@paulweiss.com
ediamond@paulweiss.com
jwheaton@paulweiss.com
mphillips@paulweiss.com

120087.01600/40149079v1