**<u>EXHIBIT O</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (JLP) |
| Debtor. | : | |

| | | |
|---|---|---|
| NORTHWESTERN CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | Adv. No. 04-55051 (JLP) |
| MAGTEN ASSET MANAGEMENT CORPORATION, and TALTON R. EMBRY | : | |
| Defendants. | : | |

**SUPPLEMENTAL OBJECTION OF MAGTEN ASSET MANAGEMENT CORPORATION AND TALTON R. EMBRY TO MOTION BY NORTHWESTERN CORPORATION FOR PROTECTIVE ORDER AND RESPONSE OF MAGTEN ASSET MANAGEMENT CORPORATION AND TALTON R. EMBRY TO (I) MOTION BY PAUL, HASTINGS, JANOFSKY & WALKER LLP TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER AND (II) WITHDRAWAL OF MOTION BY PAUL, HASTINGS, JANOFSKY & WALKER LLP TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER [ADV. DKT. NOS. 62, 64 AND 66]**

Magten Asset Management Corporation (*"Magten"*) and Talton R. Embry (together with

Magten, the *"Defendants"*) by and through their undersigned counsel, file this (A) supplemental

objection (the *"Supplemental Objection"*) to the Motion by Debtor for Protective Order Pursuant

to Rule 7026(c) of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal

Rules of Civil Procedure and (B) response (the *"Response"*) to (i) the Motion of Paul, Hastings,

Janofsky & Walker LLP's Motion to Quash Subpoena and for Protective Order (the *"Motion"*)

and (ii) the Withdrawal of the Motion of Paul, Hastings, Janofsky & Walker LLP's Motion to Quash Subpoena and for Protective Order (the *"Withdrawal"*). In support of their Supplemental Objection and their Response, Defendants respectfully state as follows:

1.    By its Motion, and subsequent Withdrawal, Paul, Hastings, Janofsky & Walker LLP (*"Paul Hastings"*), as counsel to NorthWestern Corporation (the "Debtor") is seeking to delay the discovery process, to abuse the attorney client privilege, and to prevent the Defendants from timely receiving responsive, discoverable information that is crucial to their defense. Paul Hastings filed the Motion in this Court on December 30, 2004, seeking, among other things, a protective order and to quash the subpoena served on Paul Hastings (the *"Paul Hastings Subpoena"*) in its role as counsel to the Debtor, under a blanket claim of privilege. Although under Federal Rule of Civil Procedure 26, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9026, the Motion was properly before this Court, on January 3, 2005, Paul Hastings filed the Withdrawal without explanation. Subsequently, on January 4, 2005 – the very day the documents and information responsive to the Paul Hastings Subpoena were due to be produced to Defendants and just one week before the Defendants were to depose Paul Hastings – Paul Hastings re-filed the Motion in the United States Bankruptcy Court for the Southern District of New York.[1]

---

[1] Although Federal Rule of Civil Procedure 45(c)(3), made applicable to this proceeding by Bankruptcy Rule 9016 provides that a motion to quash is properly made before the court before which the subpoena was issued, in this case, the United States Bankruptcy Court for the Southern District of New York, a protective order issued by this Court could have had the same practical effect with the added benefit of appearing before a Court that was already familiar with the issues and the parties. Given the quality (and quantity) of the firms representing Paul Hastings, Defendants to not believe that the filing, withdrawal, and re-filing of the Motion was anything less than a litigation tactic designed to further prejudice the Defendants.

2.    These litigation tactics are nothing more than a transparent effort to avoid disclosing to the Defendants the alleged "material, non-public information" upon which the Defendants are alleged to have traded. As explained more fully in the Defendants' Objection to the Motion by Debtor for Protective Order, which was filed with this Court on January 4, 2005, the Debtor's complaint initiating this adversary proceeding (the *"Complaint"*) was entirely devoid of any facts concerning what information the Debtor believes the Defendants misused – and the Debtor and Paul Hastings have continually sought to prevent the Defendants from obtaining that information through discovery.

