IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 11 |
| NORTHWESTERN CORPORATION, | : | |
| | : | |
| Reorganized Debtor. | : | Case No. 03-12872 (KJC) |
| | : | |
| | : | |
| MAGTEN ASSET MANAGEMENT CORP. | : | |
| and TALTON R. EMBRY, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | Civil Action No. 05-548-JJF |
| | : | |
| NORTHWESTERN CORPORATION, | : | |
| | : | |
| Appellee. | : | |

Bonnie Steingart, Esquire; Gary Kaplan, Esquire and John W.
Brewer, Esquire of FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP,
New York, New York.
Dale R. Dubé, Esquire of BLANK ROME LLP, Wilmington, Delaware.

Attorneys for Appellants.

Jacques Semmelman, Esquire and Steven J. Reisman, Esquire of
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP, New York, New York.
Victoria W. Counihan, Esquire and Dennis A. Meloro, Esquire of
GREENBERG TRAURIG, LLP, Wilmington, Delaware.

Attorneys for Appellee.

**MEMORANDUM OPINION**

June 19, 2007
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is an appeal by Appellants, Magten Asset Management Corporation ("Magten") and Talton R. Embry from the June 6, 2005 Order of the United States Bankruptcy Court for the District of Delaware denying Appellants' motion for fees and expenses incurred in connection with an adversary proceeding filed by NorthWestern Corporation ("NorthWestern") against Appellants, which was later voluntarily dismissed by NorthWestern with prejudice. For the reasons discussed, the Court will affirm the Bankruptcy Court's Order.

I. PARTIES' CONTENTIONS

By their appeal, Appellants contend that the Bankruptcy Court erred in (1) failing to conclude that Appellants were prevailing parties when NorthWestern dismissed the adversary action with prejudice; (2) concluding that it lacked authority under Fed. R. Bankr. P. 7041 to grant fees and expenses, and failing to otherwise award costs under Fed. R. Bankr. P. 7054(b); (3) interpreting the Order Permitting Securities Trading Upon the Establishment of an Ethical Wall (the "Trading Order"); and (4) concluding that Appellants' fees and costs were unreasonable. Underlying Appellants' arguments is their contention that NorthWestern commenced the adversary proceeding against Appellants in bad faith.

1

In response, NorthWestern contends that the Bankruptcy Court's finding that the NorthWestern adversary proceeding was commenced in good faith and under colorable facts and rights was not clearly erroneous. NorthWestern further points out that the Bankruptcy Court assumed that Appellants were prevailing parties in the adversary proceeding, but nonetheless concluded that attorneys' fees were not warranted under the American Rule, because there was no evidence that NorthWestern acted in bad faith, vexatiously, wantonly or for oppressive reasons. NorthWestern also contends that the Bankruptcy Court correctly concluded in the alternative that the fees and expenses sought by Appellants were unreasonably high, not sufficiently documented and beyond the scope of 28 U.S.C. § 1920, which authorizes certain costs.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear appeals from the Bankruptcy Court pursuant to 28 U.S.C. §158(a). The Court reviews the Bankruptcy Court's findings of fact under a "clearly erroneous" standard, and reviews its legal conclusions de novo. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). In reviewing mixed questions of law and fact, the Court accepts the Bankruptcy Court's findings of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and

interpretation of legal precepts and its application of those precepts to the historical facts.'" <u>Mellon Bank, N.A. v. Metro Communications, Inc.</u>, 945 F.2d 635, 642 (3d Cir. 1991) (quoting <u>Universal Mineral, Inc. v. C.A. Hughes & Co.</u>, 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a <u>de novo</u> basis in the first instance. <u>Baroda Hiss Inv., Inc. v. Telegroup Inc.</u>, 281 F.3d 133, 136 (3d Cir. 2002).

**III. DISCUSSION**

Reviewing the Bankruptcy Court's decision in light of the parties' arguments and the applicable standard of review, the Court concludes that the Bankruptcy Court's decision to deny Appellants' motion for attorneys' fees and costs was not erroneous. As a threshold matter, the Court concludes that Appellants have not established that the Bankruptcy Court clearly erred in finding that the underlying adversary proceeding commenced by NorthWestern was not commenced in bad faith or for other ill-conceived purposes like fraud or harassment. In this regard, the Court agrees with the Bankruptcy Court that the underlying adversary proceeding "was filed in a good faith attempt to preserve the integrity of the operations of the Committee, the confidentiality agreements and the fiduciary obligations undertaken by Magten/Embry as members of the Committee." <u>In re</u>

3

NorthWestern Corp., 326 B.R. 519, 524 (Bankr. D. Del. 2005). NorthWestern had a reasonable basis for believing that Appellants had traded on non-public, material information; however, once NorthWestern realized that it could not determine precisely which material, non-public information Appellants were given, it voluntarily dismissed the action further evidencing its good faith. See Callaway Golf Co. v. Dunlop Slazenger, 384 F. Supp. 2d 735, 747 (D. Del. 2005).

In light of the Bankruptcy Court's findings concerning NorthWestern's motives in commencing the underlying adversary action, the Court further concludes that the Bankruptcy Court correctly determined that, even assuming that Appellants were prevailing parties, they were not entitled to attorneys' fees and costs under either the American Rule or Bankruptcy Rule 7041. As Appellants recognize the analysis under these rules converge in that both hinge on the issue of bad faith conduct and vexatious litigation. (D.I. 22 at 21). Absent such conduct, the Court cannot conclude that the Bankruptcy Court erred in denying attorneys' fees and costs. Having concluded that the Bankruptcy Court's decision to deny fees was not erroneous, the Court need not consider the Bankruptcy Court's alternative holding that the amount of fees and costs sought by Appellants was unreasonable, insufficiently documented and otherwise not compensable.

## IV. CONCLUSION

In sum, the Court will affirm the Bankruptcy Court's June 6, 2005 Order for the reasons discussed, including the reasons provided by the Bankruptcy Court in its June 5, 2005 Memorandum Opinion.

An appropriate Order will be entered.