3.    Paul Hastings, as the Debtor's representative, was involved in day-to-day interactions with the Committee on behalf of the Debtor. In many instances, Paul Hastings, on the Debtor's behalf distributed information to the Committee and its members. As such, Paul Hastings possesses documents, communications, and information that was provided to the Committee and its advisors and is likely to be an important source of information with respect to what information was provided to the Committee and when such information was provided. Such information must be provided to the Defendants in order to allow the Defendants to adequately prepare for the rapidly approaching trial. Because that information is critical to the Defendants, the Paul Hastings Subpoena was both necessary and appropriate.

4.    By the Motion, Paul Hastings argues that the attorney-client privilege shields Paul Hastings from producing documents that it provided to non-clients. In Paul Hastings' objection to the Paul Hastings Subpoena (the *"Paul Hastings Objection"*), Paul Hastings objects to every item sought in the Paul Hastings Subpoena on the grounds that the information sought is privileged, and for every request states that it "has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal

- 3 -

advisor to NorthWestern." Paul Hastings Objection, *passim,* attached hereto as Exhibit "A". This argument is frivolous and Paul Hastings should be required to produce responsive documents.[2]

5.     The Debtor is not permitted to use its attorney-client privilege as both a sword and a shield. See CP Kelco U.S. Inc. v. Pharmacia Corp., 213 F.R.D. 176, 178 (D. Del. 2003) ("It would be manifestly unfair to allow a party to use the [attorney-client] privilege to shield information which it had deliberately chosen to use offensively..."). It cannot file the Complaint against the Defendants and then refuse to provide the Defendants with the information underlying the allegations in the Complaint based upon dubious claims of attorney-client privilege. The Defendants are completely in the dark about what non-public information the Debtor thinks Defendants had, when Defendants received it and why such information would be material, or indeed, even relevant to the purchase of QUIPS. Without the ability to conduct discovery to shed light on these issues, the Defendants will not have access to information vital to their defense.

6.     Moreover, as this Court is aware, there is a very limited period of time to conduct discovery. The Court has established January 21, 2005 as the discovery cut-off – and that date is rapidly approaching. Despite this deadline, a hearing has not been set on the Motion by the United States Bankruptcy Court for the Southern District of New York, and the discovery deadline is now just seventeen days away. Although the Defendants have timely responded to the Debtor's discovery requests, the Defendants have yet to receive *any* documents or other discovery from the Debtor or Paul Hastings. The Defendants have noticed a number of

---

[2] In addition to the fact that much of the information sought by the Paul Hastings Subpoena is not privileged because it was provided to a third party, to the extent that any such information is legitimately subject to the attorney-client privilege or the work product doctrine, the Debtor may have waived that privilege upon filing the Complaint. See Synalloy Corp.v. Gray, 142 F.R.D. 266 (D. Del. 1992). Nothing herein shall be deemed a waiver of Defendants' rights to pursue this issue further.

depositions in connection with the Adversary Proceeding, including the Debtor, the Debtor's advisors, the Committee, the Committee's advisors and the Committee's members. The first deposition is scheduled to be taken by the Defendants on January 11, 2005. It is essential that Paul Hastings provide their documents sufficiently in advance of the scheduled depositions so that the Defendants can adequately prepare. Otherwise, Defendants will be left with no choice but compel the production and thereafter depose each of the deponents again, which will increase the time and cost for all parties involved and which will be extremely difficult, if not impossible to accomplish by the January 21 discovery cut-off.

7.    Given the necessity of the information requested in the Paul Hastings Subpoena, the dilatory and abusive behavior of Paul Hastings in filing, withdrawing and re-filing the Motion in a court unfamiliar with these facts when the Motion was initially and properly filed with this Court, the Defendants respectfully request that this Court refuse to permit Paul Hastings to withdraw the Motion, and deny the Motion in its entirety.

Dated: January 5, 2005                    **BLANK ROME LLP**


Mark J. Packel (DE No. 4048)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464

- and -

120087.01600/40148993v1

**FRIED, FRANK, HARRIS, SHRIVER &
     JACOBSON LLP**
Bonnie Steingart
Gary L. Kaplan
One New York Plaza
New York, NY 10004
Telephone:    (212) 859-8000
Facsimile:    (212) 859-4000

Counsel for Magten Asset Management
Corporation and Talton R. Embry

- 6 -

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (JLP) |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| NORTHWESTERN CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MAGTEN ASSET MANAGEMENT | : | Adv. No.  04-55051 (JLP) |
| CORPORATION, and TALTON R. EMBRY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**RESPONSE OF PAUL, HASTINGS, JANOFSKY & WALKER LLP TO SUBPOENA IN
ADVERSARY PROCEEDING**

Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") hereby responds to the

Subpoena in an Adversary Proceeding, filed by Magten Asset Management Corporation and

Telton R. Embry (collectively, "Magten"), served December 14, 2004 (the "Subpoena") as

follows:

**GENERAL OBJECTIONS**

1.      Paul Hastings objects to the instructions and definitions set forth in the Subpoena

to the extent they seek to impose obligations on Paul Hastings beyond those imposed by the

Rules of this Court, the Federal Rules of Civil Procedure, or the Bankruptcy Rules.

2.      Paul Hastings objects to this Subpoena to the extent it seeks documents already

requested by Magten from NorthWestern Corporation ("NorthWestern"), in the possession of

ATL/1080176.1

Magten, or previously produced to Magten and/or made available to Magten as a result of the appointment of Magten to the Official Committee of Unsecured Creditors (the "Committee") on or about November 25, 2003, or previously made available for inspection and copying by NorthWestern for Magten in the document inspection room ("Document Inspection Room") at the offices of Paul Hastings in New York, New York.  Paul Hastings will produce responsive documents previously produced or made available for inspection in the Document Inspection Room at a mutually agreeable time at the New York offices of Paul Hastings in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

3.    Paul Hastings objects to the Subpoena to the extent the documents sought are subject to the attorney-client privilege, constitute work product, were prepared in anticipation of litigation or for trial, or are otherwise privileged or exempt from discovery.  Paul Hastings further objects to the Subpoena to the extent that it seeks documents from Paul Hastings which may be obtained through document requests to NorthWestern, for which Paul Hastings is counsel and/or are presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.  As counsel to NorthWestern, Paul Hastings will not produce such documents pursuant to the attorney-client privilege and/or work product doctrine.  Any such documents which have already been requested by Magten from NorthWestern, or are already in the possession of Magten, or previously produced to Magten and/or made available to Magten as a result of the appointment of Magten to the Committee on or about November 25, 2003, or have previously been made available for inspection and copying by NorthWestern Corporation for Magten in the Document Inspection Room at the offices of Paul Hastings in New York, New York  may be inspected at a mutually agreeable time at the New York offices of Paul Hastings in

- 2 -

the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

4.      Paul Hastings objects to the Subpoena to the extent it does not request documents and/or purports to require Paul Hastings to do anything other than object and/or indicate whether responsive documents will be produced or made available for inspection and copying.

5.      Paul Hastings objects to the Subpoena to the extent it seeks information that is confidential and/or proprietary.

6.      Paul Hastings objects to the Subpoena to the extent it seeks public records and/or information available to the public.

7.      Paul Hastings objects to the Subpoena to the extent it seeks confidential, non-public information and Magten continues to fail and refuse to execute an appropriate confidentiality agreement or until such time as a protective order has been entered.

8.      Paul Hastings objects to the Subpoena to the extent it seeks documents available, upon execution of an appropriate confidentiality agreement or entry of a protective order, for inspection and copying in NorthWestern's Document Inspection Room located in New York, New York.

9.      Paul Hastings' decision to produce documents notwithstanding the objectionable nature of any particular request contained in the Subpoena should not be construed as a waiver of any or all of the objections stated herein.  Any statement herein that Paul Hastings will produce responsive documents to a particular request contained in the Subpoena is not a representation that such documents exist or are within Paul Hastings' possession, custody or control.  Rather, such a statement indicates that, to the extent Paul Hastings has responsive documents within its

ATL/1080176.1

possession, custody or control, and the production of documents is not otherwise objeted to, Paul Hastings will produce documents subject to the General Objections set forth herein.

10.    In addition to the General Objections set forth above, Paul Hastings will also state other specific objections to each Request contained in the Subpoena, where appropriate, including objections that are not generally applicable to all requests contained in the Subpoena. By setting forth each such Specific Objection, Paul Hastings does not intend to limit or restrict the General Objections set forth herein.   To the extent Paul Hastings responds to any request contained in the Subpoena to which it objects, such objections are not waived by providing information or documents pursuant to the Federal Rules of Civil Procedure or the Bankruptcy Rules.  In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

11.    Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, and no response herein shall constitute an admission respecting the relevance or admissibility into evidence of any statement or characterization contained in the Subpoena.

12.    Paul Hastings objects to the Subpoena to the extent it seeks information or documents for a time period other than September 14, 2004 through May 6, 2004 (the "Relevant Time Period"), as overly broad and not being reasonably calculated to lead to the discovery of admissible evidence.

13.    Paul Hastings' responses and objections, both General and specific, are subject to further discovery in these proceedings, and as may be appropriate, supplementation based on ongoing research and verification.

ATL/1080176.1

14.    These General Objections shall be deemed to be continuing and incorporated throughout the responses to the Subpoena of Paul Hastings that follow, even if not specifically referenced therein.  The statement of additional objections to specific requests contained in the Subpoena shall not constitute a waiver of these General Objections.

15.    Paul Hastings reserves the right to supplement, alter or amend these responses to the individual requests contained in the Subpoena as necessary or appropriate.

## RESPONSES TO DOCUMENT REQUESTS PRESENTED IN SCHEDULES A & B OF THE SUBPOENA

### SCHEDULE A

1.    The chapter 11 case of NorthWestern Corporation, including, but not limited to those issues related to or involving the Committee or either Defendant.

Response to Request No. 1:

1)    Paul Hastings objects to this Request on the grounds that "issues related to or involving the Committee or either Defendant" is overly broad, vague, and ambiguous.

2)    Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)    Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)    Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel,

ATL/1080176.1

and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)     To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

2.     Any confidential or non-public documents concerning NorthWestern Corporation provided to either Defendant.

Response to Request No. 2:

1)     Paul Hastings objects to this Request on the grounds that it is overly broad, vague, and ambiguous in its entirety. The Request fails to specify from whom any such documents would have been received by either Defendant.

2)     Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

3)     Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

4)     Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel,

- 6 -

ATL/1080176.1

and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

5)      To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

3.      Any communications concerning confidential or non-public information, documents or communications provided to or discussed with either Defendant concerning NorthWestern Corporation.

Response to Request No. 3:

1)      Paul Hastings objects to this Request as vague and ambiguous in that it is not clear whether it seeks "communications concerning confidential or non-public information" among any party or only the Defendants and whether it seeks such documents created or communicated with any party at any point in time, without limitation.

2)      Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)      Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

- 7 -

4)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)    Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)    To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

4.    Any and all documents, communications or documents relating to communications concerning, involving, or relating to Defendants, Defendants' purchases and sales of QUIPS, or Defendants' involvement with the Committee.

Response to Request No. 4:

1)    Paul Hastings objects to this Request on the grounds that "communications or documents relating to communications concerning, involving, or relating to Defendants" is overly broad, vague, and ambiguous.

2)    Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

- 8 -

3)     Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)     Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)     Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)     To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

5.     Any meetings or teleconferences concerning the Committee or the Defendants between Paul Hastings or NorthWestern Corporation and third parties, including but not limited to the Committee or the Defendants, and any materials distributed at or in preparation for such meetings or teleconferences, and any documents related to or communications concerning such meetings or teleconferences.

Response to Request No. 5:

- 9 -

1)      Paul Hastings objects to this Request on the grounds that "documents related to or communications concerning such meetings or teleconferences" is overly broad, vague, and ambiguous.

2)      Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)      Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)      Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)      Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)      To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

        Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

ATL/1080176.1

6.      Any actual or potential damages or injury suffered by the Committee, any member of the Committee, or any creditor of NorthWestern Corporation as a result of the acts or omissions alleged in the Complaint.

<u>Response to Request No. 6</u>:

1)      Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

2)      Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

3)      Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

4)      To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

        Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

7.      The compliance or lack thereof of any person subject to the Trading Order.

- 11 -

Response to Request No. 7:

1)      Paul Hastings objects to this Request on the grounds that this Request is overly broad as it requests, in part, information not pertaining to any party or issue in this proceeding and is unlimited as to time.

2)      Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)      Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)      Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)      Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)      To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

ATL/1080176.1

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

8.      The compliance or lack thereof of any person subject to the Confidentiality Agreement.

Response to Request No. 8:

1)      Paul Hastings objects to this Request on the grounds that this Request is overly broad as it requests, in part, information not pertaining to any party or issue in this proceeding and is unlimited as to time.

2)      Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)      Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)      Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)      Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)      To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP

ATL/1080176.1

in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

9.    Your knowledge of communications in this case between you and any other Person, including but not limited to NorthWestern Corporation, the Committee or any member of the Committee, concerning [sic] involving or relating to either Defendant.

Response to Request No. 9:

1)    Paul Hastings objects to this Request on that grounds that "[y]our knowledge of communications" is vague and "concerning involving or relating to either Defendant" is overly broad, unduly burdensome, and ambiguous.

2)    Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)    Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)    Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)    To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

10.    Any and all documents, communications, or documents relating to communications concerning, involving, or relating to the purchases and sales of securities of or claims against NorthWestern Corporation by the Committee or any member thereof.

Response to Request No. 10:

1)    Paul Hastings objects to this Request on that grounds that it is overly broad and unduly burdensome and requests, in part, information not pertaining to any party or issue in this proceeding and is unlimited as to time.

2)    Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)    Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

- 15 -

ATL/1080176.1

5)      Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)      To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

11.     The efforts undertaken to respond to the requests for documents set out in Schedule B to this subpoena and the contents of those responsive documents.

<u>Response to Request No. 11</u>:

1)      Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

2)      Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

3)      Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

ATL/1080176.1

4)     Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

5)     To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

## SCHEDULE B

1.     All documents relating to or referring to communications between Paul Hastings and the Defendants.

Response to Request No. 1:

1)     Paul Hastings objects to this Request on that grounds that "[a]ll documents relating to or referring to communications" is vague, overly broad, ambiguous and is unlimited as to time.

2)     Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)     Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

ATL/1080176.1

4)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)    Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)    To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

2.    All non-public, confidential documents concerning NorthWestern Corporation provided to the Defendants.

Response to Request No. 2:

1)    Paul Hastings objects to this Request on that grounds that it is overly broad, vague and ambiguous in that it does not specify from whom Defendants received such documents and is unlimited as to time.

2)    Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

- 18 -

ATL/1080176.1

3)      Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

4)      Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

5)      To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

3.      All documents relating to or referring to communications between Paul Hastings and any other party relating to the Defendants.

Response to Request No. 3:

1)      Paul Hastings objects to this Request on that grounds that it is overly broad in that it is unlimited as to time and not limited to the subject matter of this litigation.

2)      Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

ATL/1080176.1

3)       Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)       Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)       Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)       To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

      Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

4.       All documents and communications relating to the purchase or sale of the QUIPS by the Defendants.

<u>Response to Request No. 4</u>:

1)       Paul Hastings objects to this Request on that grounds that it is overly broad and vague in that it fails to specify the author of the requested documents and is unlimited as to time.

2)      Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)      Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)      Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)      Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)      To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

5.      All documents relating to and communications referring to the purchase or sale of securities of NorthWestern Corporation by members of the Committee.

Response to Request No. 5:

ATL/1080176.1

1)    Paul Hastings objects to this Request on that grounds that it is overly broad in that it seeks, in part, documents not reasonably calculated to lead to the discovery of admissible evidence.

2)    Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)    Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)    Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)    To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

ATL/1080176.1

6.    All documents relating and communications referring to the compliance or lack thereof with the Trading Order by and person [sic] subject to the Trading Order.

Response to Request No. 6:

1)    Paul Hastings objects to this Request on the grounds that this Request is overly broad as it requests, in part, information not pertaining to any party or issue in this proceeding and is unlimited as to time.

2)    Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)    Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)    Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)    To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

- 23 -

ATL/1080176.1

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

7.    All documents relating to or communications concerning the purchase or sale of any securities of NorthWestern Corporation (including, without limitation, QUIPS) by Defendants or any other creditor that NorthWestern Corporation contends resulted in injury to any creditor of NorthWestern Corporation between October 1, 2003 and present.

Response to Request No. 7:

1)    Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

2)    Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

3)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

4)    Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

5)    To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

- 24 -

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

8.     All documents relating to or communications concerning any damages or injury suffered by any creditor of NorthWestern Corporation, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

<u>Response to Interrogatory No. 8</u>:

1)     Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

2)     Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

3)     Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

4)     To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

- 25 -

ATL/1080176.1

9.    All documents relating to or communications concerning the identity of any creditor of NorthWestern Corporation that has suffered damages or injuries, which damages and injuries NorthWestern Corporation purports to allege in the Adversary Proceeding.

Response to Request No. 9:

1)    Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

2)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

3)    Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

4)    To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

10.    All documents relating to communications regarding the Confidentiality Agreement.

Response to Request No. 10:

- 26 -

ATL/1080176.1

1)    Paul Hastings objects to this Request on the grounds that this Request is overly broad as it requests, in part, information not pertaining to any party or issue in this proceeding and is unlimited as to time.

2)    Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)    Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)    Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)    To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

ATL/1080176.1

11.    All documents relating to and communications regarding the Trading Order.

<u>Response to Request No. 11</u>:

1)    Paul Hastings objects to this Request on the grounds that this Request is overly broad as it requests, in part, information not pertaining to any party or issue in this proceeding and is unlimited as to time.

2)    Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

3)    Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

4)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

5)    Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

6)    To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

ATL/1080176.1

Subject to and without waiver of the foregoing objections and General Objections, Paul Hastings states it has no non-privileged documents responsive to this Request, as all documents maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.

12.    All documents relating to and communications regarding the Magten Proposed Trading Order.

<u>Response to Request No. 12</u>:

1)    Paul Hastings further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

2)    Paul Hastings further objects to this Request to the extent it seeks information not related to the Relevant Time Period as overly broad and not calculated to lead to the discovery of admissible evidence.

3)    Paul Hastings further objects to this Request to the extent it seeks information Magten and/or their representatives and/or professional service providers have previously received as a result of Magten's appointment and seat on the Committee.

4)    Paul Hastings further objects to this Request to the extent it seeks information from Paul Hastings which may be obtained through NorthWestern, for which Paul Hastings is counsel, and/or to the extent it seeks information that is presently subject to pending discovery requests served on NorthWestern by Magten in connection with this litigation.

5)    To the extent that NorthWestern has already produced documents or made such documents available to Magten for inspection and copying, such documents may be inspected at a mutually agreeable time at the New York offices of Paul, Hastings, Janofsky, and Walker LLP in the Document Inspection Room upon execution of an appropriate confidentiality agreement or entry of a protective order.

- 29 -

Subject to and without waiver of the foregoing objections and General Objections, Paul

Hastings states it has no non-privileged documents responsive to this Request, as all documents

maintained by Paul Hastings are maintained in its role as legal advisor to NorthWestern.


/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE  19801-1115
(302) 884-6766
Attorney for defendant
Paul, Hastings, Janofsky & Walker LLP


Dated: December 28, 2004


- 30 -

## CERTIFICATE OF SERVICE

I, *Elio Battista, Jr.*, certify that I am not less than 18 years of age, and that on January 5, 2005, I caused service of the attached *Supplemental Objection of Magten Asset Management Corporation and Talton R. Embry to Motion by NorthWestern Corporation for Protective Order and Response of Magten Asset Management Corporation and Talton R. Embry to (i) Motion by Paul, Hastings, Janofsky & Walker LLP to Quash Subpoena and for Protective Order and (ii) Withdrawal of Motion by Paul, Hastings, Janofsky & Walker LLP to Quash Subpoena and for Protective Order [Adv. Dkt. Nos. 62, 64 and 66]* to be made on the parties listed below as indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

Elio Battista, Jr.


**BY HAND DELIVERY**

Scott D. Cousins, Esquire
William E. Chipman, Jr., Esquire
*Greenberg Traurig, LLP*
1000 West Street, Suite 1540
Wilmington, DE 19801

**BY FACSIMILE & 1ST CLASS MAIL**

Jesse Austin, Esquire
Karol K. Denniston, Esquire
*Paul Hastings Janofsky & Walker LLP*
600 Peachtree Road, N.E.
Atlanta, GA 30308
(404) 815-2400; (404) 815-2424

**EXHIBIT P**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (JLP) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| NORTHWESTERN CORPORATION, | : |  |
|  | : |  |
| Plaintiff, | : |  |
| v. | : | Adv. No. 04-55051 (JLP) |
|  | : |  |
| MAGTEN ASSET MANAGEMENT | : |  |
| CORPORATION, and TALTON R. EMBRY | : |  |
|  | : |  |
| Defendants. | : |  |

### MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION AND TALTON R. EMBRY FOR AN EXPEDITED TELECONFERENCE ON THE MOTION OF NORTHWESTERN CORPORATION FOR PROTECTIVE ORDER

Magten Asset Management Corporation (*"Magten"*) and Talton R. Embry (together with

Magten, the *"Defendants"*) by and through their undersigned counsel hereby move (the

*"Motion"*) this Court, pursuant to Rule 2002 of the Rules of Bankruptcy Procedure (the

*"Bankruptcy Rules"*) and Rule 9006-1(e) of the Local Rule of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the *"Local*

*Rules"*) for an order setting an expedited teleconference to hear the Motion by Debtor for

120087.01600/40148960v1

Protective Order Pursuant to Rule 7026(c) of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules of Civil Procedure (the *"NorthWestern Motion"*).[1] In support of this Motion, Defendants respectfully state as follows:

1.      On November 3, 2004, this Court entered a scheduling order (the *"Scheduling Order"*) establishing that discovery in the above-captioned adversary proceeding (the *"Adversary Proceeding"*) be concluded by January 21, 2005.   In light of this accelerated discovery schedule, in addition to document demands and interrogatories served by both parties, the Debtor has sought eight depositions, and the Defendants have noticed thirteen depositions in connection with the Adversary Proceeding.   The first deposition is scheduled to be taken by the Debtor on January 5, 2005 and by the Defendants on January 11, 2005.

2.      On December 30, 2004, the date the Debtor was scheduled to produce responsive documents in accordance with the deadline established in the Magten Document Demand, the Debtor instead filed the NorthWestern Motion in which it stated that it will not produce documents until January 10, 2004 – less than two weeks before the expiration of the discovery deadline established by this Court.   Furthermore, the NorthWestern Motion seeks to respond to the document demand by referring Defendants to a data inspection room that was established in April 2004 for the purpose of responding to various document demands served on the Debtor in connection with confirmation of the Debtor's plan.

3.      As set forth in greater detail in the objection to the NorthWestern Motion (filed contemporaneously herewith), it is essential that the Debtor provide its documents sufficiently in advance of the scheduled depositions so that the Defendants can adequately prepare for such

---

[1] Contemporaneously herewith, the Defendants have filed an objection to the NorthWestern Motion.  All capitalized terms not expressly defined herein shall have the meaning ascribed to them in that objection.

120087.01600/40148960v1

depositions. Otherwise, Defendants will be left with no choice but to depose each of the deponents twice, which will increase the time and cost for all parties involved and which will be extremely difficult, if not impossible to accomplish by the January 21 discovery cut-off. Moreover, directing the Defendants to a document inspection room created four months prior to the commencement of this Adversary Proceeding is not a good faith response and cannot be considered responsive to the discovery requests served in connection with Adversary Proceeding. This is especially true given the dramatic differences in scope and focus between the documents sought in connection with the Adversary Proceeding and those sought in connection with confirmation of Debtor's plan.

4.      In light of the accelerated discovery timeframe that is rapidly expiring and the prejudice that will be suffered by the Defendants if there is further delay in the Debtor's production of documents, the Defendants respectfully requests that this Court hold a teleconference as early as Wednesday, January 5, 2005 and no later than Friday, January 7, 2005 to rule on the issues raised in the NorthWestern Motion. The Defendants respectfully submit that there is a sufficient basis to consider the Motion on an expedited basis.

5.      Notice of this Motion is being provided to counsel for the Debtor by facsimile and regular mail. In light of the nature of the relief requested herein, Defendants submit that no other or further notice of the Motion is required.

- 3 -

**WHEREFORE**, the Defendants respectfully request entry of an order setting an expedited teleconference to rule on the issues raised by the NorthWestern Motion and granting such other relief as may be just and proper.

Dated: January 4, 2005

**BLANK ROME LLP**

Mark J. Packel (DE No. 4048)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:     (302) 425-6400
Facsimile:     (302) 425-6464

- and -

**FRIED, FRANK, HARRIS, SHRIVER &**
**JACOBSON LLP**
Bonnie Steingart
Gary L. Kaplan
One New York Plaza
New York, NY 10004
Telephone:     (212) 859-8000
Facsimile:     (212) 859-4000

Counsel for Magten Asset Management
Corporation and Talton R. Embry

- 4 -

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 03-12872 (JLP) |
| NORTHWESTERN CORPORATION,<br><br>Plaintiff,<br>v.<br><br>MAGTEN ASSET MANAGEMENT<br>CORPORATION, and TALTON R. EMBRY<br><br>Defendants. | Adv. No. 04-55051 (JLP)<br><br><br><br>Re Dkt. No. _____ |

## ORDER GRANTING EXPEDITED HEARING ON THE MOTION OF NORTHWESTERN CORPORATION FOR PROTECTIVE ORDER

Upon the Motion of Magten Asset Management Corporation and Talton R. Embry (the *"Motion"*) for an order setting an expedited teleconference to hear the Motion by Debtor for Protective Order Pursuant to Rule 7026(c) of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules of Civil Procedure (the *"NorthWestern Motion"*);

And it appearing that the Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334 and that this matter is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A);

And it appearing that there is sufficient cause to grant the relief requested; it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that a telephonic hearing on the NorthWestern Motion shall be held on January __, 2005 at _:_ _.m. (Eastern Time).

Dated: January _____, 2005

_____
HONORABLE JOHN L. PETERSON
United States Bankruptcy Court

- 2 -

## CERTIFICATE OF SERVICE

I, *Elio Battista, Jr.*, certify that I am not less than 18 years of age, and that on January 4,

2005, I caused service of the attached *Motion of Magten Asset Management Corporation and*

*Talton R. Embry for an Expedited Teleconference on the Motion of NorthWestern Corporation*

*for Protective Order* to be made on the parties listed below as indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

_____
Elio Battista, Jr.

## BY HAND DELIVERY

Scott D. Cousins, Esquire
William E. Chipman, Jr., Esquire
*Greenberg Traurig, LLP*
1000 West Street, Suite 1540
Wilmington, DE 19801

## BY FACSIMILE & 1ST CLASS MAIL

Jesse Austin, Esquire
Karol K. Denniston, Esquire
*Paul Hastings Janofsky & Walker LLP*
600 Peachtree Road, N.E.
Atlanta, GA 30308
(404) 815-2400; (404) 815-2424

120087.01600/40148963v1